POMERANTZ LLP
Brian Calandra
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
bcalandra@pomlaw.com

*Counsel for Court Appointed Lead
Plaintiffs Continental General
Insurance Company and Percy
Rockdale, LLC and Lead Counsel for
the Class*

[Additional counsel on signature page.]

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CONTINENTAL GENERAL INSURANCE COMPANY and PERCY ROCKDALE, LLC, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>MALLINCKRODT PLC, SIGURDUR OLAFSSON, BRYAN M. REASONS, and PAUL BISARO,<br><br>Defendants. | Case No. 3:23-cv-03662-ZNQ-JBD<br><br>SUGGESTION OF BANKRUPTCY |

Court-appointed Lead Plaintiffs Continental General Insurance Company and

Percy Rockdale, LLC (together, "Plaintiffs"), by their undersigned counsel, hereby

{00572414;1 }                                        1

inform the Court that a bankruptcy petition has been filed by one of the Defendants, Mallinckrodt PLC ("Mallinckrodt"), in the Bankruptcy Court for the District of Delaware. A copy of the petition is attached hereto as Exhibit A. Plaintiffs understand that the filing of this petition automatically stays claims against Mallinckrodt, but *only* Mallinckrodt, and this Action should proceed without delay as to non-bankrupt defendants Sigurdur Olafsson, Bryan M. Reasons, and Paul Bisaro ("Individual Defendants").

"Although the scope of the automatic stay is broad, the clear language of section 362(a) stays actions only against a 'debtor.'" *McCartney v. Integra Nat. Bank N.*, 106 F.3d 506, 509 (3d Cir. 1997); *see also Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d 816, 819 (5th Cir. 2003). "It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants." *Tchrs. Ins. & Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986).

Consequently, courts in securities fraud class actions routinely proceed with cases against non-debtors after a corporate defendant has declared bankruptcy. *See, e.g., Khoja v. Orexigen Therapeutics*, *Khoja v. Orexigen Therapeutics, Inc.*, 2021 WL 5632673, at *1 (S.D. Cal. Nov. 30, 2021) (automatic stay halted further proceedings against bankrupt debtor, "but not the remaining defendants"); *Zaller v. Fred's, Inc.*, 2019 WL 13153207, at *2 (W.D. Tenn. Sept. 13, 2019) ("While the

claims against Fred's are automatically stayed, claims against the other Defendants will proceed."); *Duncan v. Vantage Corp.*, 2019 WL 1349497, at *1 (D. Del. Mar. 26, 2019) (same); *In re Dynegy, Inc.*, 770 F.3d 1064, 1066 (2d Cir. 2014) (bankruptcy of corporate defendant "prompted an automatic stay of the securities class action in the district court as to Dynegy Inc. but not the three individual defendants."); *N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 564 B.R. 192, 194-96 (S.D.N.Y. 2016) (refusing to extend stay to non-bankrupt co-defendants); *Bruce v. Suntech Power Holdings Co.*, *Bruce v. Suntech Power Holdings Co.*, 2013 WL 6843610, at *1 (N.D. Cal. Dec. 26, 2013) ("[D]efendant Suntech filed a notice of an involuntary petition for bankruptcy resulting in an automatic stay under 11 U.S.C. § 362.  Individual defendants … are not subject to the automatic stay"); *Pub. Pension Fund Grp. v. KV Pharm. Co.*, 2013 WL 1293816, at *3 (E.D. Mo. Mar. 28, 2013); (extending stay to non-bankrupt individual defendant "was inappropriate"); *In re Globalstar Sec. Litig.*, 2004 WL 2754674, at *2 (S.D.N.Y. Dec. 1, 2004) (certifying class to proceed against individual defendant over objection that proceeding would violate automatic stay from bankruptcies of corporate defendants).

Per the stipulation previously filed by the parties in this action,

> "Within fourteen (14) days of appointment of Lead Plaintiff pursuant to 15 U.S.C. § 78u-4, counsel for Lead Plaintiff and Defendants shall meet and confer regarding scheduling and shall submit a stipulation for the Court's

{00572414;1 }                                      3

approval with the Parties' proposed schedule for the filing of an amended complaint (if any) and the filing of any motion to dismiss and related briefing."

ECF No. 5. This Court appointed Lead Plaintiffs on September 20, 2023. When Lead Counsel proposed a briefing schedule to the Individual Defendants' counsel on September 27, 2023, however, that counsel responded that Mallinckrodt intended to "file a motion before the bankruptcy court to extend the stay to the three individual defendants." As set forth above, however, the automatic stay in Mallinckrodt's bankruptcy does not apply to the Individual Defendants and courts routinely allow securities fraud claims, like those Plaintiffs assert in this action, to proceed when a corporate defendant seeks bankruptcy protection.

Further, Mallinckrodt's desire to move before the bankruptcy court, which is located in another district, *i.e.*, the District of Delaware,[1] is clearly an attempt to avoid this Court's jurisdiction, given that "[t]he court in which the litigation claimed to be stayed is pending," *i.e.*, this Court, "has jurisdiction to determine not only its own jurisdiction but also the more precise question whether the proceeding pending before it is subject to the automatic stay." *Brock v. Morysville Body Works, Inc.*, 829 F.2d 383, 387 (3d Cir. 1987); *United States v. Delfasco, Inc.*, 409 B.R. 704, 708 (D. Del. 2009) (same).

Accordingly, Lead Plaintiff recognizes that this action will be stayed as to

---

[1] *See In re Mallinckrodt PLC*, *et al.*, Case No. 23-11258 (JTD) (Bankr. D. Del.).

Defendant Mallinckrodt PLC, but should proceed as to all other Defendants, and this Court should reject any attempt by the Individual Defendants to stay this Action at to the Individual Defendants.

Dated:  September 29, 2023           Respectfully submitted,

POMERANTZ LLP

*/s/ Brian Calandra*

Brian Calandra
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
bcalandra@pomlaw.com
jalieberman@pomlaw.com

*Counsel for Plaintiffs Continental General Insurance Company and Percy Rockdale, LLC and Proposed Lead Counsel for the Class*

DJS LAW GROUP LLP
David J. Schwartz
274 White Plains Road, Suite 1
Eastchester, New York 10709
Telephone: (914) 206-9742
david@djslawllp.com

*Additional Counsel for Plaintiffs Continental General Insurance Company and Percy Rockdale, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2023, I electronically filed the foregoing *Suggestion of Bankruptcy* with the Clerk of Court using the CM/ECF system, which will send notification of such to all CM/ECF participants.

POMERANTZ LLP

*/s/ Brian Calandra*
Brian Calandra
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
bcalandra@pomlaw.com