# EXHIBIT A

Debtor    Mallinckrodt plc             Case number *(if known)* _____
         Name

---

| Fill in this information to identify the case: |
|---|

United States Bankruptcy Court for the:

**District of Delaware**

                (State)

Case number *(if known)*: _____    Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

*If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, Instructions for Bankruptcy Forms for Non-Individuals, is available.*

| | | |
|---|---|---|
| 1. | **Debtor's Name** | Mallinckrodt plc |
| 2. | **All other names debtor used in the last 8 years** | **N/A** |
| | Include any assumed names, trade names, and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 98-1088325 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **College Business & Technology Park** | **675 McDonnell Blvd.** |
| Number       Street | Number       Street |
| **Cruiserath Road, Blanchardstown** | |
| **Dublin 15, Ireland** | **Hazelwood**    **Missouri**    **63042** |
| City      State     Zip Code | City      State    Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| | Number       Street |
| County | |
| | City      State    Zip Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | www.mallinckrodt.com |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

---

| Debtor | Mallinckrodt plc | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes .
**3254 (Pharmaceutical and Medicine Manufacturing)**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11**. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☒ A plan is being filed with this petition.

☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☐ No
☒ Yes

| District | **District of Delaware** | When | **10/12/2020** MM/DD/YYYY | Case number | **20-12522** |
|---|---|---|---|---|---|
| District | | When | MM/DD/YYYY | Case number | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes

| Debtor | **See Attached Rider 1** | Relationship | **Affiliate** |
|---|---|---|---|
| District | **District of Delaware** | When: | **Contemporaneously** MM / DD / YYYY |

Case number, if known _____

| Official Form 201 | Voluntary Petition for Non-Individuals Filing for Bankruptcy | page 2 |

| Debtor | Mallinckrodt plc | Case number *(if known)* | |
|--------|------------------|--------------------------|--|
| | Name | | |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number          Street

_____
City                    State    Zip Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

| | Statistical and administrative information |
|--|-------------------------------------------|

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors***

***Consolidated for all Debtors.**

| | | |
|--|--|--|
| ☐1-49 | ☐1,000-5,000 | ☐25,001-50,000 |
| ☐50-99 | ☐5,001-10,000 | ☐50,001-100,000 |
| ☐100-199 | ☒10,001-25,000 | ☐More than 100,000 |
| ☐200-999 | | |

**15. Estimated assets***

***Consolidated for all Debtors.[1]**

| | | |
|--|--|--|
| ☐$0-$50,000 | ☐$1,000,001-$10 million | ☐$500,000,001-$1 billion |
| ☐$50,001-$100,000 | ☐$10,000,001-$50 million | ☒$1,000,000,001-$10 billion |
| ☐$100,001-$500,000 | ☐$50,000,001-$100 million | ☐$10,000,000,001-$50 billion |
| ☐$500,001-$1 million | ☐$100,000,001-$500 million | ☐More than $50 billion |

**16. Estimated liabilities***

| | | |
|--|--|--|
| ☐$0-$50,000 | ☐$1,000,001-$10 million | ☐$500,000,001-$1 billion |
| ☐$50,001-$100,000 | ☐$10,000,001-$50 million | ☒$1,000,000,001-$10 billion |

[1] The estimated consolidated assets for all Debtors can be found on the most recent 10-Q filing for Mallinckrodt plc, which can be found at https://mallinckrodt.gcs-web.com/node/30136/html.

| Debtor | Mallinckrodt plc | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

| **\*Consolidated for all Debtors.**[2] | ☐$100,001-$500,000 | ☐$50,000,001-$100 million | ☐$10,000,000,001-$50 billion |
|---|---|---|---|
| | ☐$500,001-$1 million | ☐$100,000,001-$500 million | ☐More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __08/28/2023__
MM/ DD / YYYY

**✗** ___/s/ Bryan M. Reasons___     **Bryan M. Reasons**
Signature of authorized representative of debtor     Printed name

Title __**Authorized Signatory**__

**18. Signature of attorney**

**✗** ___/s/ Michael J. Merchant___     Date __08/28/2023__
Signature of attorney for debtor     MM/DD/YYYY

**Michael J. Merchant**

**Richards, Layton & Finger, P.A.**
Firm name

**920 North King Street**
Number          Street

**Wilmington**          **DE**     **19801**
City          State     ZIP Code

**(302) 651-7700**          **merchant@rlf.com**
Contact phone          Email address

**DE No. 3854**          **Delaware**
Bar number          State

[2] The estimated consolidated liabilities for all Debtors can be found on the most recent 10-Q filing for Mallinckrodt plc, which can be found at https://mallinckrodt.gcs-web.com/node/30136/html.

**Rider 1**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "***Debtors***") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. Contemporaneously with the filing of their voluntary petitions, the Debtors are filing a motion with the Court requesting that their chapter 11 cases be consolidated for procedural purposes only and jointly administered.

| Entity Name | Federal Employee Identification Number (EIN) |
|---|---|
| Mallinckrodt plc | 98-1088325 |
| Acthar IP Unlimited Company | 98-1219747 |
| IMC Exploration Company | 74-1856768 |
| Infacare Pharmaceutical Corporation | 31-1807488 |
| INO Therapeutics LLC | 47-0931456 |
| Ludlow LLC | 04-2614539 |
| MAK LLC | 82-3297479 |
| Mallinckrodt APAP LLC | 47-2085115 |
| Mallinckrodt ARD Finance LLC | 82-3638933 |
| Mallinckrodt ARD Holdings Inc. | 47-2402827 |
| Mallinckrodt ARD Holdings Limited | 98-1190042 |
| Mallinckrodt ARD IP Unlimited Company | 98-1273238 |
| Mallinckrodt ARD LLC | 33-0476164 |
| Mallinckrodt Brand Pharmaceuticals LLC | 90-0136080 |
| Mallinckrodt Buckingham Unlimited Company | UK Tax ID 7891923224 |
| Mallinckrodt CB LLC | 83-1878651 |
| Mallinckrodt Critical Care Finance LLC | 47-5172425 |
| Mallinckrodt Enterprises Holdings, Inc. | 94-3160456 |
| Mallinckrodt Enterprises LLC | 36-4679061 |
| Mallinckrodt Enterprises UK Limited | 98-1190911 |
| Mallinckrodt Equinox Finance LLC | 32-0542730 |
| Mallinckrodt Hospital Products Inc. | 41-2142317 |
| Mallinckrodt Hospital Products IP Unlimited Company | 98-1273300 |
| Mallinckrodt International Finance S.A. | 98-1094609 |
| Mallinckrodt International Holdings S.à r.l. | 98-1272203 |
| Mallinckrodt IP Unlimited Company | 98-1190770 |
| Mallinckrodt LLC | 43-1479062 |
| Mallinckrodt Lux IP S.à r.l. | 98-1190722 |
| Mallinckrodt Manufacturing LLC | 47-5172075 |
| Mallinckrodt Pharma IP Trading Unlimited Company | 98-1272335 |

