# EXHIBIT 22

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MALLINCKRODT PLC, *et al.*, | ) Case No. 20-12522 (JTD) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) |

## MODIFIED FOURTH AMENDED JOINT PLAN OF REORGANIZATION (WITH TECHNICAL MODIFICATIONS) OF MALLINCKRODT PLC AND ITS DEBTOR AFFILIATES UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Amanda R. Steele (No. 5530)
Brendan J. Schlauch (No. 6115)
**RICHARDS, LAYTON & FINGER, P.A.**
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: collins@rlf.com
merchant@rlf.com
steele@rlf.com
schlauch@rlf.com

- and -

George A. Davis (admitted *pro hac vice*)
George Klidonas (admitted *pro hac vice*)
Andrew Sorkin (admitted *pro hac vice*)
Anupama Yerramalli (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: george.davis@lw.com
george.klidonas@lw.com
andrew.sorkin@lw.com
anu.yerramalli@lw.com

- and -

Jeffrey E. Bjork (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, California 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Email: jeff.bjork@lw.com

- and -

Jason B. Gott (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Email: jason.gott@lw.com

*Counsel to the Debtors and Debtors in Possession*

Dated: June 6, 2022

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://restructuring.primeclerk.com/Mallinckrodt. The Debtors' mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

US-DOCS\125467085.68RLF1 27454742v.2

**TABLE OF CONTENTS**

**Page**

Article I. DEFINED TERMS AND RULES OF INTERPRETATION..................................................1
    A.    Defined Terms ............................................................................................1
    B.    Rules of Interpretation ............................................................................50
    C.    Consent Rights of Supporting Parties .....................................................51
    D.    Consent Rights of Official Committee of Opioid-Related Claimants and Future Claimants' Representative ........................................................51
    E.    Consent Rights of Official Committee of Unsecured Creditors...............51
    F.    Consent Rights of Ad Hoc Second Lien Notes Group ..............................51

Article II. ADMINISTRATIVE CLAIMS, PRIORITY TAX CLAIMS, OTHER PRIORITY CLAIMS, AND UNITED STATES TRUSTEE STATUTORY FEES...........52
    A.    Administrative Claims ............................................................................52
    B.    Priority Tax Claims.................................................................................54
    C.    Other Priority Claims .............................................................................54
    D.    United States Trustee Statutory Fees ......................................................55

Article III. CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS...........................55
    A.    Classification of Claims..........................................................................55
    B.    Treatment of Claims and Interests ..........................................................57
    C.    Acceptance or Rejection of the Plan .......................................................74
    D.    Confirmation Pursuant to Section 1129(a)(10) of the Bankruptcy Code ........................................75
    E.    Subordinated Claims...............................................................................75
    F.    Special Provision Governing Unimpaired Claims ...................................75
    G.    Vacant and Abstaining Classes ...............................................................75
    H.    Intercompany Interests and Intercompany Claims...................................76
    I.    New Credit Facilities ..............................................................................76

Article IV. MEANS FOR IMPLEMENTATION OF THE PLAN...........................................................76
    A.    General Settlement of Claims and Interests .............................................76
    B.    Restructuring Transactions ......................................................................76
    C.    Corporate Existence ................................................................................77
    D.    Vesting of Assets in the Reorganized Debtors.........................................77
    E.    Indemnification Provisions in Organizational Documents........................78
    F.    Cancellation of Notes, Instruments, Certificates, Agreements, and Equity Interests.....................78
    G.    Sources for Plan Distributions and Transfers of Funds Among Debtors .......................................79
    H.    New Credit Facilities, New Takeback Term Loans, Takeback Second Lien Notes, Cram-Down First Lien Notes, and New Second Lien Notes ..................80
    I.    Reorganized Debtors' Ownership ...........................................................84
    J.    Exemption from Registration Requirements............................................85
    K.    Organizational Documents......................................................................86
    L.    Exemption from Certain Transfer Taxes and Recording Fees ..................86
    M.    Directors and Officers of the Reorganized Debtors .................................86
    N.    Directors and Officers Insurance Policies...............................................87
    O.    Preservation of Rights of Action.............................................................88
    P.    Corporate Action.....................................................................................88
    Q.    Effectuating Documents; Further Transactions.......................................89
    R.    Listing of New Mallinckrodt Ordinary Shares........................................89
    S.    Payment of Fees and Expenses of the Supporting Parties and Indenture Trustee Fees...................89
    T.    Creation of the Opioid MDT II ...............................................................90
    U.    Appointment and Obligations of Opioid MDT II Trustee(s) ....................91
    V.    Settlements of Opioid Claims .................................................................92
    W.    Transfers of Property to and Assumption of Certain Liabilities by the Opioid MDT II .................93
    X.    Opioid Creditor Trusts and Settlements of Opioid Claims .......................98
    Y.    Administration of Opioid Claims...........................................................105

