**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

CONTINENTAL GENERAL INSURANCE
COMPANY and PERCY ROCKDALE, LLC,
Individually and on Behalf of All Others
Similarly Situated,

Plaintiffs,

v.

SIGURDUR OLAFSSON, BRYAN M.
REASONS, and PAUL BISARO,

Defendants.

Case No. 3:23-cv-03662-ZNQ-JBD

---

**ANSWER**

Defendants Sigurdur Olafsson, Bryan M. Reasons, and Paul Bisaro (collectively, "Defendants"), respectfully submit their Answer, Affirmative Defenses, and Demand for Jury Trial in response to the Consolidated Class Action Complaint (the "Amended Complaint"), dated December 26, 2023, filed by Lead Plaintiffs Continental General Insurance Company and Percy Rockdale, LLC (collectively, "Plaintiffs").[1]

**DEFENDANTS' PRELIMINARY STATEMENT**

The following matters are incorporated by reference into Defendants' responses to each paragraph of the Amended Complaint.

A.    Except as otherwise expressly stated herein, Defendants expressly deny each and every allegation contained in the Amended Complaint, including without limitation any

---

[1] For ease of reference, capitalized terms not defined herein shall have the meaning attributed to them in the Amended Complaint, but Defendants deny any characterization of the underlying documents or information.

1

allegations contained in the subparagraphs, headings, and subheadings of the Amended Complaint. To the extent that the titles, headings, subheadings, and paragraphs of the Amended Complaint are intended to be allegations directed to Defendants, they are, unless otherwise admitted, denied.

B.    Defendants reserve the right to seek to amend and supplement their Answer as may be appropriate or necessary.

C.    Defendants specifically answer each paragraph of Plaintiffs' Amended Complaint, using the same headings and numbering used in the Amended Complaint, as follows:

## NATURE OF THE ACTION

1.    Defendants state that the allegations set forth in paragraph 1 are legal conclusions to which no response is required.

2.    Defendants deny the allegations set forth in paragraph 2, except admit that Mallinckrodt is a pharmaceutical company, and that Mallinckrodt settled litigations related to its sale of Acthar® Gel ("Acthar"), reduced its outstanding debt and cancelled then-existing equity shares as part of Mallinckrodt's 2020 Chapter 11 bankruptcy. Defendants respectfully refer the Court to Mallinckrodt's 2020 Chapter 11 plan and related filings for their true, accurate, and complete contents and deny any characterization thereof.

3.    Defendants deny the allegations set forth in paragraph 3, except admit that Mallinckrodt's June 22, 2022 Form 8-K included the statements that Mallinckrodt was "emerging from its recent restructuring process with an attractive pipeline, enhanced financial flexibility and significant opportunities to drive stakeholder value" and was "well-positioned for long-term success, with a substantially stronger capital structure and major litigation matters

2

permanently resolved." Defendants respectfully refer the Court to the June 22, 2022 Form 8-K for its true, accurate, and complete contents and deny any characterization thereof.

4. Defendants deny the allegations set forth in paragraph 4, except admit that the Q1 2023 10-Q included the statement that Mallinckrodt "believe[s] that our sources of liquidity are adequate to fund our operations for the next twelve months and foreseeable future." Defendants respectfully refer the Court to the Q1 2023 10-Q for its true, accurate, and complete contents and deny any characterization thereof.

5. Defendants deny the allegations set forth in paragraph 5, except admit that Mallinckrodt was meeting the financial benchmarks set by Defendants. To the extent the allegations set forth in paragraph 5 rely on a Wall Street Journal article, Defendants respectfully refer the Court to that article for its true, accurate, and complete contents and deny any characterization thereof.

6. Defendants deny the allegations set forth in paragraph 6, except admit that Mallinckrodt filed a Voluntary Petition for Non-Individuals Filing for Bankruptcy on August 28, 2023.

7. Defendants deny the allegations set forth in paragraph 7, except admit that Mallinckrodt was an opioid producer in the United States between 2006 and 2014.

8. Defendants deny the allegations set forth in paragraph 8, except admit that the U.S. Department of Justice initiated an investigation related to Acthar pricing, and that the United States District Court for the District of Columbia court granted CMS's motion for summary judgment against Mallinckrodt in March 2020.

9. Defendants deny the allegations set forth in paragraph 9, except admit that Mallinckrodt filed for Chapter 11 bankruptcy in October 2020.

10.    Defendants admit that as part of the 2020 bankruptcy plan, Mallinckrodt agreed to pay the Opioid Trusts approximately $1.725 billion over the course of eight years including $450 million to the Opioid Trusts upon emergence from bankruptcy.  Defendants further admit that as part of the 2020 bankruptcy plan, Mallinckrodt agreed to pay approximately $260 million to the government over seven years to resolve the CMS dispute related to Acthar pricing.  To the extent the allegations set forth in paragraph 10 rely on the filings in Mallinckrodt's 2020 bankruptcy proceeding, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny the allegations set forth in paragraph 10.

11.    Defendants deny the allegations set forth in paragraph 11.  To the extent the allegations set forth in paragraph 11 rely on the filings in Mallinckrodt's bankruptcy proceeding, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.

12.    Defendants deny the allegations set forth in paragraph 12.

13.    Defendants deny the allegations set forth in paragraph 13.

14.    Defendants deny the allegations set forth in paragraph 14, except admit that Mallinckrodt met with an investment banking advisor in or around October 2022.

15.    Defendants deny the allegations set forth in paragraph 15, except admit that Olafsson had been granted 450,545 Mallinckrodt shares, Reasons had been granted 225,273 Mallinckrodt shares, and Bisaro beneficially owned 5,000 Mallinckrodt shares during the years 2022 and 2023.

16.    Defendants deny the allegations set forth in paragraph 16.

17.     Defendants deny the allegations set forth in paragraph 17, except admit that Mallinckrodt filed for bankruptcy on August 28, 2023.

18.     To the extent the allegations set forth in paragraph 18 concern Mallinckrodt's stock price, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent the allegations set forth in paragraph 18 rely on a Wall Street Journal article, Defendants respectfully refer the Court to that article for its true, accurate, and complete contents and deny any characterization thereof.

19.     Defendants admit that Mallinckrodt filed the June 15 8-K on June 15, 2023, and respectfully refer the Court to the June 15 8-K for its true, accurate, and complete contents and deny any characterization thereof.  To the extent the allegations set forth in paragraph 19 concern Mallinckrodt's stock price, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

20.     Defendants deny the allegations set forth in paragraph 20, except admit that Mallinckrodt's June 21, 2023[2] Form 8-K (the "June 21 8-K") included the statement, "[o]n June 14, 2023, the Board approved a variety of actions and programs focused on executive retention and incentive matters."  Defendants respectfully refer the Court to the June 21 8-K for its true, accurate, and complete contents and deny any characterization thereof.

21.     Defendants deny the allegations set forth in paragraph 21, except admit that Mallinckrodt filed the June 21 8-K on June 21, 2023, and respectfully refer the Court to the June 21 8-K for its true, accurate, and complete contents and deny any characterization thereof.  To the extent the allegations set forth in paragraph 21 concern Mallinckrodt's stock price,

---

[2] The Amended Complaint incorrectly attributes this quote (which is from the June 21 8-K) to Mallinckrodt's Form 8-K dated June 23, 2023.

Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

22.    Defendants deny the allegations set forth in paragraph 22, except admit that Mallinckrodt issued a press release on August 23, 2023 in which it announced that it had "entered into a Restructuring Support Agreement ('RSA') with a substantial majority of each of the Company's first and second lien debtholders and the Opioid Master Disbursement Trust II (the 'Trust') on the terms of a comprehensive financial restructuring plan that will reduce the Company's total funded debt by approximately $1.9 billion, increase free cash flow generation, and extend maturity runway and better position the business for long-term success" and that "[t]o implement the financial restructuring plan contemplated by the RSA, the Company intends to initiate voluntary prepackaged Chapter 11 proceedings in the U.S. Bankruptcy Court for the District of Delaware in the coming days."

