# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CONTINENTAL GENERAL INSURANCE COMPANY and PERCY ROCKDALE, LLC, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SIGURDUR OLAFSSON, BRYAN M. REASONS, and PAUL BISARO,<br><br>Defendants. | Case No. 3:23-cv-03662-ZNQ-JBD |

**DECLARATION OF DAWN M. CODY REGARDING: (A) MAILING AND EMAILING OF NOTICE; (B) PUBLICATION OF THE SUMMARY NOTICE; AND (C) REPORT ON REQUESTS FOR EXCLUSION RECEIVED TO DATE**

I, Dawn M. Cody, hereby declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am a Project Manager at Angeion Group ("Angeion"). Angeion's business address is 1650 Arch Street, Suite 2210, Philadelphia, PA 19103. Pursuant to the Court's May 28, 2025 Order Preliminary Approving Settlement and Providing for Notice (ECF No. 47) (the "Preliminary Approval Order"), the Court approved the retention of Angeion as the Claims Administrator in connection with the Settlement in the above-captioned Action.[1]

2. I am over 21 years of age and am not a party to this Action. I have personal knowledge of the facts stated herein.

[1] Unless otherwise defined herein, all capitalized terms have the meanings set forth in the Stipulation of Settlement dated May 27, 2025, ECF No. 46-3 (the "Stipulation").

3. I submit this Declaration to provide the Court and the Parties to the Action with information regarding the dissemination of the Notice as well as other updates regarding the notice and the settlement administration process.

## DISSEMINATION OF THE POSTCARD NOTICE

4. Pursuant to the Preliminary Approval Order, Angeion was responsible for emailing or mailing the Postcard Notice to potential Settlement Class Members. A copy of the Postcard Notice is attached hereto as **Exhibit A**.

5. On or around June 9, 2025, Defendants' Counsel forwarded to Angeion two data files with the names and addresses of 4,500 record holders of Mallinckrodt plc ("Mallinckrodt") common stock identified as potential Settlement Class Members. Upon receipt, the data was electronically processed by Angeion to ensure adequate address formatting and the elimination of duplicate names and addresses, resulting in 2,231 distinct records for mailing. On June 18, 2025, Angeion caused the Postcard Notice to be sent by First-Class Mail to these 2,231 potential Settlement Class Members/record holders.

6. As in most class actions of this nature, the vast majority of potential Settlement Class Members are beneficial purchasers whose securities are held in "street name" by nominees – *i.e.*, the securities are purchased by brokerage firms, banks, institutions, and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers. The names and addresses of these beneficial purchasers are known only to the nominees. Angeion maintains a proprietary database with names and addresses of known brokers, dealers, banks and other nominees to be used for notifying record holders of settlements (the "Broker Database"). On June 18, 2025, Angeion caused the Postcard Notice to be mailed to the 4,161 records contained in Angeion's Broker Database.

7. Angeion also provided a copy of the Long-Form Notice and Claim Form to the Depository Trust Company ("DTC") for posting on its Legal Notice System ("LENS"). The LENS may be accessed by any Nominee that participates in the DTC's security system and provides the DTC participants with the ability to search for and download legal notices as well as receive email alerts based on particular notices

or particular security identifiers (known as CUSIPs). The Long-Form Notice and Claim Form were posted on the DTC's LENS on June 22, 2025. A copy of the Long-Form Notice and the Claim Form are attached hereto as **Exhibits B and C,** respectively.

8. The Long-Form Notice directed those who purchased or otherwise acquired Mallinckrodt common stock during the Settlement Class Period as a nominee for a beneficial owner to, within ten calendar days (10) days of receipt of the Postcard Notice, either request additional copies of the Postcard Notice from Angeion, or a copy of the direct link for the Notice and Proof of Claim form, and send a copy of the Postcard Notice by First-Class Mail to such beneficial owners or provide to Angeion a list of names, last known addresses, and email addresses of such beneficial owners.

9. As of the date of this Declaration, Angeion has received 446 records of potential Settlement Class Members from individuals or brokerage firms, banks, institutions, and other nominees. Angeion has promptly emailed or mailed the Postcard Notice to these individuals.

10. Angeion has also received requests from brokers and other nominee holders for 2,177 Postcard Notices, which the brokers and nominees are required to mail to their customers. In addition to mailing the Postcard Notice, two nominees informed Angeion of its intent to email a link to the Notice and Claim Form to an additional 5,378 potential Settlement Class Members that were not duplicated in their mailing.

11. As of the date of this Declaration, a total of 14,393 Postcard Notices have been disseminated to potential Settlement Class Members and their nominees including 5,399 sent via email and 8,994 sent via First-Class Mail. In addition, a total of 166 Postcard Notices have been returned by the USPS as undeliverable without a forwarding address. Angeion conducted address verification searches ("skip traces") in an attempt to locate updated addresses. Angeion identified 67 updated addresses via skip tracing. Angeion updated the Settlement Class Member database and has remailed Postcard Notices to the 67 potential Settlement Class Members located via this process.

**PUBLICATION OF THE SUMMARY NOTICE**

12. In accordance with the Preliminary Approval Order, Angeion caused the Summary Notice of Pendency of Class Action, Proposed Settlement, Settlement Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses ("Summary Notice") to be transmitted over *Globe Newswire* on July 2, 2025, and published in Investor's *Business Daily* on June 30, 2025. Proof of these publications of the Summary Notice are attached hereto as **Exhibits D and E**, respectively.

**TOLL-FREE TELEPHONE NUMBER**

13. On June 18, 2025, a case-specific toll-free telephone number, 844-921-4200, was established with an Interactive Voice Response ("IVR") system and live operators to accommodate potential Settlement Class Members with questions about the Action and the Settlement. An automated attendant answers all calls initially and presents callers with a series of choices to respond to basic questions. If callers need further help, they have the option to be transferred to an operator during business hours. Angeion continues to maintain the telephone number and will continue to update the IVR system throughout the administration of the Settlement.

**SETTLEMENT WEBSITE**

14. On June 18, 2025, Angeion also established a case-specific website, www.MallinckrodtContinentalSecuritiesSettlement.com, which provides general information regarding the case and its current status, including exclusion, objection, and claim-filing deadlines for the case; access to the online claim filing portal; the date and time of the Settlement Hearing; as well as downloadable copies of Long-Form Notice, Claim Form, and other court documents, including the Stipulation and Preliminary Approval Order. Angeion will update the website as necessary throughout the administration of the Settlement.

**INCOMING MAIL**

15. Angeion has monitored all mail that has been delivered to the mailing address included in the Postcard Notice, Long-Form Notice, Claim Form, Summary Notice and the Settlement Website. All

mail has been reviewed, processed, and responded to in a timely manner. Angeion will continue to monitor all mail received throughout the administration of the Settlement.

**REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS**

16. The Postcard Notice and the Long-Form Notice provide Settlement Class Members with clear instructions on how to request exclusion from the Settlement. Specifically, Settlement Class Members are informed that requests for exclusion from the Settlement Class are to be sent by First-Class Mail to Mallinckrodt Securities Litigation, ATTN: EXCLUSIONS, P.O. Box 58220, Philadelphia, PA 19103, or emailed to info@MallinckrodtContinentalSecuritiesSettlement.com such that they are received no later than November 12, 2025. The Long-Form Notice also sets forth the information that must be included in each request for exclusion. Angeion has monitored and will continue to monitor all mail delivered to the above address.

17. As of the date of this Declaration, Angeion has not received any requests for exclusion.

18. According to the Long-Form Notice, Settlement Class Members seeking to object to the Settlement, the proposed Plan of Allocation, Lead Counsel's motion for attorneys' fees and expenses, and application for compensatory award to Plaintiffs, are required to submit their objection in writing such that the request is received by all members of counsel for the Settling Parties and filed with the Court no later than November 12, 2025. Despite these instructions, Settlement Class Members occasionally send objections to the Claims Administrator rather than to counsel and the Court. As of the date of this Declaration, Angeion has not received any objections, and is not aware of any objections being filed with the Court.

**CLAIMS RECEIVED TO DATE**

19. Pursuant to the Preliminary Approval Order, Claims are to be submitted no later than December 10, 2025. As of the date of this Declaration, Angeion has received a total of 7,744 Claims.

20. As in most cases of this nature, the vast majority of Claims are expected to be submitted on or around the claim filing deadline. Angeion continues to process and load claim submissions. Angeion

will submit a supplemental declaration prior to the Settlement Hearing addressing additional claims received.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of October 2025 in Milwaukee County, Wisconsin.

Dawn M. Cody

# EXHIBIT A

**Court-Ordered Legal Notice**

**Forwarding Service Requested**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

*You may be entitled to a payment. This notice may affect your legal rights.*

*Please read it carefully.*

Mallinckrodt *Securities Litigation*
c/o Claims Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

«ScanString»
Postal Service: Please do not mark barcode

Notice ID: «Notice ID»
«FirstName» «LastName»
«Address1»
«Address2»
«City», «StateCd» «Zip»
«CountryCd»

*CONTINENTAL GENERAL INSURANCE CO. v. OLAFSSON, No. 3:23-cv-03662-ZNQ-JBD (D.N.J.)*
*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*PLEASE VISIT www.MallinckrodtContinentalSecuritiesSettlement.com OR CALL 1-844-921-4200 FOR MORE INFORMATION.*

The United States District Court for the District of New Jersey (the "Court") has preliminarily approved a proposed Settlement of claims against defendants Sigurdur Olafsson, Bryan M. Reasons, and Paul Bisaro (collectively, "Defendants"). The proposed Settlement would resolve a class action lawsuit alleging that Settling Defendants violated federal securities laws, causing damage to Settlement Class Members. Settling Defendants deny any wrongdoing.

