# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CONTINENTAL GENERAL INSURANCE COMPANY and PERCY ROCKDALE, LLC, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SIGURDUR OLAFSSON, BRYAN M. REASONS, and PAUL BISARO,<br><br>Defendants. | Case No. 3:23-cv-03662-ZNQ-JBD |

**DECLARATION OF MICHAEL GORZYNSKI IN SUPPORT OF LEAD PLAINTIFF CONTINENTAL GENERAL INSURANCE COMPANY'S MOTIONS FOR (1) FINAL APPROVAL OF PROPOSED SETTLEMENT; AND (2) AWARD OF ATTORNEYS' FEES AND EXPENSES, AND <u>AWARDS FOR PLAINTIFFS</u>**

I, Michael Gorzynski, declare and state, under penalty of perjury, that the following is true and correct to the best of my knowledge, information, and belief:

1.      I, Michael Gorzynski, as Executive Chairman of Continental General Insurance Company ("CGIC"), respectfully submit this declaration in support of (i) final approval of the proposed settlement in the action styled *Continental General Insurance Company et al. v. Olafson et al.*, Civil Action No. 3:23-cv-03662-ZNQ-JBD (D.N.J.) (the "Action"), including the plan of allocation, (ii) Lead Counsels' request for attorneys' fees and reimbursement of expense, and (iii) CGIC's application for a compensatory award of $10,000.[1]

2.      I, Michael Gorzynski, as Executive Chairman of CGIC, am authorized to make this declaration on behalf of CGIC.

3.      CGIC has been involved in this action since we authorized filing the initial complaint on July 7, 2023. Dkt. No. 1. CGIC was appointed a Co-Lead Plaintiff on September 20, 2023. Dkt. No. 11

4.      Throughout the litigation, in fulfillment of the CGIC's responsibilities as a Co-Lead Plaintiff, representatives of CGIC have been in regular contact with, and received periodic status reports from, Pomerantz LLP and DJS Law Group on

---

[1] All capitalized terms that are not otherwise defined herein have the meanings provided in the Stipulation of Settlement, dated May 27, 2025 ("Stipulation") (Dkt. No. 46-3). Unless indicated otherwise, "Dkt. No." references herein are to the *Continental General Insurance Company et al. v. Olafson et al.*, No. 3:23-cv-03662-ZNQ-JBD (D.N.J.), docket.

case developments. CGIC has participated in discussions concerning the prosecution of the action, the strengths of and risks of the claims, and potential settlement. In particular, throughout the course of this action, CGIC: (a) communicated with Pomerantz LLP and DJS Law Group regarding the posture and progress of the case; (b) compiled its trading data and completed our certifications in connection with our motion to be appointed Lead Plaintiff; (c) reviewed all of the significant pleadings filed in the Action; (d) consulted with counsel regarding the settlement negotiations and mediation; and (e) evaluated and approved the proposed Settlement. To the best of my knowledge, CGIC representatives have spent a total of at least 15 hours carrying out the above-referenced activities and overseeing the prosecution of this Action.

5.      CGIC fully supports the Settlement Amount of $5.5 million. This is an excellent result achieved by counsel, when considering the strengths and weaknesses of the claims and the risks and considerable costs in time and expenses if the Action were to continue.

6.      Representatives of CGIC devoted significant time representing the Settlement Class in its capacity as a Co-Lead Plaintiff in this Action, which was time that those representatives otherwise would have spent on other activities, including managing CGIC's investments, and thus, represented a cost to CGIC. It is our belief that this request for reimbursement is fair and reasonable and that the time and effort

we devoted to this litigation was necessary to help achieve an excellent result for the Settlement Class.

7.     CGIC support the requested award of attorneys' fees in the amount of up to thirty-three and 1/3 percent (33.33%) of the Settlement Amount. This requested fee is reasonable in light of the expertise of legal counsel, the amount of work that they performed towards successful resolution of the Action against Defendants, the complexity of prosecuting the Action, the large out-of-pocket expenses that they incurred, and the fact that the case has been pursued at enormous risk with no guarantee of recovery.

8.     CGIC also supports reimbursement of attorneys' expenses as requested, as we believe these expenses to have been reasonably incurred by legal counsel in the course of prosecuting the Action on the Settlement Class's behalf.

9.     In sum, CGIC respectfully requests that the Court approve the Settlement, grant a compensatory award of $10,000 to CGIC in light of the time and effort expended in pursuing the Action, and approve the attorneys' fee request of up to thirty-three and 1/3 percent (33.33%) of the Settlement Amount and full reimbursement of legal expenses.

3

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 22____, 2025

Signed by:

Michael Gorzynski

DA00988658FC401...

Michael Gorzynski

4