# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CONTINENTAL GENERAL INSURANCE COMPANY and PERCY ROCKDALE, LLC, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>        v.<br><br>SIGURDUR OLAFSSON, BRYAN M. REASONS, and PAUL BISARO,<br><br>        Defendants. | Case No. 3:23-cv-03662-ZNQ-JBD |

**PLAINTIFFS' REPLY MEMORANDUM OF LAW
IN SUPPORT OF THEIR (1) UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT AND (2) UNOPPOSED
MOTION FOR ATTORNEYS' FEES AND EXPENSES AND AWARDS
<u>FOR PLAINTIFFS</u>**

# **TABLE OF CONTENTS**

**Page(s)**

I.    THE LACK OF OBJECTIONS TO THE PROPOSED SETTLEMENT STRONGLY SUPPORTS FINAL APPROVAL, ATTORNEYS' FEES AND AWARD..................................................................................................2

II.   THE LACK OF EXCLUSIONS STRONGLY SUPPORTS FINAL APPROVAL, ATTORNEYS' FEES AND AWARD....................................3

III.  CONCLUSION.......................................................................................4

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*City of Detroit v. Grinnell Corp.*,
495 F.2d 448 (2d Cir. 1974) ...............................................................................2

*Girsh v. Jepson*,
521 F.2d 153 (3d Cir. 1975) ...............................................................................2

*In re Datatec Sys., Inc. Sec. Litig.*,
No. 04-CV-525 (GEB), 2007 WL 4225828 (D.N.J. Nov. 28, 2007) ...................3

*In re Innocoll Holdings Pub. Ltd. Co. Sec. Litig.*,
No. CV 17-341, 2022 WL 16533571 (E.D. Pa. Oct. 28, 2022) ..........................4

*In re Ravisent Techs., Inc. Sec. Litig.*,
No. CIV.A.00-CV-1014, 2005 WL 906361 (E.D. Pa. Apr. 18,
2005) ....................................................................................................................4

*In re Schering-Plough Corp. Enhance ERISA Litig.*,
No. CIV.A. 08-1432 DMC, 2012 WL 1964451 (D.N.J. May 31,
2012) ....................................................................................................................3

*In re Valeant Pharms. Int'l, Inc. Sec. Litig.*,
2020 WL 3166456 (D.N.J. June 15, 2020).........................................................3

*In re Valeant Pharms. Int'l, Inc. Sec. Litig.*,
2021 WL 358611 (D.N.J. Feb. 1, 2021) ..............................................................3

*In re Warfarin Sodium Antitrust Litig.*,
391 F.3d 516 (3d Cir. 2004) ...............................................................................3

*TIAA v. Valeant Pharms. Int'l, Inc.*,
2021 WL 6881210 (3d Cir. Dec. 20, 2021).........................................................3

**Rules**

Fed. R. Civ. P. 23(e).............................................................................................1

Co-Lead Plaintiffs Continental General Insurance Company and Percy Rockdale, LLC (collectively, "Plaintiffs"), respectfully submit this Reply Memorandum of Law in support of their unopposed motions for (1) Final Approval of Class Action Settlement pursuant to Fed. R. Civ. P. 23(e) ("Final Approval Motion") (ECF No. 50) and (2) Award of Attorneys' Fees and Expenses and Awards for Plaintiffs (ECF No. 52) ("Fee Motion").

This Reply is supported by the Supplemental Declaration of Dawn M. Cody Regarding (A) Mailing and Emailing of Notice; and (B) Report on Requests for Exclusion and Objections, and (C) Claims Received to Date ("Suppl. Mailing Declaration"), attached as Exhibit A to the Declaration of Brian Calandra in Further Support of Plaintiffs' Final Approval and Fee Motions ("Calandra Declaration"), submitted herewith.

The Court ordered a deadline of November 12, 2025, for Class Members[1] to object to the fairness, reasonableness, or adequacy of the Settlement, plan of allocation, proposed attorneys' fees and expenses, or proposed compensatory awards to Plaintiffs. As of this filing, after mailing or emailing over 14,396 Postcard Notices to potential Class Members, no Class Members have objected to any aspect of the Settlement or proposed awards or requested exclusion. Accordingly, the uniform

---

[1] All capitalized terms not otherwise defined herein are defined in the Stipulation of Settlement, dated May 27, 2025 ("Stipulation") (Dkt. No. 46-3), preliminarily approved by this Court on May 28, 2025 (Dkt. No. 47).

reaction of the Class Members to the proposed Settlement, plan of allocation, proposed attorneys' fees and expenses, and proposed compensatory awards to Plaintiffs strongly supports entering the Proposed Order of Final Judgment.[2]