| Entity Name | Federal Employee Identification Number (EIN) |
|---|---|
| Mallinckrodt Pharmaceuticals Ireland Limited | 98-1217693 |
| Mallinckrodt Pharmaceuticals Limited | 98-1274182 |
| Mallinckrodt Quincy S.à r.l. | 98-1191395 |
| Mallinckrodt UK Finance LLP | 98-1274193 |
| Mallinckrodt UK Ltd | 98-1240542 |
| Mallinckrodt US Holdings LLC | 32-0408865 |
| Mallinckrodt US Pool LLC | 90-0937192 |
| Mallinckrodt Veterinary, Inc. | 36-3480465 |
| Mallinckrodt Windsor Ireland Finance Unlimited Company | Irish Tax ID 3347922OH |
| Mallinckrodt Windsor S.à r.l. | 98-1286736 |
| MCCH LLC | 32-0541022 |
| MEH, Inc. | 65-0952696 |
| MHP Finance LLC | 47-5176059 |
| MKG Medical UK Ltd | 98-1241288 |
| MNK 2011 LLC | 80-0739865 |
| MUSHI UK Holdings Limited | 98-1190248 |
| Ocera Therapeutics, Inc. | 63-1192270 |
| Petten Holdings Inc. | 83-3441641 |
| SpecGx Holdings LLC | 84-3594520 |
| SpecGx LLC | 81-4463153 |
| ST Operations LLC | 84-4597158 |
| ST Shared Services LLC | 84-3727053 |
| ST US Holdings LLC | 20-5950462 |
| ST US Pool LLC | 84-4591199 |
| Stratatech Corporation | 39-2025292 |
| Sucampo Holdings Inc. | 85-2745451 |
| Sucampo Pharma Americas LLC | 13-3929237 |
| Sucampo Pharmaceuticals LLC | 30-0520478 |
| Therakos, Inc. | 22-2575957 |
| Vtesse LLC | 47-1075596 |
| WebsterGx Holdco LLC | 85-0505835 |

**Prior Bankruptcy Case Filed by the Debtor That Remains Pending**

On October 12, 2020, the entity listed below filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. The case is pending before the Honorable John T. Dorsey.

| Company | Case Number |
|---|---|
| Mallinckrodt plc | 20-12522 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MALLINCKRODT PLC, | Case No. 23-_____ (___) |
| Debtor. | Tax ID: 98-1088325 |

**Attachment to Voluntary Petition for Non-Individuals Filing for**
**Bankruptcy under Chapter 11**

1.      If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is 001-35803.

2.      The following financial data is the latest available information and refers to the debtor's condition on June 30, 2023.

     a.      Total assets                    $5,106,900,000

     b.      Total debts (including debts listed in 2.c., below)     $3,512,000,000

     c.      Debt securities held by more than 500 holders:

| Debt Security | Secured/Unsecured/Subordinated | Amount ($) | Approximate Number of Holders |
|---|---|---|---|
| First Lien Senior Secured Notes due 2025 | Secured | $495,032,000 | 178<br>CUSIP: 561233AG2<br>CUSIP: L6233LAF3 |
| First Lien Senior Secured Notes due 2028 | Secured | $650,000,000 | 168<br>CUSIP: 561233AM9<br>CUSIP: L6233LAJ5 |
| Second Lien Senior Secured Notes due 2025 | Secured | $321,900,000 | 121<br>CUSIP: 561233AH0<br>CUSIP: L6233LAG1 |
| Second Lien Senior Secured Notes due 2029 | Secured | $328,300,000 | 347<br>CUSIP: 561233AK3<br>CUSIP: L6233LAH9 |

     d.      Number of shares of preferred stock        0[3]

     e.      Number of shares of common stock        13,289,180[4]

---

[3]      500,000,000 preferred shares are authorized, but none are issued or outstanding.

[4]      40,000 ordinary A shares are also authorized, but none are issued or outstanding.

3. Brief description of the debtor's business: Mallinckrodt plc is global business consisting of multiple wholly owned subsidiaries that develop, manufacture, market and distribute specialty pharmaceutical products and therapies. Areas of focus include autoimmune and rare diseases in specialty areas like neurology, rheumatology, nephrology, pulmonology and ophthalmology; immunotherapy and neonatal respiratory critical care therapies; analgesics and gastrointestinal products.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

| Name | Percent of Voting Securities Owned[5] |
|---|---|
| Alta Fundamental Advisers LLC | 14.80% |
| FFI III S.a.r.l. | 11.22% |
| Bracebridge Capital, LLC | 15.44% |
| Continental Insurance Group, Ltd. | 6.70% |
| Continental General Insurance Company | 6.70% |
| Continental General Holdings LLC | 6.70% |
| Michael Gorzynski | 9.70% |
| Millstreet Capital Management LLC | 7.89% |
| Brian D. Connolly | 7.89% |
| Craig M. Kelleher | 7.89% |
| Sculptor Capital LP | 5.27% |
| Sculptor Capital II LP | 5.27% |
| Sculptor Capital Management, Inc. | 5.27% |
| Sculptor Capital Holding II LLC | 5.27% |
| Sculptor Capital Holding Corp. | 5.27% |
| Hudson Bay Capital Management LP | 8.00% |
| Sander Gerber | 8.00% |
| JPMorgan Chase & Co. | 8.10% |

---

[5] The Debtors obtained the percentages of voting securities owned from the most recent publicly-available information but cannot be certain that holdings changed immediately prior to the Petition Date.

**MALLINCKRODT PLC**

**Meeting of the Board of Directors**

A meeting of the Board of Directors (the "***Board***") of Mallinckrodt plc (the "***Company***") was held by videocall on August 27, 2023, pursuant to notice duly given in accordance with the Company's Articles of Association. The meeting commenced at 3.02 p.m. Irish time.