Z.      Authority of the Debtors ...................................................................................... 107
AA.     Industry-Wide Document Disclosure Program ................................................... 107
BB.     Monitor .............................................................................................................. 110
CC.     Trade Claimant Agreements .............................................................................. 112
DD.     Federal/State Acthar Settlement ........................................................................ 112
EE.     Retainers of Ordinary Course Professionals ...................................................... 112
FF.     No Substantive Consolidation ............................................................................ 112
GG.     No Claims Under First Lien Notes/Second Lien Notes Intercreditor Agreement ......................... 112
HH.     General Unsecured Claims Trust ....................................................................... 113
II.     Asbestos Trust .................................................................................................... 117
JJ.     Other Terms of Settlement With Official Committee of Unsecured Creditors ............................ 119

Article V. TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES;
        EMPLOYEE BENEFITS; AND INSURANCE POLICIES ................................................ 120
A.      Assumption of Executory Contracts and Unexpired Leases ................................. 120
B.      Cure of Defaults for Assumed Executory Contracts and Unexpired Leases .............. 121
C.      Claims Based on Rejection of Executory Contracts and Unexpired Leases ................ 121
D.      Contracts and Leases Entered into After the Petition Date .................................... 122
E.      Reservation of Rights ......................................................................................... 122
F.      Indemnification Provisions and Reimbursement Obligations .................................. 122
G.      Co-Defendant Contracts ..................................................................................... 122
H.      Employee Compensation and Benefits ................................................................. 124

Article VI. PROVISIONS GOVERNING DISTRIBUTIONS .......................................................... 124
A.      Distribution on Account of Claims Other than Opioid Claims Allowed as of the
        Effective Date .................................................................................................... 124
B.      Distributions on Account of Claims Other than Opioid Claims Allowed After the
        Effective Date .................................................................................................... 125
C.      Timing and Calculation of Amounts to Be Distributed ......................................... 125
D.      Delivery of Distributions .................................................................................... 125
E.      Compliance with Tax Requirements/Allocations .................................................. 129
F.      Applicability of Insurance Contracts Other than Opioid Insurance Policies ............. 129
G.      Distributions on Account of Opioid Claims .......................................................... 130
H.      Allocation of Distributions Between Principal and Interest .................................... 130
I.      Postpetition Interest on Claims ........................................................................... 130

Article VII. PROCEDURES FOR RESOLVING CONTINGENT, UNLIQUIDATED, AND
        DISPUTED CLAIMS .......................................................................................... 131
A.      Allowance and Disallowance of Claims Other than Opioid Claims ........................ 131
B.      Prosecution of Objections to Claims other than Opioid Claims .............................. 131
C.      Estimation of Claims and Interests other than Opioid Claims ................................ 131
D.      No Distributions Pending Allowance ................................................................... 132
E.      Time to File Objections to Administrative Claims ................................................ 132
F.      Procedures Regarding Opioid Claims .................................................................. 132
G.      No Filing of Proofs of Claim for Opioid Claims or VI Opioid Claims .................... 132
H.      Distributions After Allowance ............................................................................ 133
I.      Disallowance of Certain First Lien Credit Agreement Claims, First Lien Notes
        Claims, and Second Lien Notes Claims. .............................................................. 133

Article VIII. CONDITIONS PRECEDENT TO THE EFFECTIVE DATE ........................................... 134
A.      Conditions Precedent to the Effective Date .......................................................... 134
B.      Waiver of Conditions by Supporting Parties, the Official Committee of Opioid-
        Related Claimants, the Future Claimants' Representative, the Official Committee of
        Unsecured Creditors, and the Ad Hoc Second Lien Notes Group ........................... 136
C.      Effect of Non-Occurrence of Conditions to the Effective Date ............................... 137
D.      Substantial Consummation .................................................................................. 137

Article IX. RELEASE, INJUNCTION, AND RELATED PROVISIONS ............................................. 137

ii

A.   Discharge of Claims, Opioid Demands, and Interests; Compromise and Settlement of
     Claims, Opioid Demands, and Interests. .........................................................................137
**B.   Releases by the Debtors** ...............................................................................................**138**
**C.   Releases by Non-Debtor Releasing Parties Other Than Opioid Claimants** ...........**140**
**D.   Releases by Holders of Opioid Claims**.........................................................................**142**
**E.   Release of Opioid Claimants** .......................................................................................**144**
**F.   Exculpation**....................................................................................................................**146**
**G.   Permanent Injunction**..................................................................................................**147**
**H.   Opioid Permanent Channeling Injunction** ................................................................**147**
**I.   Opioid Insurer Injunction**...........................................................................................**148**
**J.   Settling Opioid Insurer Injunction**.............................................................................**150**
K.   Opioid Operating Injunction .........................................................................................151
L.   Setoffs and Recoupment ................................................................................................151
**M.   Access to Opioid Insurance Policies** ..........................................................................**151**
N.   Co-Defendant Defensive Rights ....................................................................................152