23.    To the extent the allegations set forth in paragraph 23 concern Mallinckrodt's stock price, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.  Defendants otherwise deny the allegations set forth in paragraph 23, except admit that Mallinckrodt issued a press release on August 28, 2023 and that trading of Mallinckrodt stock on the New York Stock Exchange halted on August 28, 2023.

24.    Defendants state that the allegations set forth in paragraph 24 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in paragraph 24.

## JURISDICTION AND VENUE

25.    Defendants state that the allegations set forth in paragraph 25 are legal conclusions to which no response is required.

6

26.    Defendants state that the allegations set forth in paragraph 26 are legal conclusions to which no response is required.

27.    Defendants state that the allegations set forth in paragraph 27 are legal conclusions to which no response is required, except admit that Mallinckrodt's ordinary shares trade on the NYSE American and that Mallinckrodt's 2022 10-K states that, as of February 24, 2023, there were 13,170,932 of the Company's shares outstanding.  To the extent the allegations set forth in paragraph 27 rely on Mallinckrodt's 2022 10-K, Defendants respectfully refer the Court to the 2022 10-K for its true, accurate, and complete contents and deny any characterization thereof.

28.    Defendants state that the allegations set forth in paragraph 28 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in paragraph 28.

## PARTIES

29.    Defendants state that the allegations set forth in paragraph 29 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29.

30.    Defendants admit the allegations set forth in paragraph 30.

31.    Defendants admit that Reasons has served as Mallinckrodt's Executive Vice President and Chief Financial Officer since March 18, 2019.

32.    Defendants admit that Bisaro has served as the Chairman of Mallinckrodt's Board of Directors from June 16, 2022 to November 14, 2023 and again since February 2, 2024.

7

33.     Defendants Bisaro and Olafsson admit that Bisaro and Olafsson were each previously employed by Watson Pharmaceuticals and that Bisaro previously served as Chief Executive Officer at Watson Pharmaceuticals.  Defendant Reasons denies knowledge or information sufficient to respond to the allegations set forth in the first sentence of paragraph 33. Defendants admit that during the Q2 2022 Call, Olafsson stated that "[u]nder [Bisaro's] visionary leadership, we transformed [Watson] into a global- branded pharmaceutical leader" and that this experience "will be deeply beneficial to our work to put Mallinckrodt on the path to long-term value creation."  Defendants respectfully refer the Court to the transcript of that call for its true, accurate, and complete contents and denies any characterization thereof.

34.     Defendants deny the allegations set forth in paragraph 34, except admit that by virtue of their positions with Mallinckrodt, each was provided with copies of certain of Mallinckrodt's SEC filings and press releases prior to or shortly after their issuance.

## SUBSTANTIVE ALLEGATIONS

### A.     Background

35.     Defendants admit the allegations set forth in paragraph 35.

36.     Defendants state that the characterization in paragraph 36 of Mallinckrodt's shares as trading in an "efficient market" is a legal conclusion to which no response is required. Defendants otherwise admit the allegations set forth in paragraph 36.

37.     Defendants admit the allegations set forth in paragraph 37.

38.     Defendants admit the allegations set forth in paragraph 38.

39.     Defendants admit the allegations set forth in paragraph 39, except deny the Amended Complaint's characterization of Acthar as Specialty Brands' "flagship product" or that "[f]or a period of time Acthar was Mallinckrodt's most important product."  To the extent the

8

allegations set forth in paragraph 39 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.

40.     Defendants admit the allegations set forth in paragraph 40, except deny the allegation that Mallinckrodt's "core products are opioids, ADHD medications, addition treatments, and APIs."

41.     Defendants deny the allegations set forth in paragraph 41.

**B.      Mallinckrodt's Role in the Opioid Crisis**

42.     Defendants admit the allegations set forth in paragraph 42.

43.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Purdue, J&J, Endo, Teva, Allergan, or manufacturers and distributors other than Mallinckrodt referenced in paragraph 43.  Defendants also deny knowledge or information sufficient to form a belief as to the allegations concerning Mallinckrodt's actions "[i]n the mid-to-late 1990s" prior to the time each Defendant joined the Company.  Defendants otherwise deny the allegations set forth in paragraph 43.

44.     Defendants deny the allegations set forth in paragraph 44 that Mallinckrodt engaged in a "campaign" with "other companies in the opioid industry."  Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44.

45.     Defendants deny the allegations set forth in the first sentence of paragraph 45. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 45.

9

46.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46.

47.     Defendants deny the allegations set forth in paragraph 47.  To the extent the allegations set forth in paragraph 47 rely on a Washington Post article, Defendants respectfully refer the Court to that article for its true, accurate, and complete contents and deny any characterization thereof.

48.     To the extent the allegations set forth in paragraph 48 rely on reports from the U.S. Drug Enforcement Agency, Defendants respectfully refer the Court to those reports from the U.S. Drug Enforcement Agency for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48.

49.     To the extent the allegations set forth in paragraph 49 rely on filings in lawsuits filed by third parties, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt filed for bankruptcy in October 2020 and deny any remaining allegations.

**C.     <u>Mallinckrodt Sales of Acthar Shortchange the Federal Government</u>**

50.     Defendants deny the allegations set forth in paragraph 50, except admit that certain federal agencies initiated investigations against Mallinckrodt.

51.     Defendants admit that Mallinckrodt entered into a settlement agreement with the SEC in November 2023.  To the extent the allegations set forth in paragraph 51 rely on an Order of the SEC, Defendants respectfully refer the Court to that Order for its true, accurate, and complete contents and deny any characterization thereof.

10

52.     Defendants admit that CMS sent Mallinckrodt a letter in November 2018.  To the extent the allegations set forth in paragraph 52 rely on the filings in Mallinckrodt's bankruptcy proceedings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.

53.     Defendants deny the allegations set forth in paragraph 53, except admit that the USAO issued a CID to Mallinckrodt in January 2019 and respectfully refer the Court to the CID for its true, accurate, and complete contents and deny any characterization thereof.

54.     Defendants admit that Mallinckrodt filed a Form 8-K in May 2019, and that the USAO unsealed a complaint against Mallinckrodt in March 2020.  Defendants respectfully refer the Court to the May 2019 Form 8-K and USAO complaint for their true, accurate, and complete contents and deny any characterization thereof.

55.     Defendants deny the allegations set forth in paragraph 55, except admit that the United States District Court for the District of Columbia granted CMS's motion for summary judgment against Mallinckrodt in March 2020, and that Mallinckrodt was a party in the putative class action lawsuit *Strougo v. Mallinckrodt Public Limited Company*, Case No. 3:20-cv-10100-RK.

### D.     The First Bankruptcy

56.     Defendants deny the allegations set forth in paragraph 56, except admit that Mallinckrodt's August 4, 2020 Form 8-K included a statement that the CMS Action and the Opioid Actions "raised substantial doubt about [Mallinckrodt's] ability to continue as a going concern."  Defendants respectfully refer the Court to the August 4, 2020 Form 8-K for its true, accurate, and complete contents and deny any characterization thereof.

57.    To the extent the allegations set forth in paragraph 57 rely on the filings in Mallinckrodt's 2020 bankruptcy proceeding, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof. Defendants otherwise admit that Mallinckrodt filed for bankruptcy on October 12, 2020 in the U.S. Bankruptcy Court for the District of Delaware.