You received this notice because you may have purchased or otherwise acquired Mallinckrodt, plc ("Mallinckrodt") common stock between June 17, 2022, and August 25, 2023, both dates inclusive. The Settlement dismisses and releases claims against Defendants and creates a fund consisting of $5,500,000.00, less attorneys' fees and expenses, which will be divided among Settlement Class Members who timely submit valid Proof of Claim and Release Forms ("Proofs of Claim"). The average recovery per share could be $0.53 before deduction of any fees and expenses. The actual amount disbursed to Settlement Class Members who participate in the Settlement may be more or less than this figure. For a full description of the Settlement and your rights and to make a claim, please view the Stipulation of Settlement and obtain a copy of the Notice of Proposed Settlement of Class Action ("Notice") and the Proof of Claim by visiting the website: www.MallinckrodtContinentalSecuritiesSettlement.com. You may also request copies of the Notice and Proof of Claim from the Claims Administrator by: (1) mail: Mallinckrodt Securities Litigation, c/o Claims Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103; (2) toll-free phone: 1-844-921-4200; (3) email: info@MallinckrodtContinentalSecuritiesSettlement.com

To qualify for payment, you must submit a Proof of Claim, which can be found on the website www.MallinckrodtContinentalSecuritiesSettlement.com. PROOFS OF CLAIM ARE DUE BY **December 10, 2025** TO: Mallinckrodt Securities Litigation, c/o Claims Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103 or submitted electronically at www.MallinckrodtContinentalSecuritiesSettlement.com. If you do not want to be legally bound by the Settlement, you must exclude yourself by **November 12, 2025**. If you exclude yourself, you cannot get money from this Settlement. If you choose to remain in the Settlement, you may object to it by **November 12, 2025**. The Notice explains how to exclude yourself or to object.

The Court will hold a Final Approval Hearing in this case on **December 3, 2025 at 1:00 p.m.** at the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, N.J. 08608, to consider whether to approve the Settlement, the Plan of Allocation, and a request by Lead Counsel for up to one-third (33 1/3%) of the Settlement Fund in attorneys' fees, plus up to $350,000 in expenses, and total award to Plaintiffs of no more than $20,000 for litigating the case and negotiating the Settlement, which amounts to approximately $0.26 per affected share. Lead Counsel is Brian Calandra of Pomerantz LLP, 600 Third Ave., 20th Floor, New York, NY 10016, 1-212-661-1100 You may, but do not have to, attend the Final Approval Hearing and ask to be heard by the Court. The Court reserves the right to hold the Final Approval Hearing telephonically or by other virtual means.

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CONTINENTAL GENERAL INSURANCE COMPANY and PERCY ROCKDALE, LLC, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SIGURDUR OLAFSSON, BRYAN M. REASONS, and PAUL BISARO,<br><br>Defendants. | Case No. 3:23-cv-03662-ZNQ-JBD |

**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION**

If you purchased or otherwise acquired the publicly traded common stock ("Stock") of Mallinckrodt plc ("Mallinckrodt" or "Company") between June 17, 2022, and August 25, 2023, both dates inclusive ("Settlement Class Period"), you could get a payment from a class action settlement ("Settlement").[1]

***A federal court authorized this Notice. This is not attorney advertising.***

- The Court will hold a Final Approval Hearing on December 3, 2025, at 1:00 p.m. EST to decide whether to approve the Settlement. If approved by the Court, the Settlement will provide $5,500,000 gross (the "Settlement Amount"), plus interest as it accrues, minus attorneys' fees, costs, compensatory awards to Plaintiffs and administrative expenses, net of any taxes on interest, to pay claims of investors who purchased Mallinckrodt common stock during the Settlement Class Period.

- Based on Plaintiffs' damages expert's estimate of 10,296,626 million shares of Mallinckrodt common shares purchased or acquired during the Settlement Class Period that may have been affected by the conduct alleged in the above-captioned Litigation, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible share of Mallinckrodt Common Stock is $0.53. Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their Mallinckrodt common stock, and the total number of valid Proof of Claim and Release Forms ("Proof of Claim") submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (see pages 10 to 13 below) or such other plan of allocation as may be ordered by the Court.

- To claim your share of the Settlement, you must submit a valid Proof of Claim by December 10, 2025.

- Attorneys for Plaintiffs ("Lead Counsel") intend to ask the Court to award them fees of up to 33 1/3% percent of the Settlement Amount plus interest and reimbursement of up to $350,000 in litigation expenses. Since the Litigation's inception, Lead Counsel have expended considerable time and effort in this litigation on a contingent-fee basis and have advanced the expenses of the litigation in the expectation that if they were successful in obtaining a recovery for the Settlement Class, they would be paid from such recovery. Lead Counsel also intends to ask the Court to grant compensatory awards to Plaintiffs not to exceed, in total, $20,000 in total. Collectively, the requested attorneys' fees, litigation expenses and compensatory award to Plaintiffs are estimated to average $0.26 per allegedly damaged Mallinckrodt share. If approved by the Court, these amounts will be paid from the Settlement Fund.

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation of Settlement dated May 27, 2025 ("Stipulation"), which is available at www.MallinckrodtContinentalSecuritiesSettlement.com.

- The estimated average recovery, after the deductions set forth in the preceding paragraph, is $0.27 per allegedly damaged Mallinckrodt share. This estimate is based on the assumptions set forth in the preceding paragraphs. Your actual recovery, if any, will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold Mallinckrodt securities, the purchase and sales prices, and the total number and amount of claims filed.

- The Settlement resolves the Litigation concerning whether Sigurdur Olafsson, Bryan M. Reasons, and Paul Bisaro (collectively, "Defendants")[2] violated federal securities laws by allegedly making misrepresentations and/or omissions of material fact in public statements to the investing public concerning, *inter alia*: (1) Mallinckrodt's ability to create value for shareholders after emerging from bankruptcy; (2) the Company's operating plan; (3) the Company's liquidity; (4) the Company's financial performance; (5) the Company's position concerning a potential bankruptcy; and (6) the Company's ability to timely make payments pursuant to a prior settlement related to claims concerning Mallinckrodt's sale of opioids. Defendants have denied and continue to deny each, any, and all allegations of wrongdoing, fault, liability, or damage whatsoever asserted by Plaintiffs. Defendants have also denied, *inter alia*, the allegations that Plaintiffs or the Settlement Class have suffered damages or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Litigation. Defendants continue to believe the claims asserted against them in the Litigation are without merit.

- This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants. This Notice is solely to advise you of the pendency of the Litigation, the proposed Settlement of the Litigation, and your rights in connection therewith.

- Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on this claim. Therefore, you should read this Notice carefully.

| **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT** | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment from the Settlement. Proof of Claim forms must be postmarked or submitted online on or before December 10, 2025. *See* Question 10 below for details. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against the Defendants or any other Released Persons about the legal claims that were or could have been asserted in this case. Should you elect to exclude yourself from the Settlement Class you should understand that the Defendants and the other Released Persons will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. *See* Question 13 below for details.<br>**Requests for Exclusion must be received on or before November 12, 2025.** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees, costs, and expenses. You will still be a member of the Settlement Class.<br>Objections must be received by the Court, Lead Counsel, and Defendants' Counsel on or before November 12, 2025. If you submit a written objection, you may (but do not have to) attend the Final Approval Hearing. *See* Question 18 below for details. |
| **GO TO THE HEARING** | Ask to speak in Court about the fairness of the Settlement. Requests to speak must be received by the Court and counsel on or before November 12, 2025.<br>The Final Approval Hearing is set for December 3, 2025. *See* Question 20 to 22 below for details. |
| **DO NOTHING** | Receive no payment. You will, however, still be a Settlement Class Member, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Persons about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

[2] On October 25, 2023, Mallinckrodt was voluntarily dismissed from the Litigation without prejudice due to Mallinckrodt's bankruptcy petition, filed in the Bankruptcy Court for the District of Delaware.

## INQUIRIES

**Please do not contact the Court or Defendants regarding this Notice.** All inquiries concerning this Notice, the Proof of Claim, or any other questions by Settlement Class Members should be directed to:

| Mallinckrodt Securities Litigation<br>c/o Claims Administrator<br>1650 Arch Street, Suite 2210<br>Philadelphia, PA 19103<br>Telephone: 1-844-921-4200<br>Email: info@MallinckrodtContinentalSecuritiesSettlement.com |
|---|
| **OR** |
| Brian Calandra<br>POMERANTZ LLP<br>600 Third Avenue, Floor 20<br>New York, New York 10016<br>Telephone: 1-212-661-1100<br>Email: bcalandra@pomlaw.com |

## BASIC INFORMATION CONCERNING THE SETTLEMENT

### 1. Why did I get this notice package?

You or someone in your family may have purchased or otherwise acquired the common stock of, Mallinckrodt between June 17, 2022, and August 25, 2023, both dates inclusive (the "Settlement Class Period").

### 2. What is this settlement about?

This settlement resolves the case known as *Continental General Insurance Co. v. Olafsson, et al.*, No. 3:23-cv-03662-ZNQ-JBD (D.N.J.), filed on July 7, 2023. The Court in charge of the case is the United States District Court for the District of New Jersey (the "New Jersey Court").

On December 26, 2023, Plaintiffs filed the Amended Complaint and Demand for Jury Trial ("Complaint") alleging violations of provisions of the Securities Exchange Act of 1934 ("Exchange Act") by allegedly making misrepresentations and/or omissions of material fact in public statements to the investing public regarding 1) Mallinckrodt's ability to create value for shareholders after emerging from bankruptcy; (2) the Company's operating plan; (3) the Company's liquidity; (4) the Company's financial performance; (5) the Company's bankruptcy concerns; and (6) the Company's ability to timely make payments pursuant to the Opioid Settlement.. The Consolidated Class Action Complaint ("Complaint") alleges that the misstatements or omissions artificially inflated the price of Mallinckrodt common stock, and that the share prices dropped in response to certain subsequent disclosures.

The Defendants deny each and all of the claims and contentions of wrongdoing alleged by Plaintiffs in the Litigation. The Defendants contend that they did not make any materially false or misleading statements, that they disclosed all material information required by the federal securities laws, and that they at all times acted in good faith. The Defendants also contend that any losses allegedly suffered by Settlement Class Members were not caused by any false or misleading statements by them and/or were caused by intervening events, and they have meritorious defenses to all claims that were raised or could have been raised in the Litigation. The Settlement shall in no event be construed as, or deemed to be evidence of, liability, fault, wrongdoing, injury, or damages, or of any wrongful conduct, acts, or omissions on the part of Defendants or any of the Released Persons, or of any infirmity of any defense, or of any damages to the Plaintiffs or any other Settlement Class Member. The Settlement resolves all of the claims in the Litigation, as well as certain other claims or potential claims, whether known or unknown.