## I. THE LACK OF OBJECTIONS TO THE PROPOSED SETTLEMENT STRONGLY SUPPORTS FINAL APPROVAL, ATTORNEYS' FEES AND AWARD

The reaction of the class to the proposed settlement is an important factor in evaluating the fairness of the settlement. *See, e.g., Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975) (citing *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974)). Here, after completing a robust notice program that included mailing or emailing 14,396 Postcard Notices or links to the Long Notice and Proof of Claim to potential Class Members and nominees, publishing summary notice twice on widely-distributed, business-oriented newswires, and hosting a comprehensive settlement website containing all notice and settlement-related materials, no Class Member has raised any objection to any portion of the Settlement, the Plan of Allocation, request for an award of attorneys' fees and expenses, or the request for compensatory awards to Plaintiffs. *See* Suppl. Mailing Decl. at ¶11.

---

[2] Attached as Exhibit 2 to the Calandra Declaration is a Proposed Order for final approval of the Settlement ("Proposed Order and Final Judgment"), in substantially the same form as the proposed order previously submitted to the Court. ECF No. 46-3.

"No objections . . . militates strongly in favor" of settlement with "nearly dispositive weight." *In re Schering-Plough Corp. Enhance ERISA Litig.*, No. CIV.A. 08-1432 DMC, 2012 WL 1964451, at *4 (D.N.J. May 31, 2012); *see also In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 535 (3d Cir. 2004); (finding presumption of fairness even where "a small fraction of the purported class" objected); *In re Datatec Sys., Inc. Sec. Litig.*, No. 04-CV-525 (GEB), 2007 WL 4225828, at *7 (D.N.J. Nov. 28, 2007) (no objections to settlement or fees "weighs strongly in favor of approval of the fee request"); *In re Valeant Pharms. Int'l, Inc. Sec. Litig.*, 2020 WL 3166456, at *7 (D.N.J. June 15, 2020), *report and recommendation adopted*, 2021 WL 358611 (D.N.J. Feb. 1, 2021), *aff'd in part, appeal dismissed in part sub nom. TIAA v. Valeant Pharms. Int'l, Inc.*, 2021 WL 6881210 (3d Cir. Dec. 20, 2021).

Here, there are no objections to the settlement or an award of any fees or expenses to Co-Lead Counsel, a reaction that strongly favors granting both the Final Approval Motion and the Fee Motion.

## II.    THE LACK OF EXCLUSIONS STRONGLY SUPPORTS FINAL APPROVAL, ATTORNEYS' FEES AND AWARD

Although the Claims Administrator has mailed or emailed 14,396 Postcard Notices or links to the Long Notice and Proof of Claim to potential Class Members instructing them in plain terms of their right to opt out of the Settlement and the procedures for doing so, all Class Members have elected to remain in the Class. To

3

date, the Claims Administrator has received no exclusion requests. *See* Initial Mailing Decl. Ex. B (Dkt. No. 54-1 at 18–20); Suppl. Mailing Decl. at ¶ 10. That no Class Members have opted out of the settlement after mailing or emailing 14,396 notices to potential Class Members strongly supports approval. *See In re Ravisent Techs., Inc. Sec. Litig.*, No. CIV.A.00-CV-1014, 2005 WL 906361, at *7 (E.D. Pa. Apr. 18, 2005) (no requests for exclusion "weighs strongly in favor in settlement"); *In re Innocoll Holdings Pub. Ltd. Co. Sec. Litig.*, No. CV 17-341, 2022 WL 16533571, at *10 (E.D. Pa. Oct. 28, 2022) (no exclusions "weighs in favor of approving the attorneys' fees in the amount requested").

## III.   CONCLUSION

Accordingly, for the reasons stated herein, and in the Final Approval Motion and Fee Motion, the Court should enter the Proposed Final Judgment and Order of Dismissal with Prejudice, attached as Exhibit B to the Calandra Declaration.

Dated:  November 26, 2025

**POMERANTZ LLP**

By: */s/ Brian Calandra*

Brian Calandra
Jeremy A. Lieberman (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: bcalandra@pomlaw.com
            jalieberman@pomlaw.com

4

**DJS LAW GROUP**
David J. Schwartz
274 White Plains Road, Suite 1
Eastchester, New York 10709
Telephone: (914) 206-9742
david@djslawllp.com

*Counsel for Lead Plaintiffs Continental General Insurance Company and Percy Rockdale, LLC*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on November 26, 2025 I caused the foregoing Plaintiffs'

Reply Memorandum in Support of: (1) Motion for Final Approval of Class Action

Settlement and (2) Motion for Attorneys' Fees and Expenses and Awards for

Plaintiffs to be served on Defendants via CM/ECF.

DATED: November 26, 2025                  /s/                        
                                          Brian Calandra