The following directors were present at the commencement of the meeting:

Paul M. Bisaro, Chairman

Sigurdur (Siggi) O. Olafsson

James R. Sulat

Riad H. El-Dada

Susan Silbermann

Neal P. Goldman

Karen L. Ling

Woodrow (Woody) A. Myers, Jr., M.D.

Daniel A. Celentano

This represented a majority of the members of the Board and thus constituted a quorum. Present at this time were also the following members of management at the invitation of the Board: Bryan Reasons, Executive Vice President and Chief Financial Officer; Mark Tyndall, Executive Vice President, Chief Legal Officer and Corporate Secretary; Daniel Speciale, Senior Vice President, Global Corporate Controller and Chief Investor Relations Officer; Matt Peters, Chief Tax Officer and Corporate Treasurer; Jason Goodson, Executive Vice President and Head of Corporate Development.

Mr. Bisaro presided at the meeting and Mr. Tyndall recorded the minutes.

*Approval of Bankruptcy Filing*

**WHEREAS**, the Board has reviewed and analyzed the materials presented by management and the outside financial and legal and other advisors of the Company and certain of its direct and indirect subsidiaries (together with the Company, the "***Companies***"), regarding the financial condition, capital structure, liquidity position, business model and projections, short-term and long-term prospects of the Company, the restructuring and other strategic alternatives available to it, and the impact of the foregoing on the Company's business;

**WHEREAS**, the Board has consulted with the management and financial and legal advisors of the Company and has considered fully each of the strategic alternatives available to the Company;

**WHEREAS**, the Board has determined that it is desirable and in the best interests of the Company, its creditors, employees and other stakeholders generally that the Company file a petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***"); and

**BE IT RESOLVED**, that the Company is hereby authorized to file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of the Bankruptcy Code (the "***Chapter 11 Case***").

**BE IT FURTHER RESOLVED**, that the Chief Executive Officer, the Chief Commercial Officer, the Chief Financial Officer, the Chief Legal Officer, the Principal Accounting Officer, Controller, any President, any Executive Vice President, any Senior Vice President or any other officer of the Company (collectively, the "*Authorized Officers*") be, and each of them acting alone hereby is, authorized to execute and verify such petition of the Company in the name of the Company under chapter 11 of the Bankruptcy Code and to cause the same to be filed with the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*"), in such form and at such time as the Authorized Officer executing such petition shall determine.

**BE IT FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized to execute and file, or cause to be filed (or direct others to do so on their behalf as provided herein) with the Bankruptcy Court, on behalf of the Company, all petitions, affidavits, schedules, motions, lists, applications, pleadings, and other necessary papers or documents, including any amendments thereto, and, in connection therewith, to employ and retain all assistance by legal counsel, financial advisors, accountants, or other professionals and to take any and all actions that they deem necessary or proper to obtain such chapter 11 bankruptcy relief, and to take any necessary steps to coordinate and effectuate the Chapter 11 Case.

**BE IT FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized, directed, and empowered, with full power of delegation, on behalf of and in the name of the Company, to execute, verify, and/or file, or cause to be filed and/or executed or verified (or direct others to do so on their behalf as provided herein), and to amend, supplement, or otherwise modify from time to time, all necessary or appropriate documents, whether under hand or under seal in accordance with the Companies Act 2014, and where applicable, the Company's Constitution, including, without limitation, petitions, affidavits, schedules, motions, lists, applications, deeds, pleadings, and other documents, agreements, and papers, including any and all loan agreements, documents, notes, guaranties, security agreements, pledge agreements, and all other documents, agreements, deeds or instruments as may be deemed necessary or appropriate by such Authorized Officer, and to take any and all actions, including the grant of new liens and payment of adequate protection amounts, that such Authorized Officer deems necessary or appropriate, each in connection with the Chapter 11 Case, any usage of cash collateral and other collateral under the Company's secured credit facilities contemplated hereby or thereby.

### *Cash Collateral & Debtor-In-Possession Financing*

**WHEREAS,** it will be necessary for the DIP Borrowers (as defined below) and the Mallinckrodt plc group of companies (the "*Group*") as a whole to obtain debtor-in-possession financing to allow the Group to continue operating and to facilitate their reorganisation while the Company, amongst others, is under the protection of the Bankruptcy Court pursuant to Chapter 11 of the Bankruptcy Code.

**WHEREAS,** the Company will obtain benefits from (a) the procurement of postpetition financing and it is thus advisable and in the best interest of the Company to enter into the DIP Financing Documents (as defined below) to which it is a party and (b) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "*Cash Collateral*"), which is security for the Group's (being the Company and its subsidiaries, direct and indirect) prepetition secured creditors (collectively, the "*Secured Creditors*") under the Group's secured credit facilities; and

**BE IT RESOLVED,** that in connection with the Chapter 11 Case, the Authorized Officers have determined that it is in the best interests of the Company and the Group as a whole (and necessary to conduct the business of the Company and the Group as a whole) to consummate the transactions under that certain multi-draw $250,000,000 super-priority senior secured debtor-in-possession term loan credit facility to be evidenced by that certain Senior Secured Debtor-In-Possession Credit Agreement, by and among, (i) the Company, (ii) Mallinckrodt International Finance S.A., a public limited liability company (société anonyme) incorporated under the laws of the Grand Duchy of Luxembourg, (iii) Mallinckrodt CB LLC, a Delaware limited liability company as borrowers (the entities set forth in clauses (ii) and (iii), collectively, the "**DIP Borrowers**"), (iv) the lenders from time to time party thereto, (v) Acquiom Agency Services LLC as co-administrative agent and collateral agent, and (vi) Seaport Loan Products LLC, as co-administrative agent (together with the exhibits and schedules annexed thereto, the "**DIP Credit Agreement**"), and otherwise satisfy certain conditions in connection therewith, on terms and conditions substantially similar to those set forth in the form of DIP Credit Agreement provided to the Authorized Officers of the Company (with such changes as may be approved pursuant to the delegation set forth herein), subject to approval by the Bankruptcy Court (the "**DIP Financing**" and the obligations in respect thereof, the "**DIP Obligations**");