Article X. RETENTION OF JURISDICTION..................................................................................152

Article XI. MODIFICATION, REVOCATION, OR WITHDRAWAL OF PLAN .................................155
A.   Modification of Plan ......................................................................................................155
B.   Effect of Confirmation on Modifications.......................................................................156
C.   Revocation of Plan; Reservation of Rights if Effective Date Does Not Occur .............156

Article XII. MISCELLANEOUS PROVISIONS.................................................................................156
A.   Immediate Binding Effect...............................................................................................156
B.   Additional Documents ....................................................................................................156
C.   Payment of Statutory Fees .............................................................................................157
D.   Reservation of Rights......................................................................................................157
E.   Successors and Assigns...................................................................................................157
F.   No Successor Liability ....................................................................................................157
G.   Service of Documents .....................................................................................................157
H.   Term of Injunctions or Stays..........................................................................................160
I.   Entire Agreement ............................................................................................................160
J.   Governing Law ...............................................................................................................160
K.   Exhibits ...........................................................................................................................160
L.   Nonseverability of Plan Provisions upon Confirmation................................................160
M.   Closing of Chapter 11 Cases .........................................................................................161
N.   Conflicts..........................................................................................................................161
O.   Section 1125(e) Good Faith Compliance .......................................................................161
P.   Dissolution of Committees..............................................................................................161
Q.   Special Provisions for United States ..............................................................................162

US-DOCS\125467085.68RLF1 27454742v.2

**FOURTH AMENDED JOINT PLAN OF REORGANIZATION
(WITH TECHNICAL MODIFICATIONS) OF MALLINCKRODT PLC AND ITS
<u>DEBTOR AFFILIATES UNDER CHAPTER 11 OF THE BANKRUPTCY CODE</u>**

Mallinckrodt plc and each of the debtors and debtors-in-possession in the above-captioned cases (each a "***Debtor***" and, collectively, the "***Debtors***") propose this Plan (as defined herein) for the treatment and resolution of the outstanding Claims against, and Equity Interests in, the Debtors. Capitalized terms used in the Plan and not otherwise defined have the meanings ascribed to such terms in Article I.A of the Plan.

Although proposed jointly for administrative purposes, the Plan constitutes a separate Plan for each Debtor for the treatment and resolution of outstanding Claims and Interests pursuant to the Bankruptcy Code. The Debtors seek to consummate the Restructuring Transactions on the Effective Date of the Plan. Each Debtor is a proponent of the Plan within the meaning of section 1129 of the Bankruptcy Code. The classifications of Claims and Interests set forth in Article III of the Plan shall be deemed to apply separately with respect to each Plan proposed by each Debtor, as applicable. The Plan does not contemplate substantive consolidation of any of the Debtors.

Reference is made to the Disclosure Statement for a discussion of the Debtors' history, businesses, results of operations, historical financial information, projections, and future operations, as well as a summary and analysis of the Plan and certain related matters, including distributions to be made under the Plan.

**ALL HOLDERS OF CLAIMS AND INTERESTS ENTITLED TO VOTE ON THE PLAN ARE ENCOURAGED TO READ THE PLAN AND THE DISCLOSURE STATEMENT IN THEIR ENTIRETY BEFORE VOTING TO ACCEPT OR REJECT THE PLAN.**

**Article I.**

**DEFINED TERMS AND RULES OF INTERPRETATION**

A.      *Defined Terms*

The following terms shall have the following meanings when used in capitalized form herein:

1.      "***1992 Ludlow Debentures Indenture***" means that certain Indenture, dated as of April 30, 1992, by and among Ludlow Corporation, as issuer, U.S. Bank Trust National Association (as successor in interest to Security Pacific National Trust Company (New York)), as trustee, as supplemented by that certain First Supplemental Indenture, dated as of April 30, 1992, with U.S. Bank National Trust Association (as successor in interest to Security Pacific National Trust Company (New York)) (each as modified, amended, or supplemented from time to time).

2.      "***1993 Ludlow Debentures Indenture***" means that certain Indenture, dated as of April 30, 1992, by and among Ludlow Corporation, as issuer, U.S. Bank Trust National Association (as successor in interest to Security Pacific National Trust Company (New York)), as trustee, as supplemented by that certain Second Supplemental Indenture, dated as of March 8, 1993, with U.S. Bank National Trust Association (as successor in interest to BankAmerica National Trust Company) (each as modified, amended, or supplemented from time to time).