58.    In response to the allegations set forth in paragraph 58, Defendants admit that the First Bankruptcy Plan addressed the treatment of certain opioid claims, certain claims by governmental agencies, and the treatment of Mallinckrodt stock and respectfully refer the Court to the 2020 bankruptcy plan and related filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny the remaining allegations.

59.    In response to the allegations set forth in paragraph 59, Defendants admit that the First Bankruptcy Plan addressed the treatment of certain opioid claims, certain claims by governmental agencies, and the treatment of Mallinckrodt stock and respectfully refer the Court to the 2020 bankruptcy plan and related filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny the remaining allegations.

60.    In response to the allegations set forth in paragraph 60, including the chart that appears in that paragraph, Defendants admit that the First Bankruptcy Plan provided for the restructuring of certain of Mallinckrodt's debt obligations and respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.

61.    To the extent the allegations set forth in paragraph 61 rely on the filings in Mallinckrodt's 2020 bankruptcy proceeding, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.

12

Defendants otherwise deny the allegations set forth in paragraph 61 except admit that Mallinckrodt had payment obligations following its emergence from the 2020 bankruptcy proceeding.

62.     Defendants admit the allegations set forth in paragraph 62.

63.     Defendants admit that Randall Eisenberg provided testimony on December 9, 2023 in Mallinckrodt's bankruptcy proceeding and respectfully refer the Court to the transcript of his testimony for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny the allegations set forth in paragraph 63.

64.     Defendants admit that Mallinckrodt's October 24, 2021 8-K contained financial projections issued in September 2021 that projected net sales for Mallinckrodt between $2.2 billion to $2.4 billion.  To the extent the allegations set forth in paragraph 64 rely on the transcripts of hearings held during Mallinckrodt's 2020 bankruptcy proceedings, Defendants respectfully refer the Court to those transcripts for their true, accurate, and complete contents and deny any characterization thereof.

65.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65, but admit that the Bankruptcy Court issued an opinion confirming Mallinckrodt's 2020 bankruptcy plan, subject to certain modifications to the plan's exculpation provisions, on February 3, 2022.

66.     Defendants admit the allegations set forth in paragraph 66.

67.     Defendants admit the allegations set forth in paragraph 67.

**E.     Mallinckrodt Emerges From the First Bankruptcy**

68.     Defendants deny the allegations set forth in paragraph 68.

69.     Defendants deny the allegations set forth in paragraph 69, except admit that Olafsson had received a grant of 450,545 shares, Reasons had received a granted of 225,273 shares, and Bisaro beneficially owned 5,000 shares of Mallinckrodt stock during the years 2022 and 2023.  Defendants also admit that Olafsson's base salary was $1.1 million, and Reasons' base salary was $600,000.  Defendants respectfully refer the Court to Mallinckrodt's 2023 Proxy Statement for its true, accurate, and complete contents and deny any characterization thereof.

70.     To the extent the allegations set forth in paragraph 70 rely on Mallinckrodt's SEC filings or the transcripts of Mallinckrodt earnings calls, Defendants respectfully refer the Court to those filings and transcripts for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny the allegations set forth in paragraph 70.

71.     Defendants admit that Mallinckrodt issued the June 2022 Release on June 16, 2022, and that it contained the statements that "Mallinckrodt is emerging from its recent restructuring process with an attractive pipeline, enhanced financial flexibility and significant opportunities to drive stakeholder value," and "[t]oday marks a new beginning for Mallinckrodt as we emerge well-positioned for long-term success, with a substantially stronger capital structure and major litigation matters permanently resolved."  Defendants respectfully refer the Court to the June 2022 Release for its true, accurate, and complete contents and deny any characterization thereof.

72.     Defendants admit that Mallinckrodt held the Q2 2022 Call on August 11, 2022 and respectfully refer the Court to the transcript of that call for its true, accurate, and complete contents and deny any characterization thereof.

73. Defendants admit that Mallinckrodt held the Q3 2022 Call on November 8, 2022 and respectfully refer the Court to the transcript of that call for its true, accurate, and complete contents and deny any characterization thereof.

74. Defendants admit that Mallinckrodt held the Q3 2022 Call on November 8, 2022 and respectfully refer the Court to the transcript of that call for its true, accurate, and complete contents and deny any characterization thereof.

75. Defendants admit that Mallinckrodt held the Q3 2022 Call on November 8, 2022, during which Reasons stated that Mallinckrodt's net sales "were largely in line with our expectations" and "[d]uring the quarter Acthar Gel contributed $126 million in net sales, which was consistent with our expectation and underscores our confidence that the asset to drive approximately $500 million in net sales in 2022." Defendants respectfully refer the Court to the transcript of that call for its true, accurate, and complete contents and deny any characterization thereof.

76. Defendants admit that Mallinckrodt held the Q3 2022 Call on November 8, 2022 and respectfully refer the Court to the transcript of that call for its true, accurate, and complete contents and deny any characterization thereof.

77. Defendants admit that Mallinckrodt issued the 2022 Release on February 28, 2023, which contained the statements that Mallinckrodt "finished 2022 by exceeding our EBITDA guidance achieving the high end of our net sales guidance for the year. We also increased cash on hand, reflecting our ongoing efforts to strengthen the balance sheet and optimize our cost structure," and "Mallinckrodt is well-positioned to stabilize the business in the near term and achieve sustainable growth in the long term." Defendants respectfully refer the

15

Court to the 2022 Release for its true, accurate, and complete contents and deny any characterization thereof.

78.    Defendants admit that Mallinckrodt held the FY 2022 Call on February 28, 2023, during which Olafsson stated that Mallinckrodt "executed well and I'm incredibly proud of how we finished the year, exceeding our EBITDA guidance and achieving the high end of net sales guidance for the year," and "I wanted to kick things off with these positive results as they tie directly back to our strategic initiatives." Defendants respectfully refer the Court to the transcript of that call for its true, accurate, and complete contents and deny any characterization thereof.

79.    Defendants admit that Mallinckrodt held the FY 2022 Call on February 28, 2023, during which Olafsson stated that "[w]e also saw a slight increase in cash in hand during the fourth quarter and believe our liquidity will allow us to continue making important investments in the business." Defendants respectfully refer the Court to the transcript of that call for its true, accurate, and complete contents and deny any characterization thereof.

80.    Defendants admit that Mallinckrodt held the FY 2022 Call on February 28, 2023, during which Olafsson stated that "2023 is a pivotal year for the company," and "we stand ready to navigate the opportunities and the challenges we have ahead of us. I am pleased with our efforts today and I have a great confidence in Mallinckrodt's long-term ability to drive value for stakeholders." Defendants respectfully refer the Court to the transcript of that call for its true, accurate, and complete contents and deny any characterization thereof.

81.    Defendants admit that Mallinckrodt held the FY 2022 Call on February 28, 2023 and respectfully refer the Court to the transcript of that call for its true, accurate, and complete contents and deny any characterization thereof.

82.     Defendants admit that Mallinckrodt held the FY 2022 Call on February 28, 2023, during which a representative of Brean Asset Management, LLC stated, "I believe there was an 18-month extension opportunity to prepay" and "I wanted to know how you guys are thinking about that in concurrence with opportunities to buyback debt."  Defendants respectfully refer the Court to the transcript of that call for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny the allegations set forth in paragraph 82.

83.     Defendants deny the allegations set forth in paragraph 83, except admit that Mallinckrodt held the FY 2022 Call on February 28, 2023 and respectfully refer the Court to the transcript of that call for its true, accurate, and complete contents and deny any characterization thereof.