### 3. Why is this a class action?

In a class action, one or more persons called plaintiffs sue on behalf of all persons who have similar claims. All of the persons with similar claims are referred to as a class. One court resolves the issues for all class members, except for those who exclude themselves from the class.

**4. Why is there a settlement?**

Plaintiffs and Defendants do not agree regarding the merits of Plaintiffs' allegations and Defendants' defenses with respect to liability or the average amount of damages per share, if any, that would be recoverable if Plaintiffs were to prevail at trial on each claim.

This matter has not gone to trial and the Court has not decided in favor of either Plaintiffs or Defendants. Instead, Plaintiffs and Defendants have agreed to settle the case to avoid the distraction, costs, and risks of further litigation, and Plaintiffs agreed to the Settlement in order to ensure that Settlement Class Members will receive compensation.

Plaintiffs and Lead Counsel believe the Settlement is best for all Settlement Class Members because of the risks associated with continued litigation and the nature of the defenses raised by the Defendants. Among the reasons that Plaintiffs and Lead Counsel believe the Settlement is fair is the uncertainty about whether they will be able to prove that any challenged statement was false or misleading, that the alleged misstatements and omissions actually caused the Settlement Class any damages, and the amount of damages, if any.

If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against the Defendants, neither Plaintiffs nor the other members of the Settlement Class would recover anything from the Defendants. Also, if the Defendants were to prevail in proving any of their defenses at summary judgment, trial, or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to determine if you are a Settlement Class Member.

**5. How do I know if I am part of the Settlement?**

The Settlement Class includes all persons or entities, except those who are excluded as described below, who purchased or otherwise acquired Mallinckrodt common stock between June 17, 2022, and August 25, 2023, both dates inclusive ("Settlement Class Period") and were injured thereby. If one of your mutual funds owns Mallinckrodt common stock, that alone does not make you a Settlement Class Member. Also, if you sold Mallinckrodt common stock during the Settlement Class Period, that alone does not make you a Settlement Class Member. You are a Settlement Class Member only if you directly purchased or otherwise acquired Mallinckrodt common stock during the Settlement Class Period. Contact your broker to see if you have made any of these transactions.

**Please Note:** Receipt of this Notice or the Postcard Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of the proceeds from the Settlement, you are required to submit a Proof of Claim and the required supporting documentation as set forth therein postmarked or submitted online on or before December 10, 2025.

**6. Are there exceptions to being included?**

Yes. Excluded from the Settlement Class are (i) Defendants, the officers and directors of Mallinckrodt, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest; (ii) Opt-Outs, *i.e.*, those Persons who timely and validly request exclusion from the Settlement Class in accordance with the requirements set forth below; and (iii) Persons who have no compensable damages. Also excluded from the Settlement Class is any plaintiff in *Alta Fundamental Advisors LLC v. Bisaro*, No. 3:24-cv-09245 (D.N.J. Sept. 17, 2024), and any affiliate or subsidiary thereof.

**7. What if I am still not sure if l am included?**

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at 1-844-921-4200 or at info@MallinckrodtContinentalSecuritiesSettlement.com or by visiting the website www.MallinckrodtContinentalSecuritiesSettlement.com, or you can fill out and return the Proof of Claim form enclosed with this Notice package to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

**8. What does the Settlement provide?**

The proposed Settlement provides for Defendants to cause to be paid $5,500,000 into a settlement fund ("Settlement Fund"), in exchange for the release of the Released Claims (as defined in the Settlement Stipulation) and dismissal of the Litigation. The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay attorneys' fees with interest and reasonable litigation expenses to Lead Counsel, and compensatory awards to Plaintiffs. A portion of the Settlement Fund also will be used to pay taxes due on interest earned by the Settlement Fund, if necessary, and the costs of the claims administration, including the costs of printing and mailing the Postcard Notice and the

costs of publishing notice. After the foregoing deductions from the Settlement Fund have been made, the amount remaining ("Net Settlement Fund") will be distributed to Settlement Class Members who submit timely, valid claims, according to the Plan of Allocation to be approved by the Court ("Authorized Claimants").

**9. How much will my payment be?**

Your share of the Net Settlement Fund will depend on several factors, including: (i) how many Mallinckrodt common stock shares you purchased or sold during the Settlement Class Period, and the dates and prices of those purchases and sales; (ii) the number of timely and valid claims submitted by other Settlement Class Members, and the purchases and sales of Mallinckrodt common stock represented by those claims; (iii) the amount of administrative costs, including the costs of notice; and (iv) the amount awarded by the Court to Lead Counsel for attorneys' fees, costs, and expenses and a compensatory award to Plaintiffs.

The Claims Administrator will determine each Settlement Class Member's *pro rata* share of the Net Settlement Fund based upon each Settlement Class Member's valid "Recognized Loss." The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Settlement Class Members with valid claims. The Recognized Loss formula is not intended to be an estimate of the amount that a Settlement Class Member might have been able to recover after a trial; it also is not an estimate of the amount that will be paid to Settlement Class Members pursuant to the Settlement. You can calculate your Recognized Loss by following the instructions in the Plan of Allocation on pages 10-13 of this Notice.

It is unlikely that you will get a payment for all of your Recognized Loss. After all Settlement Class Members have sent in their Proof of Claim forms, the payment you get will be a part of the Net Settlement Fund equal to your Recognized Loss divided by the total of everyone's Recognized Losses.

## HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM

**10. How can I get a payment?**

To qualify for a payment, you must submit a Proof of Claim form. The Claims Administrator will process your claim and determine whether you are an Authorized Claimant.

A Proof of Claim form may be downloaded at www.MallinckrodtContinentalSecuritiesSettlement.com Read the instructions carefully, fill out the form, include all the documents that the form requests, sign it, and mail or submit it online so that it is postmarked or received on or before December 10, 2025. The claim form may be submitted online at www.MallinckrodtContinentalSecuritiesSettlement.com or mailed to: Mallinckrodt Securities Litigation, c/o Claims Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.

**11. When would I get my payment?**

The Court will hold a Final Approval Hearing on December 3, 2025 at 1:00 p.m. EST to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals afterwards. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Proofs of Claim to be processed. Please be patient.

**12. What am I giving up to get a payment or to stay in the Settlement Class?**

Unless you exclude yourself from the Settlement Class by the November 12, 2025, deadline, you will remain a member of the Settlement Class and will be bound by the release of claims against Defendants and other Released Persons (as defined below) if the Settlement is approved. That means you and all other Settlement Class Members and each of their respective present, former, and future direct and indirect parent entities, associates, affiliates, subsidiaries, predecessors, successors, and the officers, directors, attorneys, assigns, legal representatives, and agents of each of them, each of their respective officers, directors, attorneys, legal representatives, and agents, and any person or entity which is or was related to or affiliated with any of them, and each of their immediate family members, heirs, representatives, administrators, executors, trustees, successors, assigns, devisees, legatees, and estates will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) as against Defendants and other Released Persons any Released Claims (as defined below), including Unknown Claims (as defined below) in this Litigation:

- "Released Persons" means each and all of Defendants and Mallinckrodt and each and all of their attorneys, accountants, investment bankers, underwriters, insurers, or reinsurers in their capacities as such, as well as each of the immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns.
- "Related Parties" means Defendants' and Mallinckrodt's attorneys, accountants, investment bankers, underwriters, insurers, or reinsurers in their capacities as such, as well as each of the immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns.

- "Released Claims" means any and all claims, suits, actions, appeals, causes of action, damages (including, without limitation, compensatory, punitive, exemplary, rescissory, direct, consequential, or special damages, and restitution and disgorgement), demands, rights, debts, penalties, costs, expenses, fees, injunctive relief, attorneys' fees, expert or consulting fees, prejudgment interest, indemnities, duties, liabilities, losses, or obligations of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, fixed or contingent, direct or indirect, anticipated or unanticipated, whether legal, contractual, rescissory, statutory, or equitable in nature, arising under federal, state, local, statutory, or common law, or any other law, rule, or regulation that have been or could have been asserted in any forum by the members of the Settlement Class, or the successors or assigns of any of them, in any capacity, against Defendants and Mallinckrodt, and Defendants' and Mallinckrodt's attorneys, accountants, investment bankers, underwriters, insurers, or reinsurers in their capacities as such, as well as each of the immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns, arising out of, based upon or related in any way to the purchase, acquisition, sale, or ownership of Mallinckrodt Common Stock during the Settlement Class Period, including without limitation any claims related to the allegations, transactions, facts, events, matters, occurrences, acts, representations, or omissions involved, set forth , referred to, or that could have been asserted in the Litigation, and any for negligence, gross negligence, breach of duty of candor, fraud, or negligent misrepresentation, except for any claims relating to the enforcement of the Settlement. For the avoidance of doubt, the Settlement does not release the claims raised in *Alta Fundamental Advisors LLC v. Bisaro*, No. 3:24-cv-09245 (D.N.J. Sept. 17, 2024). Nothing in this paragraph shall affect any claims, demands, rights, or causes of action and liabilities: (a) between or among Defendants; or (b) between Defendants and their insurers.
- "Unknown Claims" means (i) any Released Claims which Plaintiffs or any Settlement Class Member do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons, which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Settlement Class; and (ii) any Defendants' Claims that any Defendant does not know or suspect to exist in his, her or its favor at the time of the release of Plaintiffs, the Settlement Class Members, and Plaintiffs' counsel, which, if known by him, her or it might have affected his, her or its settlement with and release of Plaintiffs, the Settlement Class Members, and Plaintiffs' counsel, or might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Released Claims and Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by California Civil Code §1542, which provides:

  > A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

  The Settling Parties shall fully, finally, and forever expressly waive, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. Plaintiffs, Defendants and the Settlement Class Members acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims or Defendants' Claims, but Plaintiffs shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, compromised, settled, discharged, extinguished, and released, any and all Released Claims against the Released Persons, and Defendants shall expressly, fully, finally, and forever settle and release any and all Defendants' Claims, in each case whether known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, disclosed or undisclosed, matured or unmatured, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which these releases are a part.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 13. How do I get out of the proposed Settlement?