**BE IT FURTHER RESOLVED,** that the Authorized Officers be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company to approve the form, terms, and provisions of the DIP Credit Agreement, including the use of proceeds to provide liquidity for the Group throughout the Chapter 11 Case and such other uses as described in the DIP Credit Agreement and any and all guarantees, security agreements, pledge agreements, reaffirmations, promissory notes, fee letters (including relating to the backstop and fronting fees to be paid in connection with the DIP Financing), escrow agreements, deeds, letters, notices, certificates, documents, and instruments authorized, executed, delivered, reaffirmed, verified, and filed, registered, or recorded in connection with the DIP Financing (collectively, and together with the Security and Guarantee Documents (as defined below), the "**DIP Financing Documents**") or that may be necessary, appropriate, desirable, or advisable in connection with the DIP Credit Agreement and the transactions contemplated thereby or otherwise contemplated by the DIP Credit Agreement or by any such other DIP Financing Document;

**BE IT FURTHER RESOLVED**, that any Authorized Officers in each case, acting alone or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, record, and perform the obligations arising under, the DIP Credit Agreement and any other DIP Financing Document, together with such other documents, agreements, deeds, instruments, and certificates as may be required by the DIP Credit Agreement and any other DIP Financing Document, in accordance with the terms thereof;

**BE IT FURTHER RESOLVED**, that the giving of guaranties by the Company in respect of the DIP Obligations and the granting of liens and security interests on any and all assets of the Company to secure the DIP Obligations is hereby approved, including the entry into by the Company of security documents in connection with the DIP Financing including any debenture providing for fixed and floating security over certain of the assets in the Company and any share charge in respect of any shares held by the Company in the Companies (collectively the **Security**

*and Guarantee Documents*");

**BE IT FURTHER RESOLVED**, that the Authorized Officers be, in each case, acting alone or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to execute (whether under hand or under seal in accordance with the Act, and where applicable, the Company's Constitution) and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, joinders and extensions of the DIP Credit Agreement and any other DIP Financing Document and any related documents or instruments which shall, in such Authorized Officer's sole judgment, be necessary, proper, or advisable;

**BE IT FURTHER RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to seek authorization to incur the DIP Obligations and to seek approval of the use of Cash Collateral pursuant to a post-petition financing order in interim and final form, and any Authorized Officer be, and hereby is, authorized, empowered, and directed to negotiate, execute (whether under hand or under seal in accordance with the Act, and where applicable, the Company's Constitution), and deliver any and all agreements, deeds, instruments, or documents, by or on behalf of the Company, necessary to implement the DIP Financing, including providing for adequate protection to the Secured Creditors in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Credit Agreement and the use of Cash Collateral in connection with the Chapter 11 Case, which agreements may require the Company to grant adequate protection and liens to the Company's Secured Creditors and each other agreement, deed, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Officer approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof.

**WHEREAS,** the Company will be required to provide a certificate under hand by the secretary or any director of the Company certifying certain information about the Company including, inter alia, details of directors and the secretary of the Company, its corporate status and other such matters more specifically set out therein (the "***Officer's Certificate***").

**WHEREAS,** it is proposed that the Company grant a power of attorney to the Authorized Officers (each an "***Attorney***", and collectively the "***Attorneys***") to act as attorney for and on behalf of the Company authorizing each such Attorney acting alone, in the name of, and on behalf of, the Company, to negotiate the terms of, amend and execute the DIP Financing Documents (the "***Power of Attorney***").

**BE IT FURTHER RESOLVED** that the form of the Power of Attorney be and is hereby approved and any Authorized Officer be, and each of them hereby is, authorized to execute the Power of Attorney under hand;

**BE IT FURTHER RESOLVED** that the form of the Officer's Certificate be and is hereby approved and the secretary or any director of the Company be, and each of them hereby is, authorized to execute the Officer's Certificate under hand;

*Retention of Professionals*

**BE IT RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to employ the law firm of Latham & Watkins LLP to represent and advise the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings, in connection with the Chapter 11 Case, and each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Case, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Latham & Watkins LLP.

**BE IT FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to employ the law firm of Richards, Layton & Finger, PA to represent and advise the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in connection with the Chapter 11 Case, and each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Case, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Richards, Layton & Finger, PA.

**BE IT FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to employ the law firm of Wachtell, Lipton, Rosen & Katz to represent and advise the Companies on corporate, finance and tax matters, and to continue assisting the Companies with respect to particular litigation matters on which it has represented certain Companies, and to take any and all actions to advance the Company's rights and obligations in connection with corporate, finance and tax matters and such litigation matters, and each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Case, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Wachtell, Lipton, Rosen & Katz.

**BE IT FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to employ the law firm of Arthur Cox LLP to represent and advise the Companies with respect to Irish law matters regarding the Chapter 11 Case and with respect to the examinership proceedings to be commenced by the directors of the Company or any other of the Companies under the laws of Ireland (the "*Irish Examinership Proceedings*"), and to take any and all actions to advance the Companies' rights and obligations, including filing any pleadings, in connection with the Irish Examinership Proceedings, and each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Irish Examinership Proceedings, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Arthur Cox LLP.

**BE IT FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to employ the firm of Guggenheim Securities, LLC, as investment banker and financial advisor, to represent and assist

the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in connection with the Chapter 11 Case, and each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Case, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Guggenheim Securities, LLC.

**BE IT FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to employ the firm of AlixPartners, LLP, as restructuring advisor, to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in connection with the Chapter 11 Case, and each of the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Case, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of AlixPartners, LLP.

**BE IT FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to employ the firm of Kroll Restructuring Administration LLC, as claims, noticing, soliciting, and balloting agent, to assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in connection with the Chapter 11 Case, and each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Case, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Kroll Restructuring Administration LLC.

**BE IT FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to employ any other professionals necessary to assist the Companies in carrying out their duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Case and cause to be filed appropriate applications with the Bankruptcy Court for authority to retain the services of any other professionals, as necessary.

### *General Implementation Authority*

**BE IT RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Officer to seek relief on behalf of the Company under chapter 11 of the Bankruptcy Code or in connection with the Chapter 11 Case in connection with such proceedings, or any matter related thereof, be, and hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company.

**BE IT FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company and each of its direct and indirect subsidiaries (collectively, the "***Mallinckrodt Parties***") to take any action, as in the judgment of such Authorized Officer shall be or become

necessary, proper, and desirable to put into effect the purposes of the foregoing resolutions and the transactions contemplated by these resolutions.