3.      "***2013 Notes Indenture***" means that certain Indenture, dated as of April 11, 2013, by and among Mallinckrodt International Finance S.A., as issuer, the guarantors party thereto from time to time and U.S. Bank National Association, as trustee (as modified, amended, or supplemented from time to time).

Trust Expenses, of (1)(a) primary counsel to the Guaranteed Unsecured Notes Ad Hoc Group, Paul, Weiss, Rifkind, Wharton & Garrison LLP, (b) Delaware counsel to the Guaranteed Unsecured Notes Ad Hoc Group, Landis Rath & Cobb LLP (c) Irish counsel to the Guaranteed Unsecured Notes Ad Hoc Group, Matheson LLP, (d) regulatory counsel to the Guaranteed Unsecured Notes Ad Hoc Group, Reed Smith LLP, (e) financial advisor to the Guaranteed Unsecured Notes Ad Hoc Group, Perella Weinberg Partners LP, (f) one Canadian counsel to the Guaranteed Unsecured Notes Ad Hoc Group, (g) such other legal, consulting, financial, and/or other professional advisors to which the Guaranteed Unsecured Notes Ad Hoc Group and the Debtors shall reasonably agree from time to time, (h) primary counsel to the Governmental Plaintiff Ad Hoc Committee, Gilbert LLP, Kramer Levin Naftalis & Frankel LLP, and Brown Rudnick LLP, (i) Delaware counsel to the Governmental Plaintiff Ad Hoc Committee, Morris James LLP, (j) Irish counsel to the Governmental Plaintiff Ad Hoc Committee, William Fry, (k) investment banker to the Governmental Plaintiff Ad Hoc Committee, Houlihan Lokey, Inc., (l) special consultant to the Governmental Plaintiff Ad Hoc Committee, Dr. Fred Hyde, (m) such other legal, consulting, financial, and/or other professional advisors to which the Governmental Plaintiff Ad Hoc Committee and the Debtors shall reasonably agree from time to time, (n) primary counsel to the MSGE Group Caplin & Drysdale, Chartered, (o) Delaware counsel to the MSGE Group, Seitz, Van Ogtrop & Green, P.A. (p) financial advisor to the MSGE Group, FTI Consulting, and (q) such other legal, consulting, financial, and/or other professional advisors to which the MSGE Group and the Debtors shall reasonably agree from time to time, in each case, in accordance with the terms of the applicable engagement letters, if any, and subject to a good-faith, non-binding budget to be submitted by each applicable professional to the Debtors prior to the Effective Date, which budget shall be reasonably acceptable to such professional and the Debtors; and (2) the professionals entitled to the payment of such fees and out of pocket expenses pursuant to the Cash Collateral Order (including the advisors to the First Lien Agent, the Ad Hoc First Lien Term Lender Group, the Ad Hoc Second Lien Notes Group, and the Ad Hoc Revolving Loan Participants Group (as defined in the Cash Collateral Order), in each case, subject to any applicable caps set forth in the Cash Collateral Order).

337. "**_Prepayment Option_**" means the right to prepay, in full or in part, the Opioid Deferred Cash Payments, at any time on or prior to the day that is eighteen (18) months after the Effective Date, at (a) for full prepayments (with no prior prepayments having been made) as of the end of each of the 18 months after the Effective Date, the prepayment cost set forth on **Annex A** hereto or (b) to the extent a prepayment is partial, is made following an earlier prepayment, or occurs other than at the end of a month, a price equal to the present value of the amounts to be prepaid, at the date of prepayment, discounted at the discount rate that would be required for (i)(A) the present value of the then-remaining scheduled Opioid Deferred Cash Payments at the prepayment date (without giving effect to any prior prepayments), excluding the payment due on the eighth anniversary of the Effective Date, plus (B) $450,000,000 to equal (ii)(A) the present value of the payments that would have been remaining under the Original Payment Schedule at the prepayment date (excluding the initial $300,000,000 payment provided for in the Original Payment Schedule and any other payments that would have been made by such date, but without giving effect to any prior prepayments), discounted at a discount rate of 12% per annum, _plus_ (B) $300,000,000. For the purposes of the Prepayment Option, months shall be calculated starting from the Effective Date, not calendar months.

338. "**_Priority Tax Claim_**" means any Claim of a Governmental Unit of the kind specified in section 507(a)(8) of the Bankruptcy Code.

339. "**_Private Opioid Creditor Trusts_**" means the Third-Party Payor Trust, the PI Trust, the NAS Monitoring Trust, the Emergency Room Physicians Trust, and the Hospital Trust.

340. "**_Private Opioid Creditor Trust Deductions and Holdbacks_**" means, collectively or as applicable, the following deductions and holdbacks from distributions from the Private Opioid Creditor Trusts pursuant to the Opioid Creditor Trust Documents: (i) the deduction of Opioid Creditor Trust

37