84.     Defendants deny the allegations set forth in paragraph 84, except admit that Mallinckrodt's 2023 Proxy Statement, dated April 5, 2023, contained the statement that Mallinckrodt's "emergence from Chapter 11 proceedings enables us to move forward as a diversified global specialty pharmaceutical company with a strengthened balance sheet and increased financial flexibility to invest in our business, execute our strategic initiatives, advance our pipeline and better meet the needs of patients."  Defendants respectfully refer the Court to the 2023 Proxy Statement for its true, accurate, and complete contents and deny any characterization thereof.

85.     Defendants deny the allegations set forth in paragraph 85.  To the extent the allegations set forth in paragraph 85 rely on Mallinckrodt's SEC filings or Mallinckrodt earnings calls, Defendants respectfully refer the Court to those filings and the transcripts of those calls for their true, accurate, and complete contents and deny any characterization thereof.

86.     Defendants admit that Mallinckrodt held the Q1 2023 Call on May 9, 2023, during which Olafsson stated that Mallinckrodt "again increased our cash on hand, demonstrating that disciplined cost management and strengthening the balance sheet are top of mind in every decision we make" and "[i]t is great to see further improvement on this front." Defendants respectfully refer the Court to the transcript of that call for its true, accurate, and complete contents and deny any characterization thereof.

87.     Defendants admit that Mallinckrodt held the Q1 2023 Call on May 9, 2023 and respectfully refer the Court to the transcript of that call for its true, accurate, and complete contents and deny any characterization thereof.

88.     Defendants admit that Mallinckrodt held the Q1 2023 Call on May 9, 2023 and respectfully refer the Court to the transcript of that call for its true, accurate, and complete contents and deny any characterization thereof.

89.     Defendants admit that Mallinckrodt held the Q1 2023 Call on May 9, 2023 and respectfully refer the Court to the transcript of that call for its true, accurate, and complete contents and deny any characterization thereof.

90.     Defendants admit that Mallinckrodt held the Q1 2023 Call on May 9, 2023 and respectfully refer the Court to the transcript of that call for its true, accurate, and complete contents and deny any characterization thereof.

91.     Defendants deny the allegations set forth in paragraph 91, except admit that Mallinckrodt filed and Reasons signed the Q1 2023 10-Q on May 9, 2023.  Defendants also admit that the Q1 2023 10-Q contained the statement that Mallinckrodt "believe[d] that our sources of liquidity are adequate to fund our operations for the next twelve months and foreseeable future."  Defendants further admit that on August 28, 2024, Jason Goodson filed the

18

Goodson Declaration, but deny the quote attributed to that declaration.  To the extent the allegations set forth in paragraph 91 rely on Mallinckrodt's Q1 2023 10-Q or the filings in Mallinckrodt's bankruptcy proceeding, Defendants respectfully refer the Court to the Q1 2023 10-Q or those filings for their true, accurate, and complete contents and deny any characterization thereof.

92.     Defendants deny the allegations set forth in paragraph 92.

93.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 93.

**F.     The Second Bankruptcy**

94.     Defendants admit the allegations set forth in paragraph 94.

95.     To the extent the allegations set forth in paragraph 95 rely on a Wall Street Journal article, Defendants respectfully refer the Court to that article for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny the allegations set forth in paragraph 95.

96.     To the extent the allegations set forth in paragraph 96 concern Mallinckrodt's stock price, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

97.     Defendants deny the allegations set forth in paragraph 97, except admit that the June 15 8-K included the statements that Mallinckrodt was "actively evaluating the Company's financial situation considering options," and may make a "near term" bankruptcy filing. Defendants respectfully refer the Court to the June 15 8-K for its true, accurate, and complete contents and deny any characterization thereof.

19

98.    Defendants deny the allegations set forth in paragraph 98, except admit that the June 21 8-K[3] included the statement that "[o]n June 14, 2023, the Board approved a variety of actions and programs focused on executive retention and incentive matters."  Defendants respectfully refer the Court to the June 21 8-K for its true, accurate, and complete contents and deny any characterization thereof.

99.    Defendants deny the allegations set forth in paragraph 99, and respectfully refer the Court to the June 21 8-K[4] for its true, accurate, and complete contents and deny any characterization thereof.

100.    To the extent the allegations set forth in paragraph 100 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.

101.     To the extent the allegations set forth in paragraph 101 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.

102.    Defendants deny the allegations set forth in paragraph 102, except admit that on August 23, 2023, Mallinckrodt announced that it had entered into an RSA and its intention to initiate voluntary prepackaged Chapter 11 proceedings, and that the RSA contemplated transactions that would reduce Mallinckrodt's secured debt from approximately $3.6 billion to approximately $1.75 billion and Mallinckrodt's outstanding payments in the Opioid Settlement

---

[3] The Amended Complaint incorrectly attributes this quote (which is from the June 21 8-K) to Mallinckrodt's Form 8-K dated June 23, 2023.

[4] The Amended Complaint incorrectly attributes this quote (which is from the June 21 8-K) to Mallinckrodt's Form 8-K dated June 23, 2023.

from $1.275 billion to $250 million.  Defendants respectfully refer the Court to the RSA for its true, accurate, and complete contents and deny any characterization thereof.

103.    Defendants admit that Mallinckrodt filed a Voluntary Petition for Non-Individuals Filing for Bankruptcy on August 28, 2023.  Defendants respectfully refer the Court to the Voluntary Petition for Non-Individuals Filing for Bankruptcy for its true, accurate, and complete contents and deny any characterization thereof.

104.    To the extent the allegations set forth in paragraph 104 rely on the filings in Mallinckrodt's 2023 bankruptcy proceeding, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof. Defendants otherwise deny the allegations set forth in paragraph 104.

105.    Defendants deny the allegations set forth in paragraph 105, except admit that Mallinckrodt and the SEC announced a settlement with Mallinckrodt on November 30, 2023.  To the extent the allegations set forth in paragraph 105 rely on the filings in Mallinckrodt's 2023 bankruptcy proceeding or the SEC's Exchange Act Release No. 11256, Defendants respectfully refer the Court to those filings and that Release for their true, accurate, and complete contents and deny any characterization thereof.

106.    Defendants admit that the Second Bankruptcy Plan included a Management Incentive Plan and respectfully refer the Court to the filings in Mallinckrodt's 2023 bankruptcy proceeding for their true, accurate, and complete contents and deny any characterization thereof.

107.    To the extent the allegations set forth in paragraph 107 rely on the filings in Mallinckrodt's 2023 bankruptcy proceeding, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof. Defendants otherwise deny the allegations set forth in paragraph 107.

108.    Defendants deny the allegations set forth in paragraph 108, except admits that the Bankruptcy Court issued an order on or dated October 10, 2023 in which it approved Mallinckrodt's bankruptcy plan, and that the plan went into effect on November 14, 2023.

109.    Defendants deny the allegations set forth in paragraph 109.

**G.    Defendants Knew It Was Impossible for Mallinckrodt To Fulfill the Second Bankruptcy Plan or Continue Operating as a Going Concern.**

110.    Defendants admit that the October 2, 2023 declaration of Jason Goodson, filed in connection with Mallinckrodt's 2023 bankruptcy proceeding, contained the statement that "significant unanticipated business developments, adverse economic conditions, and a market environment that the Company anticipates may prevent it from timely refinancing $817 million of upcoming debt maturities in 2025." To the extent the allegations set forth in paragraph 110 rely on the October 2, 2023 declaration of Jason Goodson, Defendants respectfully refer the Court to that declaration for its true, accurate, and complete contents and deny any characterization thereof.

111.    Defendants deny the allegations set forth in paragraph 111. To the extent the allegations set forth in paragraph 111 rely on the October 2, 2023 declaration of Jason Goodson, Defendants respectfully refer the Court to that declaration for its true, accurate, and complete contents and deny any characterization thereof.