If you do not want a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Defendants or other Released Persons on your own about the claims being released in this Settlement, then you must take steps to remove yourself from the Settlement. This is called excluding yourself, or "opting out," from the Settlement. If you are requesting exclusion from the Settlement Class because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose. If requests for exclusion exceed a certain amount, as set forth in a separate confidential agreement between the Settling Parties, the Defendants shall have, in their discretion, the option to terminate the Settlement in accordance with the procedures set forth in the Supplemental Agreement.

To exclude yourself from the Settlement, you must mail a letter stating that you "request exclusion from the Settlement Class in *Continental General Insurance Co. v. Olafsson et al.*, No. 3:23-cv-03662-ZNQ-JBD (D.N.J.)." To be valid, the letter must state (a) your name, address, telephone number, and e-mail address (if any); (b) the date, number of securities, and dollar amount of all purchases, acquisitions, sales, or dispositions of Mallinckrodt common stock during the Settlement Class Period; and (c) the number of Mallinckrodt common stock shares held by you as of August 25, 2023. In order to be valid, such request for exclusion must be submitted with documentary proof (i) of each purchase or acquisition and, if applicable, sale transaction of Mallinckrodt common stock during the Settlement Class Period and (ii) demonstrating your status as a beneficial owner of the Mallinckrodt common stock. Any request for exclusion must be signed and submitted by you, as the beneficial owner, under penalty of perjury. You must submit your exclusion request so that it is **received on or before December 10, 2025 at**:

Mallinckrodt Securities Litigation
Attn: Exclusions
P.O. Box 58220
Philadelphia, PA 19102

You cannot exclude yourself by telephone or by e-mail. If you properly exclude yourself, you will not receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by the judgment in this case.

### 14. If I do not exclude myself, can I sue the Defendants or the other Released Persons for the same thing later?

No. Unless you exclude yourself by following the instructions above, you give up any rights to sue the Defendants or the other Released Persons for the claims being released in this Settlement. If you have a pending lawsuit against the Released Persons or related to any Released Claims, speak to your lawyer immediately, since you must exclude yourself from this Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is **November 12, 2025.**

### 15. If I exclude myself, can I get money from the proposed Settlement?

No. If you exclude yourself, you may not send in a Proof of Claim to ask for any money.

## THE LAWYERS REPRESENTING YOU

### 16. Do I have a lawyer in this case?

The Court has appointed Pomerantz LLP as Lead Counsel to the Class, to represent you and the other Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense. Contact information for Pomerantz LLP is provided above.

### 17. How will the lawyers be paid?

Lead Counsel have expended considerable time litigating this Action on a contingent-fee basis and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or reimbursed for their expenses in advance of this Settlement. Lead Counsel have done so with the expectation that, if they are successful in recovering money for the Settlement Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. Lead Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the Settlement Fund. Therefore, Lead Counsel will file a motion at the Final Approval Hearing asking the Court for an award of attorneys' fees in an amount not greater than 33 1/3% of the Settlement Fund, plus reimbursement of litigation expenses of no more than $380,000 and compensatory awards to Plaintiffs not to exceed $20,000 in total. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

### 18. How do I tell the Court that I object to the proposed Settlement?

If you are a Settlement Class Member, you can tell the Court you do not agree with the proposed Settlement, any part of the Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and expenses and application for a compensatory award to Plaintiffs. You can write to the Court setting out your objection. The Court will consider your views.

To object, you must send a signed letter saying that you object to the proposed Settlement in *Continental General Insurance Co. v. Olafsson et al.*, No. 3:23-cv-03662-ZNQ-JBD (D.N.J.). Be sure to include (1) your name, address, telephone number, and your signature; (2) sufficient documentation of the date(s), price(s), and amount(s) of all Mallinckrodt common stock that you purchased, otherwise acquired, sold, or otherwise disposed of during the Settlement Class Period, in order to show membership in the Settlement Class; (3) all grounds for the objection, including any legal support known to you or your counsel, (4) the name, address and telephone number of all counsel, if any, who represent you, including your former or current counsel who may be entitled to compensation in connection with the objection, (5) whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and (6) the number of times you and/or your counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case and the identity of each case, by name, court and docket number.

If you object to either the Settlement or the requested

reimbursement of expenses, you subject yourself to the jurisdiction of the District Court in this matter and consent to being deposed in your district of residence and producing in advance of a deposition any responsive documents to a discovery request prior to the Final Approval Hearing.

Attendance at the Final Approval Hearing is not necessary. Objectors wishing to be heard orally at the Final Approval Hearing must indicate in their written objection that they intend to appear at the Final Approval Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Final Approval Hearing.

Be sure to mail or deliver copies of any objections, papers and briefs to **each** of the addresses listed below such that they are **received on or before November 12, 2025:**

<table>
<tr><th colspan="2">Clerk of the Court</th></tr>
<tr><td colspan="2">Clarkson S. Fisher Building & U.S. Courthouse<br>402 East State Street<br>Room 2020<br>Trenton, NJ 08608</td></tr>
<tr><th>Lead Counsel</th><th>Counsel for Defendants</th></tr>
<tr><td>Brian Calandra<br>POMERANTZ LLP<br>600 Third Avenue, Floor 20<br>New York, New York 10016<br>Telephone: 1-212-661-1100<br>Email: bcalandra@pomlaw.com</td><td>Allison M. Wuertz<br>William M. Regan<br>Jacey L. Gottlieb<br>390 Madison Avenue<br>New York, New York 10017<br>Telephone: 1-212-918-3000<br>Email: allison.wuertz@hoganlovells.com<br>william.regan@hoganlovells.com<br>jacey.gottlieb@hoganlovells.com</td></tr>
</table>

### 19. What is the difference between objecting and excluding myself?

Objecting is simply telling the Court you do not like something about the Settlement or some portion thereof. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class or the Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

## THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend, and you may ask to speak, but you do not have to.

### 20. When and where will the Court decide whether to approve the proposed Settlement?

The Court will hold a hearing in this case on December 3, 2025 at 1:00 p.m. EST at the United States District Court for the Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, N.J. 08608.

At this hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court; whether an Order and Final Judgment as provided in the Settlement Stipulation should be entered; and whether the proposed Plan of Allocation should be approved. If there are objections, the Court will consider them, even if the objectors do not ask to speak at the hearing. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much should be awarded to Lead Counsel for attorneys' fees and expenses and a compensatory award to Plaintiffs for her service to the Settlement Class.

We do not know how long these decisions will take. You should be aware that the Court may change the date and time of the Final Approval Hearing without another notice being sent to Settlement Class Members. If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date and/or time has not changed.

### 21. Do I have to come to the hearing?

No. Lead Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

### 22. May I speak at the hearing?

If you object to the Settlement, you may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must include with your objection (see question 18 above) a statement that you "intend to appear in *Continental General Insurance Co. v. Olafsson, et al.*, No. 3:23-cv-03662-ZNQ-JBD (D.N.J.)." Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees, costs, and expenses, and desire to present evidence at the Final Approval Hearing, must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Final Approval Hearing. You cannot speak at the hearing if you exclude yourself.

Your notice of intention to appear must be **received on or before November 12, 2025**, and addressed to the Clerk of Court, Lead Counsel, and Defendants' Counsel, at the addresses listed above in question 18. You cannot speak at the hearing if you exclude yourself from the Class

## IF YOU DO NOTHING

### 23. What happens if I do nothing at all?

If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or the Released Persons about the Released Claims (as defined in the Settlement Stipulation) ever again.

## GETTING MORE INFORMATION

### 24. Are there more details about the proposed Settlement?

This Notice summarizes the proposed Settlement. More details are in the Settlement Stipulation. The Settlement Stipulation is the controlling document describing the proposed Settlement, and its terms govern anything to the contrary in this Notice. You can get a copy of the Settlement Stipulation and obtain answers to common questions regarding the proposed Settlement by visiting www.MallinckrodtContinentalSecuritiesSettlement.com, by contacting the Claims Administrator toll-free at: 1-844-921-4200 or by email at info@MallinckrodtContinentalSecuritiesSettlement.com.

### 25. How do I get more information?

For even more detailed information concerning the matters involved in this Action, see the Settlement Stipulation, the pleadings in the Litigation, the papers filed in support of the Settlement, and the orders entered by the Court, which will be posted on the

settlement website www.MallinckrodtContinentalSecuritiesSettlement.com. For a fee, all papers filed in this Action are also available at www.pacer.gov.

**PROPOSED PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS**

1. The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged fraud, as opposed to losses caused by market- or industry-wide factors, or company-specific factors unrelated to the alleged fraud. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below.

2. A Recognized Loss will be calculated for each share of Mallinckrodt common stock purchased or otherwise acquired during the Settlement Class Period.[3] The calculation of Recognized Loss will depend upon several factors, including when shares of Mallinckrodt common stock were purchased or otherwise acquired during the Settlement Class Period, and for what price, and whether those shares were sold, and if sold, when they were sold. The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

3. The Plan of Allocation was created with the assistance of a consulting damages expert and reflects the assumption that the price of Mallinckrodt common stock was artificially inflated throughout the Settlement Class Period. The estimated alleged artificial inflation in the price of Mallinckrodt common stock is reflected in Table 1 below. The computation of the estimated alleged artificial inflation in the price of Mallinckrodt common stock is based on certain misrepresentations alleged by Plaintiffs and the price change in the stock in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Plaintiffs.

4. The U.S. federal securities laws allow investors to recover for losses caused by disclosures which corrected the Defendants' previous misleading statements or omissions. Thus, in order to have been damaged by the alleged violations of the federal securities laws, Mallinckrodt common stock purchased or otherwise acquired during the Settlement Class Period must have been held during a period of time in which its price declined due to the disclosure of information which allegedly corrected an alleged misleading statement or omission. Plaintiffs and Lead Counsel have determined that, beginning after market close on Friday June 2, 2023, disclosures of information correcting the alleged misleading statements and omissions caused the decline in the price of Mallinckrodt's common stock during the period from June 5, 2023 through the end of the Settlement Class Period, inclusive. Accordingly, if a share of Mallinckrodt common stock was sold prior to June 5, 2023, the Recognized Loss for that share is $0.00, and any loss suffered is not compensable under the federal securities laws.