**BE IT FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute (whether under hand or under seal in accordance with the Companies Act 2014, and where applicable, the Company's Constitution), deliver, certify, file, and/or record and perform such agreements, instruments, deeds, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates, or other documents, to incur all such fees and expenses and to take such other action, as in the judgment of such Authorized Officer shall be or become necessary, proper and desirable to prosecute to a successful completion of the Chapter 11 Case, and to carry out and put into effect the purposes of the foregoing resolutions and the transactions contemplated by these resolutions.

**BE IT FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized and empowered, with full power of delegation, for and in the name and on behalf of the Company to amend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, deeds or other writings referred to in the foregoing resolutions.

**BE IT FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized and empowered, with full power of delegation, for and in the name and on behalf of the Mallinckrodt Parties, to execute and authorize and take such other actions that are deemed necessary and advisable, with respect to any documents, certificates, instruments, agreements, deeds or other writings referred to in the foregoing resolutions.

**BE IT FURTHER RESOLVED**, that all acts, actions, and transactions that are consistent with the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company.

**BE IT FURTHER RESOLVED**, that the company secretary of the Company and any of the Company's counsel, as applicable, be and are hereby authorised and directed to make all necessary and appropriate entries in the books and registers of the Company and to arrange for all necessary forms, notices and documents in connection with the matters referred to above to be completed and filed with any filing or recording office in the world, as applicable.

**BE IT FURTHER RESOLVED**, that any facsimile or other electronic signature of a member of the Board to these resolutions shall be fully effective as an original signature hereto.

[*Signature Page Follows*]

* * *

The foregoing is a true record of the proceedings described herein and has been reviewed and approved by the Board, which gave authority to the undersigned to so authenticate.

Paul M. Bisaro, Chairman

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MALLINCKRODT PLC, | ) Case No. 23-_____ (___) |
| | ) |
| Debtor. | ) Tax ID: 98-1088325 |
| | ) |
| | ) |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Fed. R. Bankr. P. 1007(a)(1) and Fed. R. Bankr. P. 7007, Mallinckrodt plc respectfully represents:

1.    Mallinckrodt plc is a publicly traded corporation.

2.    No corporation owns 10% or more of any class of Mallinckrodt plc's equity interests.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| MALLINCKRODT PLC, | ) Case No. 23-_____ (___) |
|  | ) |
| Debtor. | ) Tax ID: 98-1088325 |
|  | ) |
|  | ) |

## LIST OF EQUITY SECURITY HOLDERS[1]

The following is a list of the above-captioned debtor's equity security holders. This list has been prepared in accordance with Fed. R. Bankr. P. 1007(a)(3) for filing in this chapter 11 case.

| Equity Holder | Address | Ownership[2] |
|---|---|---|
| Alta Fundamental Advisers LLC | 1500 Broadway, Suite 704, New York, NY 10036 | 14.80% |
| FFI III S.a.r.l. | 888 Boylston Street, Suite 1500, Boston, MA 02199 | 11.22% |
| Bracebridge Capital, LLC | 888 Boylston Street, Suite 1500, Boston, MA 02199 | 15.44% |
| Continental Insurance Group, Ltd. | 11001 Lakeline Blvd., Suite 120, Austin, TX 78717 | 6.70% |
| Continental General Insurance Company | 11001 Lakeline Blvd., Suite 120, Austin, TX 78717 | 6.70% |
| Continental General Holdings LLC | 11001 Lakeline Blvd., Suite 120, Austin, TX 78717 | 6.70% |
| Michael Gorzynski | 595 Madison Avenue, 30th Floor, New York, NY 10022 | 9.70% |
| Millstreet Capital Management LLC | c/o Millstreet Capital Management LLC, 545 Boylston Street, 8th Floor, Boston, MA | 7.89% |
| Brian D. Connolly | c/o Millstreet Capital Management LLC, 545 Boylston Street, 8th Floor, Boston, MA | 7.89% |
| Craig M. Kelleher | c/o Millstreet Capital | 7.89% |

---

[1] Mallinckrodt plc does not and cannot know the precise holdings or identify of the holders of its publicly traded common stock. Thus, Mallinckrodt plc is listing the holders of 5% or more of its publicly traded common stock.

[2] The Debtors obtained the percentages of equity security holders from the most recent publicly-available information but cannot be certain that holdings changed immediately prior to the Petition Date.

| | Management LLC, 545 Boylston Street, 8th Floor, Boston, MA | |
| --- | --- | --- |
| Sculptor Capital LP | 9 West 57th Street, 39th Floor, New York, NY 10019 | 5.27% |
| Sculptor Capital II LP | 9 West 57th Street, 39th Floor, New York, NY 10019 | 5.27% |
| Sculptor Capital Management, Inc. | 9 West 57th Street, 39th Floor, New York, NY 10019 | 5.27% |
| Sculptor Capital Holding II LLC | 9 West 57th Street, 39th Floor, New York, NY 10019 | 5.27% |
| Sculptor Capital Holding Corp. | 9 West 57th Street, 39th Floor, New York, NY 10019 | 5.27% |
| Hudson Bay Capital Management LP | 28 Havemeyer Place, 2nd Floor, Greenwich, CT 06830 | 8.00% |
| Sander Gerber | 28 Havemeyer Place, 2nd Floor, Greenwich, CT 06830 | 8.00% |
| JPMorgan Chase & Co. | 383 Madison Avenue New York, NY 10179 | 8.10% |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| MALLINCKRODT PLC, *et al.*, | ) Case No. 23- _____ (__) |
|  | ) |
| Debtors.[1] | ) (Joint Administration Requested) |
|  | ) |

**CONSOLIDATED LIST OF CREDITORS
HOLDING 50 LARGEST UNSECURED CLAIMS**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C §§ 101-1532 (the "**Bankruptcy Code**"). Pursuant to Federal Rule of Bankruptcy Procedure 1007(d), the following is a consolidated list of the Debtors' creditors holding the fifty (50) largest unsecured claims (the "**Creditor List**") based on the Debtors' unaudited books and records as of August 21, 2023.

The Creditor List does not include (i) persons that come within the definition of "insider" set forth in 11 U.S.C. § 101(31) or (ii) secured creditors, unless the value of such creditors' collateral is such that the unsecured deficiency places the creditor among the holders of the 50 largest unsecured claims.