112.    Defendants admit that Mallinckrodt sought approval of its 2023 bankruptcy plan from the High Court of Ireland. To the extent the allegations set forth in paragraph 112 rely on the filings in Mallinckrodt's bankruptcy proceeding, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.

22

113.    Defendants deny the allegations set forth in paragraph 113.  To the extent the allegations set forth in paragraph 113 rely on the October 2, 2023 declaration of Jason Goodson, filings in Mallinckrodt's bankruptcy proceeding, or Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.

114.    To the extent the allegations set forth in paragraph 114 rely on a Bloomberg Law article, Defendants respectfully refer the Court to that article for its true, accurate, and complete contents and deny any characterization thereof.

115.    To the extent the allegations set forth in paragraph 115 rely on a Federal Trade Commission press release, Defendants respectfully refer the Court to that press release for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny the allegations set forth in paragraph 115, except admit that Mallinckrodt entered into a settlement agreement with the United States Federal Trade Commission in January 2017.

116.    Defendants admit that Mallinckrodt's 2022 10-K reported net sales of Acthar of $516 million.  To the extent the allegations set forth in paragraph 116 rely on Mallinckrodt's Q2 2022 Call, Defendants respectfully refer the Court to the transcript of that call for its true, accurate, and complete contents and deny any characterization thereof.

117.    Defendants admit that Mallinckrodt held the Q3 2022 Call on November 8, 2022 and respectfully refer the Court to the transcript of that call for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny the allegations set forth in paragraph 117.

118.    To the extent the allegations set forth in paragraph 118 rely on an Associated Press article, Defendants respectfully refer the Court to that article for its true, accurate, and

23

complete contents and deny any characterization thereof.  Defendants otherwise deny the allegations set forth in paragraph 118.

119.    To the extent the allegations set forth in paragraph 119 rely on an New York Times article, Defendants respectfully refer the Court to that article for its true, accurate, and complete contents and deny any characterization thereof.

120.    To the extent the allegations set forth in paragraph 120 rely on an Al Jazeera article, Defendants respectfully refer the Court to that article for its true, accurate, and complete contents and deny any characterization thereof.

121.    Defendants deny the allegations set forth in paragraph 121.

122.    Defendants admit that the Mallinckrodt's Q2 2022 Call was Mallinckrodt's first earnings call after emerging from bankruptcy, and that during the Q2 2022 Call, Reasons stated, "for the full year 2022, we expect to achieve total net sales of between $1.875 billion and $1.925 billion . . . .  And adjusted EBITDA of between $630 million and $660 million."  Defendants respectfully refer the Court to the transcript of that call for its true, accurate, and complete contents and deny any characterization thereof.

123.    Defendants admit that Mallinckrodt issued the 2022 Release on February 28, 2023, and respectfully refer the Court to the 2022 Release for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny the allegations set forth in paragraph 123.

124.    Defendants admit that Mallinckrodt issued the 2022 Release on February 28, 2023, and respectfully refer the Court to the 2022 Release for its true, accurate, and complete contents and deny any characterization thereof.  Defendants deny knowledge or information

24

sufficient to form a belief as to the truth of the allegations set forth in the last sentence of paragraph 124.

125.    Defendants deny the allegations set forth in paragraph 125.

126.    Defendants admit that Randall Eisenberg provided testimony in Mallinckrodt's 2020 bankruptcy proceedings on December 9, 2021 and respectfully refer the Court to the transcript of that testimony for its true, accurate, and complete contents and deny any characterization thereof.

127.    Defendants admit that Mallinckrodt's October 24, 2021 8-K contained financial projections issued in September 2021 that projected net sales for Mallinckrodt between $2.2 billion to $2.4 billion.  To the extent the allegations set forth in paragraph 127 rely on the filings or transcripts of hearings held in Mallinckrodt's 2020 bankruptcy proceeding, Defendants respectfully refer the Court to those filings and transcripts for their true, accurate, and complete contents and deny any characterization thereof.

128.    Defendants deny the allegations set forth in paragraph 128.

129.    To the extent the allegations set forth in paragraph 129 rely on Mallinckrodt's Q2 2022 Call, Defendants respectfully refer the Court to the transcript of that call for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny the allegations set forth in paragraph 129.

130.    Defendants deny the allegations set forth in paragraph 130, except admit that Mallinckrodt's 2022 10-K included the statement that Mallinckrodt's financial projections included in its bankruptcy filings "were prepared solely for the purposes stated therein and have not been, and will not be, updated on an ongoing basis and should not be relied upon by investors."  Defendants respectfully refer the Court to the 2022 10-K for its true, accurate, and

complete contents and deny any characterization thereof.  Defendants otherwise deny the allegations set forth in paragraph 130.

131.    Defendants deny the allegations set forth in paragraph 131.

132.    Defendants deny the allegations set forth in paragraph 132.

133.    Defendants admit that October 2, 2023 declaration of Punit Mehta, filed in connection with Mallinckrodt's 2023 bankruptcy proceeding, contained that statement that Guggenheim Securities had been "working closely" with Mallinckrodt since October 1, 2022.  Defendants respectfully refer the Court to the October 2, 2023 declaration of Punit Mehta for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny the allegations set forth in paragraph 133.

134.    Defendants admit that the October 2, 2023 declaration of Punit Mehta, filed in connection with Mallinckrodt's bankruptcy proceeding, contained the statement that "Guggenheim Securities as worked closely with the Debtors' management and other professionals retained by the Debtors with respect to these strategic alternatives and has become acquainted with the Debtors' capital structure and business."  Defendants respectfully refer the Court to the October 2, 2023 declaration of Punit Mehta for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny the allegations set forth in paragraph 134.

135.    Defendants admit that the Goodson Declaration contained the statement that "[t]hese concerns had caused the Company to begin considering alternatives for consensually extending its payment schedules and addressing its long-term obligations.  By Spring 2023, the Company had already engaged with certain lender constituents around potential refinancing options."  Defendants respectfully refer the Court to the Goodson Declaration for its true,

26

accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny the allegations set forth in paragraph 135.

136.    Defendants deny the allegations set forth in paragraph 136.

137.    To the extent the allegations set forth in paragraph 137 rely on a Wall Street Journal article, Defendants respectfully refer the Court to that article for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the first sentence of the allegations set forth in paragraph 137.

138.    Defendants state that the allegations set forth in paragraph 138 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in paragraph 138.

### MATERIALLY FALSE AND MISLEADING STATEMENTS ISSUED DURING THE CLASS PERIOD

139.    Defendants state that the allegations set forth in paragraph 139 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in paragraph 139.

140.    Defendants state that the allegations set forth in paragraph 140 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in paragraph 140.

**A.    June 2022**

141.    Defendants admit that Mallinckrodt issued the June 2022 Release on June 16, 2022, in which Olafsson stated that "Mallinckrodt is emerging from its recent restructuring process with an attractive pipeline, enhanced financial flexibility and significant opportunities to

drive stakeholder value." Defendants respectfully refer the Court to the June 2022 Release for its true, accurate, and complete contents and deny any characterization thereof.

142.    Defendants admit that Mallinckrodt issued the June 2022 Release on June 16, 2022, in which Bisaro stated that "Today marks a new beginning for Mallinckrodt as we emerge well-positioned for long-term success, with a substantially stronger capital structure and major litigation matters permanently resolved." Defendants respectfully refer the Court to the June 2022 Release for its true, accurate, and complete contents and deny any characterization thereof.

143.    Defendants admit that Mallinckrodt issued the June 2022 Release on June 16, 2022 and respectfully refer the Court to the June 2022 Release for its true, accurate, and complete contents and deny any characterization thereof. Defendants otherwise deny the allegations set forth in paragraph 143.