**Table 1**
**Artificial Inflation in Mallinckrodt Common Stock***

| **From** | **To** | **Per-Share Price Inflation** |
|---|---|---|
| June 17, 2022 | June 2, 2023 | $2.45 |
| June 5, 2023 | August 25, 2023 | MNK Closing Price |
| August 29, 2023 | Thereafter | $0.00 |

5. The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for Mallinckrodt common stock. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on Mallinckrodt common stock purchased during the Settlement Class Period and held as of the close of the 90-day period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and its average closing price during the 90-Day Lookback Period. The Recognized Loss on Mallinckrodt common stock purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and its rolling average closing price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

[3] Prior to October 27, 2022, Mallinckrodt common stock was listed on the OTC under the ticker symbol "MNKPF." During the period October 27, 2022 through August 25, 2023, inclusive, the Company's shares were listed on the NYSE American under the ticker symbol "MNK." The shares began trading on the Pink Open Market (formerly known as the OTC Pink Marketplace) on August 29, 2023 under the symbol "MNKTQ." On November 14, 2023, upon Mallinckrodt's emergence from bankruptcy proceedings, all of the Company's outstanding ordinary shares were cancelled and ceased trading on the Pink Open Market.

6. In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero. Any transactions in Mallinckrodt common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

**Calculation of Recognized Loss Per Share of Mallinckrodt Common Stock**

7. For each share of Mallinckrodt common stock purchased or otherwise acquired during the Settlement Class Period (i.e., June 17, 2022 through August 25, 2023, inclusive), the Recognized Loss per share shall be calculated as follows:

i. For each share of Mallinckrodt common stock sold prior to June 5, 2023, the Recognized Loss is $0.

ii. For each share of Mallinckrodt common stock purchased during the Settlement Class Period that was subsequently sold during the period June 5, 2023 through August 25, 2023, inclusive, the Recognized Loss is the amount of price inflation on the date of purchase as appears in Table 1 above *minus* the amount of price inflation on the date of sale as appears in Table 1.

iii. For each share of Mallinckrodt common stock purchased during the Settlement Class Period that was subsequently sold during the period August 29, 2023 through November 14, 2023, inclusive (i.e., sold during the 90-Day Lookback Period), the Recognized Loss is *the lesser of*:

a. the amount of price inflation on the date of purchase as appears in Table 1 above; or

b. the purchase price *minus* the "90-Day Lookback Value" on the date of sale provided in Table 2 below.

iv. For each share of Mallinckrodt common stock purchased during the Settlement Class Period and still held as of the close of trading on November 14, 2023, the Recognized Loss is *the lesser of*:

a. the amount of price inflation on the date of purchase as appears in Table 1 above; or

b. the purchase price *minus* the average closing price for Mallinckrodt common stock during the 90-Day Lookback Period, which is $0.09.

**Table 2**

| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
|---|---|---|---|---|---|
| 8/29/2023 | $0.21 | 9/26/2023 | $0.11 | 10/23/2023 | $0.09 |
| 8/30/2023 | $0.17 | 9/27/2023 | $0.11 | 10/24/2023 | $0.09 |
| 8/31/2023 | $0.15 | 9/28/2023 | $0.11 | 10/25/2023 | $0.09 |
| 9/1/2023 | $0.15 | 9/29/2023 | $0.10 | 10/26/2023 | $0.09 |
| 9/5/2023 | $0.14 | 10/2/2023 | $0.10 | 10/27/2023 | $0.09 |
| 9/6/2023 | $0.14 | 10/3/2023 | $0.10 | 10/30/2023 | $0.09 |
| 9/7/2023 | $0.13 | 10/4/2023 | $0.10 | 10/31/2023 | $0.09 |
| 9/8/2023 | $0.13 | 10/5/2023 | $0.10 | 11/1/2023 | $0.09 |
| 9/11/2023 | $0.13 | 10/6/2023 | $0.10 | 11/2/2023 | $0.08 |
| 9/12/2023 | $0.13 | 10/9/2023 | $0.10 | 11/3/2023 | $0.08 |
| 9/13/2023 | $0.12 | 10/10/2023 | $0.10 | 11/6/2023 | $0.08 |
| 9/14/2023 | $0.12 | 10/11/2023 | $0.09 | 11/7/2023 | $0.08 |
| 9/15/2023 | $0.12 | 10/12/2023 | $0.09 | 11/8/2023 | $0.08 |
| 9/18/2023 | $0.12 | 10/13/2023 | $0.09 | 11/9/2023 | $0.08 |
| 9/19/2023 | $0.12 | 10/16/2023 | $0.09 | 11/10/2023 | $0.09 |
| 9/20/2023 | $0.12 | 10/17/2023 | $0.09 | 11/13/2023 | $0.08 |
| 9/21/2023 | $0.12 | 10/18/2023 | $0.09 | 11/14/2023 | $0.09 |
| 9/22/2023 | $0.11 | 10/19/2023 | $0.09 | N/A | N/A |
| 9/25/2023 | $0.11 | 10/20/2023 | $0.09 | N/A | N/A |

**INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS**

8. The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible shares that participate in the Settlement, which is determined based on the number of Proof

of Claim and Release forms submitted and accepted as valid, and when those shares were purchased and sold. The number of claimants who send in claims varies widely from case to case.

9. A purchase or sale of Mallinckrodt common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

10. All purchase and sale prices shall exclude any fees and commissions.

11. If a Settlement Class Member acquired Mallinckrodt common stock during the Settlement Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that Mallinckrodt shares were originally purchased prior to commencement of the Settlement Class Period, the Recognized Loss for such shares shall be deemed to be zero ($0.00).

12. Notwithstanding any of the above, shares of Mallinckrodt common stock acquired through the exercise, conversion, or exchange of non-publicly traded securities are not eligible to participate in the Settlement. Receipt of Mallinckrodt common stock during the Settlement Class Period in exchange for securities of any corporation or entity other than Mallinckrodt shall not be deemed a purchase or sale of Mallinckrodt common stock.

13. The first-in-first-out ("FIFO") basis will be applied to purchases and sales. Sales will be matched in chronological order, by trade date, first against Mallinckrodt common stock held as of the close of trading on June 16, 2022 (the last day before the Settlement Class Period begins) and then against the purchase of Mallinckrodt common stock during the Settlement Class Period.

14. The date of covering a "short sale" is deemed to be the date of purchase of shares. The date of a "short sale" is deemed to be the date of sale of shares. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has a short position in Mallinckrodt common stock, the earliest subsequent Settlement Class Period purchases shall be matched against such short position and not be entitled to a recovery until that short position is fully covered.

15. With respect to Mallinckrodt common stock purchased or sold through the exercise of a publicly traded option, the purchase/sale date of the stock shall be the exercise date of the option and the purchase/sale price of the stock shall be the exercise price of the option. Any Recognized Loss arising from purchases of Mallinckrodt common stock acquired during the Settlement Class Period through the exercise of a publicly traded option on Mallinckrodt common stock shall be computed as provided for other purchases of Mallinckrodt common stock in the Plan of Allocation.[4]

16. Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. A Recognized Loss will be calculated as defined herein and cannot be less than zero. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

17. Settlement Class Members who do not submit an acceptable Proof of Claim and Release Form, with appropriate supporting documentation, will not share in the Settlement proceeds. The Settlement and the Final Order and Judgment dismissing this Action with prejudice will nevertheless bind Settlement Class Members who do not submit a request for exclusion and/or submit an acceptable Proof of Claim and Release Form.

18. Please contact the Claims Administrator if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim and Release Form. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims-administration process, to decide the issue by submitting a written request.

19. Defendants, their respective counsel, and all other Released Parties will have no responsibility or liability whatsoever for the processing of Proof of Claim and Release Forms, the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Plaintiffs and Lead Counsel, likewise, will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

20. Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining

---

[4] The "exercise of a publicly traded option" as used in this sentence includes: (1) purchases of Mallinckrodt common stock as the result of the exercise of a publicly traded call option; and (2) purchases of Mallinckrodt common stock by the seller of a publicly traded put option as a result of the buyer of such put option exercising that put option.

in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds will be used in the following fashion: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Lead Counsel or the Claims Administrator as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance will then be distributed pursuant to a method approved by the Court.

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

If, between June 17, 2022 and August 25, 2023, both dates inclusive, you purchased or otherwise acquired Mallinckrodt common stock for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THE POSTCARD NOTICE, you either (a) provide to the Claims Administrator the name, last known address, and email address of each person or organization for whom or which you purchased such Mallinckrodt common stock during such time period or (b) request additional copies of the Notice and the Proof of Claim form or a copy of the direct link for the Notice and Proof of Claim form, which will be provided to you free of charge, and within ten (10) days mail the Notice and Proof of Claim form directly to the beneficial owners/purchasers of the Mallinckrodt common stock. If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners/purchasers, up to $0.03 plus postage at the current pre-sort rate used by the Claims Administrator per Notice and Proof of Claim; $0.03 per Notice and Claim Form transmitted by email; or $0.03 per name, mailing address, and email address provided to the Claims Administrator, which expenses would not have been incurred except for the sending of such notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications regarding the foregoing should be addressed to the Claims Administrator at the address listed on page 3 above.

Dated: June 18, 2025

______________________________________

HONORABLE ZAHID N. QURAISHI
UNITED STATES DISTRICT JUDGE
DISTRICT OF NEW JERSEY

# EXHIBIT C

# MALLINCKRODT SECURITIES LITIGATION

## PROOF OF CLAIM AND RELEASE

## I. GENERAL INSTRUCTIONS

1. It is important that you completely read the Notice of Proposed Settlement of Class Action ("Notice") that accompanies this Proof of Claim and Release ("Claim Form") including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice is also available on the Settlement website at: www.MallinckrodtContinentalSecuritiesSettlement.com. The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2. To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of the action entitled *Continental General Insurance Co. v. Olafsson et al.,* No. 3:23-cv-03662-ZNQ-JBD (D.N.J.) (the "Action"), you must complete and, on page 6 below, sign this Claim Form, and return this Claim Form as specified below. If you fail to submit a timely and properly addressed (as explained in paragraph 4 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

3. Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement of the Action. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation approved by the Court.