The information contained herein shall not constitute an admission of liability by, nor is it binding on, the Debtors. Moreover, nothing herein shall affect the Debtors' rights to challenge the amount or characterization of any claim at a later date. The failure to list a claim as contingent, unliquidated, or disputed does not constitute a waiver of the Debtors' rights to contest the validity, priority, and/or amount of any such claim at a later date.

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/mallinckrodt2023. The Debtors' mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

Fill in this information to identify the case:

Debtor name: Mallinckrodt plc, et al.

United States Bankruptcy Court for the: District of Delaware

Case number (If known): _____

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor | Complete mailing address, and employee, agents, or department familiar with claim | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | CENTERS FOR MEDICARE & MEDICAID SERVICES (CMS) <br><br> ATTORNEY OF RECORD: U.S. DEPARTMENT OF JUSTICE CIVIL DIVISION, FEDERAL PROGRAMS BRANCH | 7500 SECURITY BOULEVARD BALTIMORE, MD 21244 <br><br> 1100 L STREET, NW WASHINGTON, DC 20005 | KEVIN MATTHEW SNELL PH: (202) 305-0924 KEVIN.SNELL@USDOJ.GOV | CMS/DOJ/STATE SETTLEMENT AGREEMENT | CONTINGENT | | | $230,000,000.00 |
| 2 | COTTER CORPORATION | C/O JENNER & BLOCK LLP 353 N. CLARK ST CHICAGO, IL 60654 | CATHERINE STEEGE PH: (312) 222-9350 CSTEEGE@JENNER.COM | ENVIRONMENTAL CLAIM | CONTINGENT UNLIQUIDATED DISPUTED | | | UNLIQUIDATED |
| 3 | MALLINCKRODT GENERAL UNSECURED CLAIMS TRUST | HEATHER BARLOW, SOLELY IN HER CAPACITY AS GENERAL UNSECURED CLAIMS TRUSTEE C/O ROBINSON & COLE LLP 1201 N. MARKET ST, SUITE 1406 WILMINGTON, DE 19801 | JAMIE EDMONSON PH: (302) 516-1700 JEDMONSON@RC.COM | CONTRACT CLAIM | CONTINGENT | | | $20,000,000.00(1) |
| 4 | CALIFORNIA DEPARTMENT OF HEALTH SERVICES | DHCS / PHARMACY BENEFIT DIVISION 1501 CAPITOL AVENUE, MS 4604 SACRAMENTO, CA 95814 | LINH LE PH: 916-345-8563 LINH.LE1@DHCS.CA.GOV | MEDICAID REBATE ACCRUALS | | | | $14,454,817.00 |
| 5 | AMERISOURCEBERGEN CORPORATION | PO BOX 247 THOROFARE, NJ 08086 | JENN DOYLE PH: (856) 384-2120 | THIRD-PARTY REBATE ACCRUALS | | | | $7,753,088.00 |
| 6 | WALGREENS BOOTS ALLIANCE | 108 WILMOT ROAD DEERFIELD, IL 60015 | RENE GIMENEZ PH: N/A GENERICS.RECONCILIATION@WBADEV.COM | THIRD-PARTY REBATE ACCRUALS | | | | $7,084,886.00 |
| 7 | CVS CAREMARK | 1950 NORTH STEMMONS FREEWAY, SUITE 5010 DALLAS, TX 75207 | NEAL ALLEN BAKER PH: (480) 361-4600 | THIRD-PARTY REBATE ACCRUALS | | | | $6,963,363.00 |
| 8 | FLORIDA AGENCY FOR HEALTH CARE ADMINISTRATION | 2727 MAHAN DRIVE TALLAHASSEE, FL 32308 | ANA ARISTIZABAL PH: 850-412-4080 ANA.ARISTIZABAL@AHCA.MYFLORIDA.COM | MEDICAID REBATE ACCRUALS | | | | $6,872,362.00 |
| 9 | ZINC HEALTH SERVICES | 1950 NORTH STEMMONS FREEWAY, SUITE 5010 DALLAS, TX 75207 | NEAL ALLEN BAKER PH: (480) 361-4600 | THIRD-PARTY REBATE ACCRUALS | | | | $5,923,914.00 |
| 10 | ASCENT HEALTH SERVICES | SCHAFFHAUSEN LIPO PARK, INDUSTRIESTRASSE 2 SCHAFFHAUSEN 08207 SWITZERLAND | JOHN ROBERT PH: N/A JOHN.ROBERT@EXPRESS-SCRIPTS.COM | THIRD-PARTY REBATE ACCRUALS | | | | $5,814,629.00 |
| 11 | NEW YORK STATE DEPARTMENT OF HEALTH | 15 CORNELL ROAD, SUITE 2201 LATHAM, NY 12110 | COURTNEY SUTTLES PH: 518-220-3811 SUTTLESC@MAGELLANHEALTH.COM | MEDICAID REBATE ACCRUALS | | | | $4,588,662.00 |
| 12 | CARDINAL HEALTH | PO BOX 641231 PITTSBURGH, PA 15264 | GRACE HIPOL PH: N/A GRACE.HIPOL@CARDINALHEALTH.COM | THIRD-PARTY REBATE ACCRUALS | | | | $3,821,833.00 |
| 13 | BONDALTI CHEMICALS S.A. | RUA DO AMONIACO PORTUGUES #10 QUNINTA DA INDUSTRIA ESTARREJA 3860-680 PORTUGAL | NUNO PACHECO PH: (351) 481-0300 NUNO.PACHECO@CUF-QI.PT | TRADE VENDOR | | | | $3,768,119.99 |
| 14 | MICHIGAN DHHS | 400 S. PINE ST LANSING, MI 48933 | MICHAEL MELVIN PH: 517-242-8784 MELVINM3@MICHIGAN.GOV | MEDICAID REBATE ACCRUALS | | | | $3,582,002.00 |
| 15 | KENTUCKY STATE TREASURER | 11013 WEST BROAD STREET, SUITE 500 GLEN ALLEN, VA 23060 | TAMMY A. SLINKER PH: 804-921-9090 TASLINKER@MAGELLANHEALTH.COM | MEDICAID REBATE ACCRUALS | | | | $3,323,079.00 |
| 16 | STATE OF TENNESSEE - TENNCARE | 310 GREAT CIRCLE ROAD NASHVILLE, TN 37228 | TONI CHAVIS PH: 615-507-6363 TONI.CHAVIS@TN.GOV | MEDICAID REBATE ACCRUALS | | | | $2,841,328.00 |
| 17 | MCKESSON CORPORATION | 6555 N. STATE HIGHWAY 161 IRVING, TX 75039 | JAYME SMITH PH: (972) 969-9435 | THIRD-PARTY REBATE ACCRUALS | | | | $2,790,140.00 |
| 18 | NC DIVISION OF HEALTH BENEFITS | 11013 WEST BROAD STREET, SUITE 500 GLEN ALLEN, VA 23060 | CHENISE STEPHENS PH: 804-548-0336 CRSTEPHENS@MAGELLANHEALTH.COM | MEDICAID REBATE ACCRUALS | | | | $2,774,755.00 |
| 19 | UNITED BIOSOURCE LLC (UBC) | PO BOX 75828 BALTIMORE, MD 21275 | JOHN KILEY PH: (816) 421-6400 JOHN.KILEY@UBC.COM | TRADE VENDOR | | | | $2,664,073.56 |
| 20 | PATHEON | 5900 MARTIN LUTHER KING JR HWY GREENVILLE, NC 27834 | JUSTIN VALDEZ PH: (252) 214-5760 JUSTIN.VALDEZ@THERMOFISHER.COM | TRADE VENDOR | | | | $2,232,478.92 |