**B.    August 2022**

144.    Defendants admit that Mallinckrodt issued a press release on August 11, 2022 and respectfully refer the Court to the August 11, 2022 press release for its true, accurate, and complete contents and deny any characterization thereof.

145.    Defendants admit that Mallinckrodt issued a press release on August 11, 2022 and respectfully refer the Court to the August 11, 2022 press release for its true, accurate, and complete contents and deny any characterization thereof.

146.    Defendants admit that Mallinckrodt held the Q2 2022 Call on August 11, 2022 and respectfully refer the Court to the transcript of that call for its true, accurate, and complete contents and deny any characterization thereof.

147. Defendants admit that Mallinckrodt held the Q2 2022 Call on August 11, 2022 and respectfully refer the Court to the transcript of that call for its true, accurate, and complete contents and deny any characterization thereof.

148. Defendants deny the allegations set forth in paragraph 148.

149. Defendants deny the allegations set forth in paragraph 149, except admit that the Q2 2022 10-Q included the statement that Mallinckrodt "will make payments of $200.0 million . . . inclusive of interest, related to our opioid Acthar Gel-related settlements upon the one year anniversary of the Effective Date." Defendants respectfully refer the Court to the Q2 2022 10-Q for its true, accurate, and complete contents and deny any characterization thereof.

150. Defendants admit that Mallinckrodt filed the Q2 2022 10-Q on August 11, 2022 and respectfully refer the Court to the Q2 2022 10-Q for its true, accurate, and complete contents and deny any characterization thereof.

151. Defendants deny the allegations set forth in paragraph 151.

152. Defendants admit that Olafsson and Reasons signed SOX certifications in Mallinckrodt's Q2 2022 10-Q. Defendants respectfully refer the Court to the Q2 2022 10-Q for its true, accurate, and complete contents and deny any characterization thereof. Defendants otherwise deny the allegations set forth in paragraph 152.

**C.    November 2022**

153. Defendants admit that Mallinckrodt issued the Q3 2022 Release on November 8, 2022, and respectfully refer the Court to the Q3 2022 Release for its true, accurate, and complete contents and deny any characterization thereof.

29

154. Defendants admit that Mallinckrodt held the Q3 2022 Call on November 8, 2022 and respectfully refer the Court to the transcript of that call for its true, accurate, and complete contents and deny any characterization thereof.

155. Defendants admit that Mallinckrodt held the Q3 2022 Call on November 8, 2022 and respectfully refer the Court to the transcript of that call for its true, accurate, and complete contents and deny any characterization thereof.

156. Defendants admit that Mallinckrodt held the Q3 2022 Call on November 8, 2022, during which Olafsson made the statement, "[w]e are encouraged to see early signs of demand stabilization for Acthar Gel and performance in the quarter was consistent with our expectations." Defendants respectfully refer the Court to the transcript of that call for its true, accurate, and complete contents and deny any characterization thereof.

157. Defendants admit that Mallinckrodt held the Q3 2022 Call on November 8, 2022 and respectfully refer the Court to the transcript of that call for its true, accurate, and complete contents and deny any characterization thereof.

158. To the extent the allegations set forth in paragraph 158 rely on Mallinckrodt's Q3 2022 Call, Defendants respectfully refer the Court to the transcript of that call for its true, accurate, and complete contents and deny any characterization thereof. Defendants otherwise deny the allegations set forth in paragraph 158.

159. Defendants admit that Mallinckrodt filed the Q3 2022 10-Q on November 8, 2022 and respectfully refer the Court to the Q3 2022 10-Q for its true, accurate, and complete contents and deny any characterization thereof. Defendants otherwise deny the allegations set forth in paragraph 159.

160. Defendants deny the allegations set forth in paragraph 160.

161.    Defendants admit that Olafsson and Reasons signed SOX certifications in Mallinckrodt's Q3 2022 10-Q.  Defendants respectfully refer the Court to the Q3 2022 10-Q for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny the allegations set forth in paragraph 161.

**D.    February 2023**

162.    Defendants admit that Mallinckrodt issued the 2022 Release on February 28, 2023 and respectfully refer the Court to the 2022 Release for its true, accurate, and complete contents and deny any characterization thereof.

163.    Defendants admit that Mallinckrodt held the FY 2022 Call on February 28, 2023 and respectfully refer the Court to the transcript of that call for its true, accurate, and complete contents and deny any characterization thereof.

164.    Defendants admit that Mallinckrodt held the FY 2022 Call on February 28, 2023 and respectfully refer the Court to the transcript of that call for its true, accurate, and complete contents and deny any characterization thereof.

165.    Defendants admit that Mallinckrodt held the FY 2022 Call on February 28, 2023 and respectfully refer the Court to the transcript of that call for its true, accurate, and complete contents and deny any characterization thereof.

166.    Defendants admit that Mallinckrodt held the FY 2022 Call on February 28, 2023 and respectfully refer the Court to the transcript of that call for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny the allegations set forth in paragraph 166.

167.    Defendants deny the allegations set forth in paragraph 167.

31

E.      **March 2023**

168.    Defendants admit that Mallinckrodt filed the 2022 10-K on March 3, 2023, and respectfully refer the Court to the 2022 10-K for its true, accurate, and complete contents and deny any characterization thereof.

169.    Defendants deny the allegations set forth in paragraph 169.

170.    To the extent the allegations set forth in paragraph 170 rely on Mallinckrodt's 2022 10-K, Defendants respectfully refer the Court to the 2022 10-K for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny the allegations set forth in paragraph 170.

171.    Defendants admit that Mallinckrodt's 2022 10-K contained the statement that "Fiscal 2020 (Predecessor) includes a tax expense of $204.9 million for an increase to the valuation allowance on certain net deferred tax assets that were no longer more likely than not realizable due to the Company's former substantial doubt about its ability to continue as a going concern.  Additional valuation allowance impacts are netted within other line items, as referenced in the associated footnotes." Defendants respectfully refer the Court to the 2022 10-K for its true, accurate, and complete contents and deny any characterization thereof.

172.    Defendants admit that Mallinckrodt filed the 2022 10-K on March 3, 2023 and respectfully refer the Court to the 2022 10-K for its true, accurate, and complete contents and deny any characterization thereof.

173.    Defendants admit that Mallinckrodt filed the 2022 10-K on March 3, 2023 and respectfully refer the Court to the 2022 10-K for its true, accurate, and complete contents and deny any characterization thereof.

174.    Defendants deny the allegations set forth in paragraph 174.

32

175.    Defendants admit that Mallinckrodt filed the 2022 10-K on March 3, 2023 and Defendants respectfully refer the Court to the 2022 10-K for its true, accurate, and complete contents and deny any characterization thereof.

176.    Defendants deny the allegations set forth in paragraph 176.

177.    Defendants admit that Olafsson and Reasons signed SOX certifications in Mallinckrodt's 2022 10-K.  Defendants respectfully refer the Court to the 2022 10-K for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny the allegations set forth in paragraph 177.

**F.    <u>May 2023</u>**

178.    Defendants admit that Mallinckrodt issued the Q1 2023 Release on May 9, 2023 and respectfully refer the Court to the Q1 2023 Release for its true, accurate, and complete contents and deny any characterization thereof.

179.    Defendants admit that Mallinckrodt held the Q1 2023 Call on May 9, 2023, during which Olafsson stated, "[w]e again increased our cash on hand, demonstrating that disciplined cost management and strengthening the balance sheet are top of mind in every decision we make" and "[i]t is great to see further improvement on this front." Defendants respectfully refer the Court to the transcript of that call for its true, accurate, and complete contents and deny any characterization thereof.