4. YOU MUST SUBMIT YOUR COMPLETED PROOF OF CLAIM FORM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, SO THAT IT IS POSTMARKED OR RECEIVED BY THE CLAIMS ADMINISTRATOR (IF SUBMITTED ONLINE) ON OR BEFORE **DECEMBER 10, 2025**, ADDRESSED AS FOLLOWS:

Mallinckrodt Securities Litigation
c/o Claims Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
Toll-free: 1-844-921-4200
www.MallinckrodtContinentalSecuritiesSettlement.com

5. If you are a member of the Settlement Class (as defined in the Notice) and you do not timely request exclusion in response to the Notice dated **June 18, 2025,** you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

## II. CLAIMANT IDENTIFICATION

1. By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice. If you are not a Settlement Class Member (see the definition of the Settlement Class on page 4 of the Notice), do not submit a Claim Form. **You may not, directly or indirectly, participate in the Settlement if you are not a Settlement Class Member.** Thus, if you are excluded from the Class, any Claim Form that you submit, or that may be submitted on your behalf, will not be accepted.

2. Use **Part I** of this form entitled "Claimant Information" to identify each beneficial owner of Mallinckrodt common stock that form the basis of this claim, as well as the owner of record if different. **THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS**. If you held the Mallinckrodt common stock in your own name, you were the beneficial owner as well as the record holder. If, however, your Mallinckrodt common stock were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of those shares, but the third party was the record holder.

3. All joint owners must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III. IDENTIFICATION OF TRANSACTIONS

1. Use **Part II** of this form entitled "Schedule of Transactions" to supply all required details of your transaction(s) in Mallinckrodt common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2. On the schedule, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Mallinckrodt common stock, whether the transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

3. Copies of broker confirmations or other documentation of your transactions must be submitted with your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim. **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN MALLINCKRODT COMMON STOCK**.

4. NOTICE REGARDING INSTITUTIONAL FILERS: Representatives with authority to file on behalf of (a) accounts of multiple Settlement Class Members and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their transactions in an electronic spreadsheet format. If you are a Representative Filer, you must contact the Claims Administrator at info@MallinckrodtContinentalSecuritiesSettlement.com or visit the website at www.MallinckrodtContinentalSecuritiesSettlement.com to obtain the required file layout or visit the Settlement website to download the file. Claims which are not submitted in electronic spreadsheet format and in accordance with the Claims Administrator's instructions may be subject to rejection. All Representative Filers MUST also submit a manually signed Claim Form, as well as proof of authority to file (see Item 3 of the Claimant Identification), along with the electronic spreadsheet format. No claims submitted in electronic spreadsheet format will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

5. NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Claim Form hosted at www.MallinckrodtContinentalSecuritiesSettlement.com. If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Claim Form has been submitted. If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at 1-844-921-4200 or info@MallinckrodtContinentalSecuritiesSettlement.com. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form.

| Your Claim Form must be submitted on or before **December 10, 2025** | **PROOF OF CLAIM AND RELEASE FORM**<br>*Mallinckrodt Securities Litigation*<br>1650 Arch Street, Suite 2210<br>Philadelphia, PA 19103<br>Email: info@MallinckrodtContinentalSecuritiesSettlement.com<br>Website: www.MallinckrodtContinentalSecuritiesSettlement.com | **Mallinckrodt Common Stock** |
|---|---|---|

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

| | | |
|---|---|---|
| Beneficial Owner Name | | |
| Co-Beneficial Owner Name | | |
| Entity Name (if claimant is not an individual) | | |
| Representative or Custodian Name (if different from Beneficial Owner(s) listed above) | | |
| Address 1 (Street Name and Number) | | |
| Address 2 (Apartment, unit, or box number) | | |
| City | State | ZIP |
| Foreign Province | Foreign Country | Postal Code |
| Telephone Number (cell or home) | Telephone Number (work) | |
| Email Address | | |
| Account Number (if filing for multiple accounts, file a separate Claim Form for each unique account type) | | |
| Last four digits of Social Security Number (individuals) | OR | Taxpayer Identification Number (estates, trusts, corporations, etc.) |

Claimant Account Type (check appropriate box):

☐ Individual / Joint ☐ Pension Plan ☐ Trust
☐ Corporation ☐ Estate
☐ IRA/401K ☐ Other ____________________ (please specify)

## PART II – SCHEDULE OF TRANSACTIONS

**Do not** include information regarding any securities other than Mallinckrodt Common Stock.
(Ticker: MNKPF, MNK, MNKTQ; CUSIP: G5890A102)

### TRANSACTIONS

**1. HOLDINGS AS OF JUNE 17, 2022** — **TOTAL NUMBER OF SHARES**

State the total number of Mallinckrodt shares held at the opening of trading on June 17, 2022. (Must be documented.)

- If none, write "zero" or "0."
- If short, write the total number of shares as a negative number.

**2. PURCHASES/ACQUISITIONS FROM JUNE 17, 2022 THROUGH NOVEMBER 14, 2023**

Separately list each and every purchase or acquisition of Mallinckrodt Common Stock from June 17, 2022, through November 14, 2023, inclusive. (Must be documented.)

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased / Acquired | Purchase / Acquisition Price Per Share | Total Purchase / Acquisition Price (excluding any taxes, commissions, and fees) | Confirm Proof is Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |

**3. SALES FROM JUNE 17, 2022 THROUGH NOVEMBER 14, 2023**

Separately list each and every sale or disposition of Mallinckrodt Common Stock from June 17, 2022, through November 14, 2023, inclusive. (Must be documented.)

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold / Disposed | Sale Price Per Share | Total Sale Price (excluding any taxes, commissions, and fees) | Confirm Proof is Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |

**4. HOLDINGS AS OF NOVEMBER 14, 2023** — **TOTAL NUMBER OF SHARES**

State the total number of Mallinckrodt shares held at the close of trading on November 14, 2023. (Must be documented.)

- If none, write "zero" or "0."
- If short, write the total number of shares as a negative number.

**IF YOU REQUIRE ADDITIONAL SPACE** for the schedule above, attach extra schedules in the same format. Print the beneficial owner's full name and last four digits of social security/taxpayer identification number on each additional page**. If you do attach extra schedules, check this box:** ☐

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 6. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

## III. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

By signing and submitting this Claim Form, the claimant(s) or the person(s) acting on behalf of the claimant(s) certify(ies) that: I (We) submit this Claim Form under the terms of the Stipulation described in the accompanying Notice. I (We) also submit to the jurisdiction of the United States District Court for the District of New Jersey (the "Court") with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that I (we) will be bound by the terms of any judgment entered in connection with the Settlement in the Action, including the releases set forth therein. I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in eligible Mallinckrodt Common Stock, if required to do so. I (We) have not submitted any other claim covering the same transactions in Mallinckrodt Common Stock during the Settlement Class Period and know of no other person having done so on my (our) behalf.

## IV. RELEASES, WARRANTIES, AND CERTIFICATION

1. I (We) hereby warrant and represent that I am (we are) a Settlement Class Member as defined in the Notice, that I am (we are) not excluded from the Settlement Class, that I am (we are) not one of the "Released Persons" as defined below.

2. As a Settlement Class Member, I (we) hereby acknowledge, on behalf of myself (ourselves) and each of my (our) heirs, executors, trustees, administrators, predecessors, successors, and assigns, full and complete satisfaction of, and do hereby fully, finally, and forever waive, settle, release, relinquish, discharge, and dismiss with prejudice the Released Claims (as defined below) as to each and all of the Released Persons. I (we) further acknowledge that I (we), and each of my (our) heirs, executors, trustees, administrators, predecessors, successors, agents, and assigns, shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Released Persons.

3. "Released Persons" means each and all of Defendants and Mallinckrodt and each and all of their attorneys, accountants, investment bankers, underwriters, insurers, or reinsurers in their capacities as such, as well as each of the immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns.

4. "Released Claims" means any and all claims, suits, actions, appeals, causes of action, damages (including, without limitation, compensatory, punitive, exemplary, rescissory, direct, consequential, or special damages, and restitution and disgorgement), demands, rights, debts, penalties, costs, expenses, fees, injunctive relief, attorneys' fees, expert or consulting fees, prejudgment interest, indemnities, duties, liabilities, losses, or obligations of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, fixed or contingent, direct or indirect, anticipated or unanticipated, whether legal, contractual, rescissory, statutory, or equitable in nature, arising under federal, state, local, statutory, or common law, or any other law, rule, or regulation that have been or could have been asserted in any forum by the members of the Settlement Class, or the successors or assigns of any of them, in any capacity, against Defendants and Mallinckrodt, and Defendants' and Mallinckrodt's attorneys, accountants, investment bankers, underwriters, insurers, or reinsurers in their capacities as such, as well as each of the immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns, arising out of, based upon or related in any way to the purchase, acquisition, sale, or ownership of Mallinckrodt Common Stock during the Settlement Class Period, including without limitation any claims related to the allegations, transactions, facts, events, matters, occurrences, acts, representations, or omissions involved, set forth , referred to, or that could have been asserted in the Litigation, and any for negligence, gross negligence, breach of duty of candor, fraud, or negligent misrepresentation, except for any claims relating to the enforcement of the Settlement. For the avoidance of doubt, the Settlement does not release the claims raised in *Alta Fundamental Advisors LLC v. Bisaro*, No. 3:24-cv-09245 (D.N.J. Sept. 17, 2024). Nothing in this paragraph shall affect any claims, demands, rights, or causes of action and liabilities: (a) between or among Defendants; or (b) between Defendants and their insurers.