| | Name of creditor | Complete mailing address, and employee, agents, or department familiar with claim | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|---|
| 21 | SUN PHARMACEUTICAL INDUSTRIES | 1061 MOUNTAIN HIGHWAY ABN 47 100 162 481 BORONIA VICTORIA 3155 AUSTRALIA | VENKATESHAN RANGACHARI PH: +44 (0) 7932177283 VENKATESHAN.RANGACHARI@SUNPHARMA.COM | TRADE VENDOR | | | | $2,044,216.47 |
| 22 | TANNER INDUSTRIES INC | PO BOX 536300 PITTSBURGH, PA 15253 | THOMAS HEARN PH: (800) 643-6226 THEARN@TANNERIND.COM | TRADE VENDOR | | | | $2,022,741.54 |
| 23 | ARKANSAS DMS PHARMACY PROGRAM | 11013 WEST BROAD STREET, SUITE 500 GLEN ALLEN, VA 23060 | DAVID PINKSTON PH: 804-548-0382 DWPINKSTON@MAGELLANHEALTH.COM | MEDICAID REBATE ACCRUALS | | | | $1,971,132.00 |
| 24 | TEXAS HEALTH & HUMAN SERVICES COMMISSION | PO BOX 8520, MAIL CODE 2250 4900 N. LAMAR AUSTIN, TX 78708 | LINDA BRUMBLE PH: 512-428-1996 LINDA.BRUMBLE@HHSC.STATE.TX.US | MEDICAID REBATE ACCRUALS | | | | $1,938,985.00 |
| 25 | HUMANA INC | 500 WEST MAIN ST LOUISVILLE, KY 40202 | LEE GROVES PH: 502-580-9792 LGROVES@HUMANA.COM | THIRD-PARTY REBATE ACCRUALS | | | | $1,541,977.00 |
| 26 | LOUISIANA DEPARTMENT OF HEALTH & HOSPITALS | 15 CORNELL ROAD, SUITE 2201 LATHAM, NY 12110 | DAVID HASSOUN PH: 518-220-3879 HASSOUND@MAGELLANHEALTH.COM | MEDICAID REBATE ACCRUALS | | | | $1,468,058.00 |
| 27 | WOLSELEY INDUSTRIAL GROUP | PO BOX 644054 PITTSBURGH, PA 15264 | ANGELA CHAPA PH: (317) 408-9160 ANGELA.CHAPA@FERGUSON.COM | TRADE VENDOR | SUBJECT TO SETOFF | | | $1,444,165.80 |
| 28 | IDAHO HEALTH AND WELFARE | 4300 COX ROAD GLEN ALLEN, VA 23060 | WENDY MOODY PH: 804-935-4975 WLMOODY@MAGELLANHEALTH.COM | MEDICAID REBATE ACCRUALS | | | | $1,371,387.00 |
| 29 | OKLAHOMA HEALTH CARE AUTHORITY | 4345 N. LINCOLN BLVD OKLAHOMA CITY, OK 73105 | BRYON PERDUE PH: 405-522-7031 BRYON.PERDUE@OKHCA.ORG | MEDICAID REBATE ACCRUALS | | | | $1,370,461.00 |
| 30 | GREIF BROS | PO BOX 88879 CHICAGO, IL 60695 | DARRELL TRACHSEL PH: (636) 233-2290 DARRELL.TRACHSEL@GREIF.COM | TRADE VENDOR | | | | $1,359,582.39 |
| 31 | PUERTO RICO MEDICAID PROGRAM | CALLE ALDA 1549 SECTOR EL CINCO SAN JUAN, PR 00919 | CARMEN RODRIGUEZ PH: 787-474-3300 CLETICIA@ASESPR.ORG | MEDICAID REBATE ACCRUALS | | | | $1,347,064.00 |
| 32 | CLARUSONE SOURCING SERVICES LLP | 10-12 RUSSELL SQUARE LONDON WC1B 5EH UNITED KINGDOM | GILLIAN MURPHY AR@CLARUSONESOURCING.COM | THIRD-PARTY REBATE ACCRUALS | | | | $1,322,916.00 |
| 33 | INDIANA FAMILY & SOCIAL SERVICE ADMIN. | 150 WEST MARKET STREET SUITE 300 INDIANAPOLIS, IN 46204 | MARTHA BLAIR PH: 317-504-8560 MARTHA.BLAIR@FSSA.IN.GOV | MEDICAID REBATE ACCRUALS | | | | $1,317,985.00 |
| 34 | OHIO DEPARTMENT OF MEDICAID | 45 COMMERCE DRIVE SUITE 5 AUGUSTA, ME 04332 | SHARI MARTIN PH: 207-622-7153 SMARTIN@CHANGEHEALTHCARE.COM | MEDICAID REBATE ACCRUALS | | | | $1,303,800.00 |
| 35 | OPTUMRX | 2300 MAIN STREET IRVINE, CA 92614 | ERIC GOLDSTEIN PH: (860) 251-5059 EGOLDSTEIN@GOODWIN.COM | THIRD-PARTY REBATE ACCRUALS | | | | $1,235,624.00 |
| 36 | ALABAMA MEDICAID AGENCY | 301 TECHNACENTER DR MONTGOMERY, AL 36117 | HEATHER VEGA PH: 334-353-4592 HEATHER.VEGA@MEDICAID.ALABAMA.GOV | MEDICAID REBATE ACCRUALS | | | | $1,232,638.00 |
| 37 | MIKART | 1750 CHATTAHOOCHEE AVE ATLANTA, GA 30318 | LOUIS WEBER PH: (404) 425-7409 LWEBER@MIKART.COM | TRADE VENDOR | | | | $1,221,448.80 |
| 38 | MISSISSIPPI DIVISION OF MEDICAID | 385B HIGHLAND COLONY PARKWAY SUITE 300 RIDGELAND, MS 39157 | KATHERINE THOMAS PH: 601-206-2900 KATHERINE.THOMAS@CONDUENT.COM | MEDICAID REBATE ACCRUALS | | | | $1,203,508.00 |
| 39 | PIRAMAL CRITICAL CARE | 3950 SCHELDEN CIRCLE BETHLEHEM, PA 18017 | SEURGAI KADAN PH: (610) 974-9760 | TRADE VENDOR | | | | $1,189,870.77 |
| 40 | GEORGIA DEPT OF COMMUNITY HEALTH | 11013 WEST BROAD STREET, SUITE 500 GLEN ALLEN, VA 23060 | JENNIFER MCCRAY PH: 518-220-3829 MCCRAYJ@MAGELLANHEALTH.COM | MEDICAID REBATE ACCRUALS | | | | $1,170,077.00 |
| 41 | EXPRESS SCRIPTS | 6625 WEST 78TH ST BLOOMINGTON, MN 55439 | DREW PATTERSON PH: 314-684-7683 DMPATTERSON@EXPRESS-SCRIPTS.COM | THIRD-PARTY REBATE ACCRUALS | | | | $1,110,880.00 |
| 42 | EXTRACTAS BIOSCIENCE | AUSTRALIA NEW ZEALAND BANKING GRP LTC ACCT 340638 MELBOURNE, VICTORIA 2013 AUSTRALIA | ROSS MURDOCH PH: (61) 3-6393-5202 ROSS.MURDOCH@EXTRACTAS.COM.AU | TRADE VENDOR | | | | $1,096,758.25 |
| 43 | SYNEOS HEALTH CONSULTING | PO BOX 80368 RALEIGH, NC 27623 | JOHN OLEFSON PH: (984) 459-4747 CONSULTING.AR@INVENTIVHEALTH.COM | TRADE VENDOR | | | | $1,023,304.09 |
| 44 | SOURCE HEALTHCARE ANALYTICS | PO BOX 207578 DALLAS, TX 75320 | NATALIA GARCIA PH: (866) 467-4648 NATALIA.GARCIA2@ICONPLC.COM | TRADE VENDOR | | | | $1,019,072.72 |
| 45 | PITTSBURG TANK AND TOWER CO | PO BOX 517 HENDERSON, KY 42419 | MICHAEL ROBITZSCH PH: (251) 442-0111 MCR@PTTG.COM | TRADE VENDOR | | | | $984,668.75 |
| 46 | W.R. GRACE AND CO. | 16335 COLLECTIONS CENTER DR CHICAGO, IL 60693 | BRIAN GRAVES PH: (650) 438 8870 BRIAN.GRAVES@GRACE.COM | TRADE VENDOR | | | | $919,212.00 |
| 47 | SENDERRA RX PARTNERS | 9330 LYNDON B JOHNSON FWY DALLAS, TX 75243 | BOB WILBURN PH: (214) 446-9405 BOB.WILBURN@SENDERRARX.COM | TRADE VENDOR | | | | $895,593.00 |