180.    Defendants admit that Mallinckrodt held the Q1 2023 Call on May 9, 2023 and respectfully refer the Court to the transcript of that call for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny the allegations set forth in paragraph 180.

181.    Defendants admit that Mallinckrodt held the Q1 2023 Call on May 9, 2023 and respectfully refer the Court to the transcript of that call for its true, accurate, and complete contents and deny any characterization thereof.

182.    Defendants admit that Mallinckrodt held the Q1 2023 Call on May 9, 2023 and respectfully refer the Court to the transcript of that call for its true, accurate, and complete contents and deny any characterization thereof.

183.    Defendants admit that Mallinckrodt held the Q1 2023 Call on May 9, 2023 and respectfully refer the Court to the transcript of that call for its true, accurate, and complete contents and deny any characterization thereof.

184.    Defendants deny the allegations set forth in paragraph 184, except admit that Mallinckrodt's Q1 2023 10-Q included the statement that Mallinckrodt "believe[d] that our sources of liquidity are adequate to fund our operations for the next twelve months and foreseeable future." Defendants respectfully refer the Court to the Q1 2023 10-Q for its true, accurate, and complete contents and deny any characterization thereof.

185.    Defendants deny the allegations set forth in paragraph 185.

186.    Defendants admit that Olafsson and Reasons signed SOX certifications in Mallinckrodt's Q1 2023 10-Q.  Defendants respectfully refer the Court to the Q1 2023 10-Q for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny the allegations set forth in paragraph 186.

### THE TRUTH EMERGES

187.    Defendants admit that the WSJ published an article on June 2, 2023 titled "Mallinckrodt Explores Repeat Bankruptcy as $200 Million Opioid Payment Comes Due" and

34

respectfully refer the Court to that article for its true, accurate, and complete contents and deny any characterization thereof.

188.    To the extent the allegations set forth in paragraph 188 concern Mallinckrodt's stock price, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

189.    Defendants admit that Mallinckrodt filed the June 15 8-K on June 15, 2023, and respectfully refer the Court to the June 15 8-K for its true, accurate, and complete contents and deny any characterization thereof.

190.    To the extent the allegations set forth in paragraph 190 concern Mallinckrodt's stock price, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

191.    Defendants deny the allegations set forth in paragraph 191, except admit that the June 21 8-K included the statement, "[o]n June 14, 2023, the Board approved a variety of actions and programs focused on executive retention and incentive matters." Defendants respectfully refer the Court to the June 21 8-K for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny the allegations set forth in paragraph 191.

192.    To the extent the allegations set forth in paragraph 192 concern Mallinckrodt's stock price, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

193.    Defendants admit that Mallinckrodt issued a press release on August 23, 2023 and respectfully refer the Court to the August 23, 2023 press release for its true, accurate, and complete contents and deny any characterization thereof.

194.    To the extent the allegations set forth in paragraph 194 concern Mallinckrodt's stock price, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

195.    To the extent the allegations set forth in paragraph 195 concern Mallinckrodt's stock price, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.  Defendants otherwise deny the allegations set forth in paragraph 195, except admit that Mallinckrodt filed a bankruptcy petition on August 28, 2023 and that trading of Mallinckrodt stock on the New York Stock Exchange halted on August 28, 2023.

## ADDITIONAL SCIENTER ALLEGATIONS

196.    Defendants deny the allegations set forth in paragraph 196 and its subparts.

197.    Defendants deny the allegations set forth in paragraph 197.

### A.    Defendants' Substantial Holdings of Mallinckrodt Stock

198.    Defendants admit that Olafsson had been granted 450,545 Mallinckrodt shares, Reasons had been granted 225,273 Mallinckrodt shares, and Bisaro beneficially owned 5,000 Mallinckrodt shares during the years 2022 and 2023.  Defendants otherwise deny the allegations set forth in paragraph 198.

199.    Defendants deny the allegations set forth in paragraph 199.

### B.    Defendants' High Level Positions Within Mallinckrodt

200.    Defendants deny the allegations set forth in paragraph 200.

201.    Defendants admit that Olafsson has served as Mallinckrodt's Chief Executive Officer and Director since June 25, 2022.  Defendants admit that Mallinckrodt identified Olafsson as an "Executive Officer" during the Class Period.

36

202.    Defendants admit that Reasons has served as Mallinckrodt's Executive Vice President and Chief Financial Officer since March 18, 2019.  Defendants admit that Mallinckrodt identified Reasons as an "Executive Officer" during the Class Period.

203.    Defendants admit that Bisaro has served as the Chairman of Mallinckrodt's Board of Directors from June 16, 2022 to November 14, 2023 and again since February 2, 2024.

204.    Defendant Olafsson admits the allegations set forth in paragraph 204.  Defendants Reasons and Bisaro deny knowledge or information sufficient to respond to the allegations set forth in paragraph 204.

205.    Defendant Reasons admits the allegations set forth in paragraph 205.  Defendants Olafsson and Bisaro deny knowledge or information sufficient to respond to the allegations set forth in paragraph 205.

206.    Defendants Bisaro admits the allegations set forth in paragraph 206, Defendants Olafsson and Reasons deny knowledge or information sufficient to respond to the allegations set forth in paragraph 206.

## C.    Importance of Fulfilling the First Bankruptcy Plan and Continuing to Operate as a Going Concern to Mallinckrodt

207.    Defendants deny the allegations set forth in paragraph 207.

208.    Defendants deny the allegations set forth in paragraph 208.

### PLAINTIFFS' CLASS ACTION ALLEGATIONS

209.    Defendants state that the allegations set forth in paragraph 209 are legal conclusions to which no response is required.

210.    Defendants state that the allegations set forth in paragraph 210 are legal conclusions to which no response is required.

211.    Defendants state that the allegations set forth in paragraph 211 are legal conclusions to which no response is required.

212.    Defendants state that the allegations set forth in paragraph 212 are legal conclusions to which no response is required.

213.    Defendants state that the allegations set forth in paragraph 213 are legal conclusions to which no response is required.

214.    Defendants state that the allegations set forth in paragraph 214 are legal conclusions to which no response is required.

215.    Defendants state that the allegations set forth in paragraph 215 are legal conclusions to which no response is required.

216.    Defendants state that the allegations set forth in paragraph 216 are legal conclusions to which no response is required.

217.    Defendants state that the allegations set forth in paragraph 217 are legal conclusions to which no response is required.

## COUNT 1

### (Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants)

218.    Defendants repeat and reallege each and every answer contained above as if fully set forth herein.

219.    Defendants state that the allegations set forth in paragraph 219 are legal conclusions to which no response is required.

220.    Defendants state that the allegations set forth in paragraph 220 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in paragraph 220.

38

221.    Defendants state that the allegations set forth in paragraph 221 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in paragraph 221.

222.    Defendants state that the allegations set forth in paragraph 222 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in paragraph 222.

223.    Defendants state that the allegations set forth in paragraph 223 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in paragraph 223.

224.    Defendants state that the allegations set forth in paragraph 224 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in paragraph 224.

225.    Defendants state that the allegations set forth in paragraph 225 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in paragraph 225.

226.    Defendants state that the allegations set forth in paragraph 226 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in paragraph 226.

227.    Defendants state that the allegations set forth in paragraph 227 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in paragraph 227.

## COUNT II

### (Violations of Section 20(a) of the Exchange Act Against Defendants)

228.   Defendants repeat and reallege each and every answer contained in the foregoing paragraphs as if fully set forth herein.

229.   Defendants state that the allegations set forth in paragraph 229 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in paragraph 229.

230.   Defendants state that the allegations set forth in paragraph 230 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in paragraph 230.

231.   Defendants state that the allegations set forth in paragraph 231 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in paragraph 231.