5. "Unknown Claims" means (i) any Released Claims which Plaintiffs or any Settlement Class Member do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons, which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Settlement Class; and (ii) any Defendants' Claims that any Defendant does not know or suspect to exist in his, her or its favor at the time of the release of Plaintiffs, the Settlement Class Members, and Plaintiffs' counsel, which, if known by him, her or it might have affected his, her or its settlement with and release of Plaintiffs, the Settlement Class Members, and Plaintiffs' counsel, or might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Released Claims and Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall

have, expressly waived any and all provisions, rights, and benefits conferred by California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall fully, finally, and forever expressly waive, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. Plaintiffs, Defendants and the Settlement Class Members acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims or Defendants' Claims, but Plaintiffs shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, compromised, settled, discharged, extinguished, and released, any and all Released Claims against the Released Persons, and Defendants shall expressly, fully, finally, and forever settle and release any and all Defendants' Claims, in each case whether known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, disclosed or undisclosed, matured or unmatured, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which these releases are a part.

6. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

7. I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions and sales of Mallinckrodt Common Stock that occurred during the Settlement Class Period and the number of shares of Mallinckrodt Common Stock held by me (us), to the extent requested.

8. I (We) certify that I am (we are) NOT subject to backup tax withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

☐ Check this box if you are subject to backup withholding.

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Claim Form by the undersigned is true and correct.

Executed this _____ day of __________________, in ______________, ____________________
(Month / Year) (City) (State/Country)

____________________________________
Signature of Claimant

____________________________________
Signature of Joint Claimant, if any

____________________________________
Print Name of Claimant

____________________________________
Print Name of Joint Claimant, if any

____________________________________
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor or Administrator)

ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.

**REMINDER CHECKLIST:**

1. Please sign this Claim Form.
2. If this claim is being made on behalf of Joint Claimants, then both must sign.
3. DO NOT HIGHLIGHT THE CLAIM FORM OR YOUR SUPPORTING DOCUMENTATION.
4. Attach only copies of supporting documentation as these documents will not be returned to you.
5. Keep a copy of your Claim Form and supporting documents for your records.
6. If you desire an acknowledgment of receipt of your Claim Form, please send it Certified Mail, Return Receipt Requested.
7. If you move after submitting this Claim Form please notify the Claims Administrator of the change in your address, otherwise you may not receive additional notices or payment.

*Mallinckrodt Securities Litigation*
c/o Claims Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

# EXHIBIT D

Boost the trust and credibility of your next press release. Get CLEAR Verified by GlobeNewswire

## Release Distribution Confirmation

**Pomerantz LLP Announces Notice of Pendency and Proposed Settlement of Class Action and Final Approval Hearing**

*Cross time: **07/02/25 10:00 AM ET: Eastern Time** - View release on GlobeNewswire.com*

This email message serves as a formal confirmation that your release was transmitted on GlobeNewswire's distribution network as requested, including any fax or email broadcasts.

If you have any questions, comments or concerns, please reply to this message, contact your account manager, or call our Customer Service Center at 800-307-6627, or 310-642-6930

This message was distributed by GlobeNewswire.

2321 Rosecrans Ave. Ste 2200, El Segundo, CA, 90245, USA. +1-800-307-6627. www.globenewswire.com

You received this email because you have an account with GlobeNewswire.

If you have any questions, please send an email to support@globenewswire.com or Contact Us

# Pomerantz LLP Announces Notice of Pendency and Proposed Settlement of Class Action and Final Approval Hearing

July 02, 2025 10:00 ET | Source: Pomerantz LLP

NEW YORK, July 02, 2025 (GLOBE NEWSWIRE) --

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND FINAL APPROVAL HEARING**

**To: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE PUBLICLY TRADED SECURITIES OF MALLINCKRODT PLC (“MALLINCKRODT”) BETWEEN JUNE 17, 2022, AND AUGUST 25, 2023, BOTH DATES INCLUSIVE**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the District of New Jersey that a hearing will be held on October 9, 2025, at 12:30 p.m. EDT before the Honorable Zahid N. Quraishi, United States District Judge of the District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, Courtroom 4W, 402 East State Street Room 2020, Trenton, N.J. 08608, for the purpose of determining: (1) whether the proposed Settlement of the claims in the above-captioned Action for consideration including the sum of $5,500,000.00 should be approved by the Court as fair, reasonable, and adequate; (2) whether the proposed plan to distribute the Settlement proceeds is fair, reasonable, and adequate; (3) whether the application of Lead Counsel for an award of attorneys' fees, reimbursement of expenses, and Compensatory Awards to Lead Plaintiffs should be approved; and (4) whether this Action should be dismissed with prejudice as set forth in the Stipulation of Settlement dated May 23, 2025 ("Stipulation").

If you purchased or otherwise acquired Mallinckrodt between June 17, 2022, and August 25, 2023, both dates inclusive ("Settlement Class Period"), your rights may be affected by this Settlement, including the release and extinguishment of claims you may possess relating to your ownership interest in Mallinckrodt common stock. If you have not received a detailed Notice of Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release Form ("Proof of Claim"), you may obtain copies by contacting the Claims Administrator at: Mallinckrodt Securities Litigation, c/o Class Member Correspondence: Mallinckrodt Securities Litigation, c/o Claims Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103, or email: info@MallinckrodtContinentalSecuritiesSettlement.com. You can also download copies of the Long Notice and submit your Proof of Claim online at www.MallinckrodtContinentalSecuritiesSettlement.com. If you are a member of the Settlement Class, in order to share in the distribution of the Net Settlement Fund, you must submit a properly completed Proof of Claim electronically or postmarked no later than 11:59 ET on October 16, 2025, or electronically no later than 11:59 p.m. EST on October 16, 2025 to the Claims Administrator, establishing that you are entitled to recovery.

If you desire to be excluded from the Settlement Class, you must submit to the Claims Administrator a request for exclusion so that it is received or postmarked no later than September 18, 2025, in the manner and form explained in the Notice. Unless you submit a written exclusion request, you will be bound by any judgment rendered in the Action whether or not you make a claim.

Any objection to the Settlement, Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of expenses and awards to Lead Plaintiffs must be in the manner and form explained in the detailed Long Notice and filed with the Court on or before September 18, 2025. Please also provide copies of objections to Lead Counsel and Counsel for Defendants listed below. If you have any questions about the Settlement, you may call or write to Lead Counsel listed below.

| **Clerk of the Court** | **Lead Counsel** | **Counsel For Defendants** |
|---|---|---|
| Clarkson S. Fisher Building & U.S. Courthouse<br>402 East State Street<br>Room 2020<br>Trenton, NJ 08608 | Brian Calandra<br>POMERANTZ LLP<br>600 Third Avenue, Floor 20<br>New York, New York 10016<br>Telephone: (212) 661-1100<br>Email:<br>bcalandra@pomlaw.com | Allison M. Wuertz<br>William M. Regan<br>Jacey L. Gottlieb<br>390 Madison Avenue<br>New York, New York 10017<br>Telephone: (212) 918-3000<br>Email:<br>allison.wuertz@hoganlovells.com<br>william.regan@hoganlovells.com<br>jacey.gottlieb@hoganlovells.com |

**DO NOT TELEPHONE THE DEFENDANTS, THE COURT, OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIMS PROCESS.**

SOURCE: Pomerantz LLP

# EXHIBIT E

**BIG CAP GROWTH ETF (SPYG) VS SMALL CAP GROWTH ETF (SLYG)**

| | | | |
|---|---|---|---|
| Apple Inc (AAPL) | 12.63% | NeoGenomics Inc (NEO) | 1.35% |
| Microsoft Corp (MSFT) | 10.02% | Cleveland-Cliffs Inc (CLF) | 1.31% |
| Amazon.com Inc (AMZN) | 8.27% | Yeti Holdings Inc (YETI) | 1.16% |
| Facebook Inc Cl A (FB) | 3.91% | Omnicell Inc (OMCL) | 1.14% |
| Tesla Inc (TSLA) | 3.19% | Brooks Automation (BRKS) | 1.13% |



**GROWTH ETF (IUSG) VS VALUE ETF (IUSV)**

| | | | |
|---|---|---|---|
| Apple Inc (AAPL) | 11.88% | Berkshire Hathaway (BRKB) | 2.84% |
| Microsoft Corp (MSFT) | 9.42% | J P Morgan Chase (JPM) | 2.43% |
| Amazon.com Inc (AMZN) | 7.78% | Walt Disney Company (DIS) | 2.06% |
| Facebook Inc Cl A (FB) | 3.68% | Johnson & Johnson (JNJ) | 1.56% |
| Tesla Inc (TSLA) | 3.00% | Verizon Communications (VZ) | 1.53% |



## Top Growth Funds

Last 3 months (all total returns)

| Mutual Fund | Performance % Change Last 3 Mo | Rating 36 mos | $ Net Assets |
|---|---|---|---|
| ProFunds:Semiconduct | +48 | A+ | 238.60 mil |
| Virtus:Zeven Inn GrSt | +23 | A+ | 317.20 mil |
| Morg Stan I:Growth | +23 | A+ | 2 bil |
| Transam:Cap Growth | +23 | A+ | 421.10 mil |
| Value Line Lg Co Fc | +22 | A+ | 328.80 mil |
| Morg Stan I:Disc | +22 | A+ | 412.30 mil |
| Rydex:NASDAQ 2x | +21 | A+ | 593.80 mil |
| ProFunds:UltraNASDAQ | +21 | A+ | 849.60 mil |
| Alger II:Spectra | +21 | A+ | 1.185 bil |
| Alger Inst:Cap App | +21 | A+ | 951.40 mil |
| Alger:Capital Apprec | +21 | A+ | 879.00 mil |
| Lord Abbett Gro Opp | +20 | A- | 341.10 mil |
| Morg Stan Insight | +19 | A+ | 723.40 mil |
| Touchstone:Sel Gro | +19 | A+ | 583.60 mil |
| BlackRock:Tech Oppt | +19 | A+ | 2.745 bil |
| Columbia:Sel MCG | +18 | A+ | 720.00 mil |
| Marsico Inv Fd:Glbl | +18 | A+ | 200.20 mil |
| Marsico Inv Fd:MCGF | +18 | A+ | 330.70 mil |
| Baron Opportunity | +18 | A+ | 725.50 mil |
| Fidelity Trend | +18 | A+ | 3.444 bil |
| Fidelity Sel Defense | +17 | A+ | 1.916 bil |
| Franklin Cust:Dyna | +17 | A+ | 11.202 bil |
| TRowePrice Glbl Tech | +17 | A+ | 2.174 bil |
| Fidelity Lvrgd Co Stk | +17 | A+ | 2.012 bil |
| Baron Fifth Ave Gro | +17 | A+ | 465.30 mil |