| | Name of creditor | Complete mailing address, and employee, agents, or department familiar with claim | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br><br>if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 48 | PA DEPT. OF HUMAN SERVICES | PO BOX 780634 PHILADELPHIA, PA 19178 | BRITTANY STARR PH: (717) 346-8164 C-BSTARR@PA.GOV | MEDICAID REBATE ACCRUALS | | | | $853,481.00 |
| 49 | CAPGEMINI AMERICA | 012663 COLLECTION CENTER DR CHICAGO, IL 60693 | MICHELE PESANELLO PH: (201) 238-1139 MICHELE.PESANELLO@CAPGEMINI.COM | TRADE VENDOR | | | | $796,167.95 |
| 50 | ARIZONA - AHCCCS | 11013 WEST BROAD STREET, SUITE 500 GLEN ALLEN, VA 23060 | JENNIFER MCCRAY PH: 518-220-3829 MCCRAYJ@MAGELLANHEALTH.COM | MEDICAID REBATE ACCRUALS | | | | $794,662.00 |

(1) Amount listed reflects the face amount of the relevant contingent payment obligation under the Debtors' 2022 chapter 11 plan and is without prejudice to any party's rights as to the allowable amount of such claim, if any.

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name **Mallinckrodt plc** | |
| United States Bankruptcy Court for the: | **District of Delaware** |
| | (State) |
| Case number (If known): | |
| | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors 　　　12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### ▮　Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐　Schedule A/B: Assets-Real and Personal Property *(Official Form 206A/B)*

☐　Schedule D: Creditors Who Have Claims Secured by Property *(Official Form 206D)*

☐　Schedule E/F: Creditors Who Have Unsecured Claims *(Official Form 206E/F)*

☐　Schedule G: Executory Contracts and Unexpired Leases *(Official Form 206G)*

☐　Schedule H: Codebtors *(Official Form 206H)*

☐　Summary of Assets and Liabilities for Non-Individuals *(Official Form 206Sum)*

☐　Amended Schedule _____

☒　Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☒　Other document that requires a declaration　**List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 　**08/28/2023**　　　　　**X** */s/Bryan M. Reasons*
　　　　　　　　　　　　　　　　　　　Signature of individual signing on behalf of debtor

　　　　　　　　　　　　　　　　　　　**Bryan M. Reasons**
　　　　　　　　　　　　　　　　　　　Printed name

　　　　　　　　　　　　　　　　　　　**Authorized Signatory**
　　　　　　　　　　　　　　　　　　　Position or relationship to debtor

Official Form 202　　　　　　　Declaration Under Penalty of Perjury for Non-Individual Debtors