232.   Defendants state that the allegations set forth in paragraph 232 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in paragraph 232.

233.   Defendants state that the allegations set forth in paragraph 233 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in paragraph 233.

### PRAYER FOR RELIEF

Defendants state that the allegations set forth under the heading "Prayer for Relief" are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs and the Class are entitled to the relief requested.

40

## DEMAND FOR TRIAL BY JURY

Defendants state that the allegations set forth under the heading "Demand for Trial by Jury" is a legal conclusion to which no response is required.

## AFFIRMATIVE DEFENSES

Defendants' investigation of the facts alleged in the Amended Complaint is ongoing, and, accordingly, Defendants reserve the right to assert additional affirmative defense in the future. Notwithstanding the foregoing, and without assuming any burden of proof, persuasion, or production, Defendants state the following affirmative and other defenses:

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

Plaintiffs' claims are barred, in whole or in part, because the causes of action alleged in the Amended Complaint fail to state facts sufficient to constitute a valid cause of action against Defendants. Among other things, the Amended Complaint fails to plead fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act ("Reform Act") and fails to raise a strong inference of scienter as required by the Reform Act.

### SECOND AFFIRMATIVE DEFENSE
**(Federal Rule of Civil Procedure 8)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to plead their claims in a simple, concise, and direct manner as required under Rule 8 of the Federal Rules of Civil Procedure.

41

### THIRD AFFIRMATIVE DEFENSE
### (No False or Misleading Statement)

Plaintiffs' claims are barred, in whole or in part, because Defendants did not make a false or misleading statement of material fact or omission of material fact and are not responsible (in law or in fact) for any alleged false or misleading statements or omissions of material fact.

### FOURTH AFFIRMATIVE DEFENSE
### (No Scienter)

Plaintiffs' claims are barred, in whole or in part, because Defendants did not have the requisite scienter.

### FIFTH AFFIRMATIVE DEFENSE
### (Lack of Causation)

Plaintiffs' claims are barred, in whole or in part, because Defendants did not directly or proximately cause or contribute to any damage, loss, or injury sustained by Plaintiffs.

### SIXTH AFFIRMATIVE DEFENSE
### (Immateriality)

Plaintiffs' claims are barred, in whole or in part, because any alleged misrepresentations or omissions for which Defendants are allegedly responsible were not material.

### SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Impact on Market Price)

Plaintiffs' claims are barred, in whole or in part, because the purported misstatements or omissions alleged in the Amended Complaint did not affect the market price of Mallinckrodt securities and/or an insufficient number of traders in Mallinckrodt securities relied on the alleged false and misleading statements, acts, or omissions to affect the market price of those securities.

## EIGHTH AFFIRMATIVE DEFENSE
### (Other Factors Affecting Market Price)

Plaintiffs' claims are barred, in whole or in part, because any depreciation in the market price of Mallinckrodt securities resulted from factors other than the conduct attributed to Defendants.

## NINTH AFFIRMATIVE DEFENSE
### (Lack of Justifiable Reliance)

Plaintiffs' claims are barred, in whole or in part, due to Plaintiffs' lack of justifiable reliance in that Plaintiffs did not purchase or sell any securities in reasonable or justifiable reliance on any representation, act, or omission by Defendants.

## TENTH AFFIRMATIVE DEFENSE
### (Failure to Use Due Care)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to use due care in determining whether to invest in Mallinckrodt.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs knew that the purchase of Mallinckrodt securities involved risk and voluntarily assumed such risk.

## TWELFTH AFFIRMATIVE DEFENSE
### (Reasonableness)

Plaintiffs' claims are barred, in whole or in part, because Defendants had reasonable grounds to believe at the time that Mallinckrodt's statements were true and there was no omission of a material fact required therein or necessary to make the statements therein not misleading.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Justification/Privilege)

Plaintiffs' claims are barred, in whole or in part, because the alleged actions of Defendants, with respect to the matters alleged in the Amended Complaint, were undertaken in good faith, with the absence of malicious intent to injure Plaintiffs, and constitute lawful, proper, and justified means to further the sole purpose of engaging in and continuing Mallinckrodt's business.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (No Breach of Duty)

Plaintiffs' claims are barred, in whole or in part, on the grounds that Defendants had no duty to disclose information allegedly omitted in Mallinckrodt's public statements, Defendants had no duty to update information that was truthful and accurate when made, and/or Defendants had no duty to correct information that they reasonably believed was truthful and accurate when made.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Reliance on Others)

Plaintiffs' claims are barred, in whole or in part, because Defendants reasonably relied upon the information, opinions, reports, and statements presented by others whom Defendants believed to be reliable and competent in the matters presented.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs, by acts, omissions, and/or conduct, are estopped, in whole or in part, from obtaining the relief sought in the Amended Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to bring

the claims asserted in the Amended Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Class Action)

Plaintiffs' claims are barred because this action cannot be maintained as a class action

pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Intervening or Superseding Events)

Plaintiffs' claims are barred, in whole or in part, because intervening or superseding

events, not caused by Defendants, caused some or all of the alleged damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Offset of Damages)

Any recovery for damages allegedly incurred by Plaintiffs, if any, is subject to offset in

the amount of any tax benefit actually received by Plaintiffs through their investments.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiffs have failed to fulfill its duty to mitigate, reduce, or otherwise avoid the alleged

damages, and Plaintiffs are therefore barred from recovering such damages, if any.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (No Entitlement to Costs of Litigation)

Plaintiffs are not entitled to recover its costs and expenses incurred in this action,

including, without limitation, attorneys' fees.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (No Entitlement to Prejudgment Interest)

Plaintiffs are precluded from recovering prejudgment interest because such recovery is

not liquidated or ascertainable and is not otherwise statutorily prescribed.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Proportional Allocation of Fault)

Any damage, loss, or liability sustained by Plaintiffs must be reduced, diminished, and/or

eliminated under the proportionate liability provisions of Section 21D(f)(2)(B) and 21(D)(f)(3)

of the Securities Exchange Act of 1934 to reflect only Defendants' percentages of responsibility.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Nature and Extent of Damages)

Defendants deny that Plaintiffs were injured in the nature, and to the extent, claimed and

contest damages.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Damages Sought Exceed Those Permitted)

The damages sought by Plaintiffs exceed those permitted under the Securities Exchange

Act of 1934, the Reform Act, common law, or any other applicable statute, rule, or regulation.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Speculative Damages)

Plaintiffs' claims are barred, in whole or in part, because the alleged damages, if any, are

speculative and because ascertainment and allocation of the alleged damages is impossible.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Claims Non-Actionable Under Reform Act)

Plaintiffs' claims are barred, in whole or in part, to the extent that the alleged untrue

statements of material fact, omissions of material fact, misleading statements, and/or other

challenged statements made by Defendants fall within the safe harbor provisions of the Reform

Act.

46

WHEREFORE, Defendants seek judgment:

A.      dismissing with prejudice all claims against Defendants;

B.      awarding the costs of defending this action, including reasonable attorneys' fees, costs, and disbursements; and

C.      granting such other and further relief as this Court may deem just and proper.

Dated:    New York, New York
          October 21, 2024

**HOGAN LOVELLS US LLP**

By: */s/* Allison M. Wuertz
Allison M. Wuertz
William M. Regan (*admitted pro hac vice*)
Jacey L. Gottlieb (*admitted pro hac vice*)
390 Madison Avenue
New York, New York 10017
Tel: (212) 918-3000
Fax: (212) 918-3100
allison.wuertz@hoganlovells.com
william.regan@hoganlovells.com
jacey.gottlieb@hoganlovells.com

*Attorneys for Sigurdur Olafsson, Bryan M. Reasons and Paul Bisaro*