## Top Growth Funds

Last 3 years (all total returns)

| Mutual Fund | Performance % Change YTD | Rating 3 years | $ Net Assets |
|---|---|---|---|
| ProFunds:Semiconduct | +15 | A+ | 238.60 mil |
| Rydex:NASDAQ 2x | +7 | A+ | 593.80 mil |
| ProFunds:UltraNASDAQ | +6 | A+ | 849.60 mil |
| Marsico Inv Fd:Glbl | +20 | A+ | 200.20 mil |
| Alger:Capital Apprec | +12 | A+ | 879.00 mil |
| Alger Inst:Cap App | +12 | A+ | 951.40 mil |
| Value Line Lg Co Fc | +18 | A+ | 328.80 mil |
| Virtus:Zeven Inn GrSt | +11 | A+ | 317.20 mil |
| Morg Stan I:Growth | +17 | A+ | 2 bil |
| Fidelity BlueChp G;Series | +3 | A+ | 11.928 bil |
| Loomis Sayles:Gro | +6 | A+ | 12.584 bil |
| Alger II:Spectra | +12 | A+ | 1.185 bil |
| Kinetics:Paradigm | +2 | A+ | 743.60 mil |
| Fidelity Sel Comm Serv | +14 | A+ | 1.354 bil |
| FidelityAdv Srs Gro Opp | +8 | A+ | 865.50 mil |
| Morg Stan Insight | +14 | A+ | 723.40 mil |
| Virtus:Silvant FG | +8 | A+ | 770.10 mil |
| Fidelity Trend | +6 | A+ | 3.444 bil |
| Transam:Cap Growth | +17 | A+ | 421.10 mil |
| Fidelity Blue Chip Gr | +3 | A+ | 54.707 bil |
| Fidelity Contrafund | +11 | A+ | 133.435 bil |
| Fidelity Sel Defense | +30 | A+ | 1.916 bil |
| Marsico Inv Fd:Foc | +7 | A+ | 771.50 mil |
| ProFunds:UltraBull | +4 | A+ | 126.40 mil |
| MassMutual S:Bl Ch | +6 | A+ | 1.185 bil |

**U.S. Stock Fund Cash Position** High (11/00) 6.2% Low (6/24) 1.42%

| | | | | | |
|---|---|---|---|---|---|
| 23-Oct | 1.94% | 24-Apr | 1.44% | 24-Oct | 1.41% |
| 23-Nov | 1.87% | 24-May | 1.47% | 24-Nov | 1.40% |
| 23-Dec | 1.64% | 24-Jun | 1.42% | 24-Dec | 1.30% |
| 24-Jan | 1.63% | 24-Jul | 1.46% | 25-Jan | 1.39% |
| 24-Feb | 1.54% | 24-Aug | 1.47% | 25-Feb | 1.51% |
| 24-Mar | 1.53% | 24-Sep | 1.45% | 25-Mar | 1.53% |

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND FINAL APPROVAL HEARING**

**To: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE PUBLICLY TRADED SECURITIES OF MALLINCKRODT PLC ("MALLINCKRODT") BETWEEN JUNE 17, 2022, AND AUGUST 25,2023, BOTH DATES INCLUSIVE**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the District of New Jersey that a hearing will be held on October 9, 2025, at 12:30 p.m. EDT before the Honorable Zahid N. Quraishi, United States District Judge of the District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, Courtroom 4W, 402 East State Street Room 2020, Trenton, N.J. 08608, for the purpose of determining: (1) whether the proposed Settlement of the claims in the above-captioned Action for consideration including the sum of $5,500,000.00 should be approved by the Court as fair, reasonable, and adequate; (2) whether the proposed plan to distribute the Settlement proceeds is fair, reasonable, and adequate; (3) whether the application of Lead Counsel for an award of attorneys' fees, reimbursement of expenses, and Compensatory Awards to Lead Plaintiffs should be approved; and (4) whether this Action should be dismissed with prejudice as set forth in the Stipulation of Settlement dated May 23, 2025 ("Stipulation").

If you purchased or otherwise acquired Mallinckrodt between June 17, 2022, and August 25, 2023, both dates inclusive ("Settlement Class Period"), your rights may be affected by this Settlement, including the release and extinguishment of claims you may possess relating to your ownership interest in Mallinckrodt common stock. If you have not received a detailed Notice of Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release Form ("Proof of Claim"), you may obtain copies by contacting the Claims Administrator at: Mallinckrodt Securities Litigation, c/o Class Member Correspondence: Mallinckrodt Securities Litigation, c/o Claims Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103, or email: info@MallinckrodtContinentalSecuritiesSettlement.com. You can also download copies of the Long Notice and submit your Proof of Claim online at www.MallinckrodtContinentalSecuritiesSettlement.com. If you are a member of the Settlement Class, in order to share in the distribution of the Net Settlement Fund, you must submit a properly completed Proof of Claim electronically or postmarked no later than 11:59 p.m. EDT on October 16, 2025, or electronically no later than 11:59 p.m. EDT on October 16, 2025 to the Claims Administrator, establishing that you are entitled to recovery.

If you desire to be excluded from the Settlement Class, you must submit to the Claims Administrator a request for exclusion so that it is received or postmarked no later than September 18, 2025, in the manner and form explained in the Notice. Unless you submit a written exclusion request, you will be bound by any judgment rendered in the Action whether or not you make a claim.

Any objection to the Settlement, Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of expenses and awards to Lead Plaintiffs must be in the manner and form explained in the detailed Long Notice and filed with the Court on or before September 18, 2025. Please also provide copies of objections to Lead Counsel and Counsel for Defendants listed below. If you have any questions about the Settlement, you may call or write to Lead Counsel listed below.

| Clerk of the Court | Lead Counsel | Counsel For Defendants |
|---|---|---|
| Clarkson S. Fisher Building & U.S. Courthouse<br>402 East State Street Room 2020<br>Trenton, NJ 08608 | Brian Calandra<br>POMERANTZ LLP<br>600 Third Avenue, Floor 20<br>New York, New York 10016<br>Telephone: (212) 661-1100<br>Email: bcalandra@pomlaw.com | Allison M. Wuertz<br>William M. Regan<br>Jacey L. Gottlieb<br>390 Madison Avenue<br>New York, New York 10017<br>Telephone: (212) 918-3000<br>Email: allison.wuertz@hoganlovells.com<br>william.regan@hoganlovells.com<br>jacey.gottlieb@hoganlovells.com |

**DO NOT TELEPHONE THE DEFENDANTS, THE COURT, OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIMS PROCESS.**

**LEGAL NOTICE**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

IN RE SILVERGATE CAPITAL CORPORATION SECURITIES LITIGATION

Case No. 3:22-cv-01936-JES-MSB

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT OF CLASS ACTION; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TO:** (a) All persons and entities who purchased or otherwise acquired the publicly traded common stock of Silvergate Capital Corporation ("Silvergate Capital") from November 7, 2019 through March 21, 2023, inclusive (the "Class Period"), and were damaged thereby; and (b) all persons and entities who purchased Silvergate Capital securities in and/or traceable to any of Silvergate Capital's securities offerings during 2021 and were damaged thereby (collectively, the "Settlement Class").[1]

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the U.S. District Court for the Southern District of California (the "Court"), that the above-captioned securities class action (the "Action") is pending in the Court.

YOU ARE ALSO NOTIFIED that Plaintiffs in the Action have reached a proposed settlement of the Action for $37,500,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on **September 3, 2025 at 9:00 a.m.**, before the Honorable James E. Simmons, Jr. either in person at the U.S. District Court for the Southern District of California, Edward J. Schwartz United States Courthouse, Courtroom 4B, 221 West Broadway, San Diego, CA 92101, or by telephone or videoconference, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether, for purposes of the proposed Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Plaintiffs should be certified as Class Representatives for the Settlement Class, and Lead Counsel should be appointed as Class Counsel for the Settlement Class; (iii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated May 9, 2025 (and in the Notice) should be granted; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (v) whether Lead Counsel's application for an award of attorneys' fees and Litigation Expenses should be approved; and (vi) any other matters that may properly be brought before the Court in connection with the Settlement.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to a payment from the Settlement.** If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *Silvergate Securities Litigation*, c/o JND Legal Administration, P.O. Box 91072; Seattle, WA 98111; or info@SilvergateSecuritiesLitigation.com. Copies of the Notice and Claim Form can also be downloaded from the Settlement website, www.SilvergateSecuritiesLitigation.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment from the Settlement, you must submit a Claim Form ***postmarked* (or submitted online) no later than October 21, 2025**. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to receive a payment from the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is ***received* no later than August 13, 2025**, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to receive a payment from the Settlement. Excluding yourself is the only option that may allow you to be part of any other current or future lawsuit against Defendants or any of the other released parties concerning the claims being resolved by the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are ***received* no later than August 13, 2025**, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Defendants, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel.**

Requests for the Notice and Claim Form should be made to:

*Silvergate Securities Litigation*
c/o JND Legal Administration
P.O. Box 91072
Seattle, WA 98111
866-287-0746

info@SilvergateSecuritiesLitigation.com
www.SilvergateSecuritiesLitigation.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

Cohen Milstein Sellers & Toll PLLC
Attn: Carol V. Gilden
200 S. Wacker Drive, Suite 2375
Chicago, IL 60606
Tel.: (312) 629-3737
Email: cgilden@cohenmilstein.com

Bernstein Litowitz Berger & Grossmann LLP
Attn: Jonathan D. Uslaner
2121 Avenue of the Stars
Los Angeles, CA 90067
Tel.: (310) 819-3481
Email: settlements@blbglaw.com

By Order of the Court

[1] Certain persons and entities are excluded from the Settlement Class by definition as set forth in the full Notice of (I) Pendency of Class Action and Proposed Settlement of Class Action; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice"), available at www.SilvergateSecuritiesLitigation.com.

www.SilvergateSecuritiesLitigation.com 866-287-0746

©2025 Investor's Business Daily, LLC. All rights reserved.